AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Ohio

| | | |
|---|---|---|
| Zermatt Holdings, LLC<br>and<br>WFA of San Diego, LLC<br><br>*Plaintiff(s)*<br>v.<br>Martin Christopher Cooper<br>and<br>Chris Cooper & Company, Inc.<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:23-cv-01423-JJH |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Martin Christopher Cooper
c/o M. Christopher Cooper, statuory agent
5810 Southwyck Boulevard, Suite 100
Toldeo, OH 43614-1514

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Peter A. Saba
2623 Erie Ave.
Cincinnati, OH 45208

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*SANDY OPACICH, CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 3:23-cv-01423-JJH

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **ZERMATT HOLDINGS, LLC,** a North Carolina Limited Liability Company 2115 Rexford Road, Suite 311 Charlotte, NC 28222 | : : : : : : | Case No. **3:23-cv-01423-JJH** Judge Jeffrey J. Helmick |
| and | : : | |
| **WFA of SAN DIEGO, LLC,** a North Carolina Limited Liability Company 3170 Fourth Avenue, Third Floor San Diego, CA 92103 | : : : : : : | **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Plaintiffs, | : : | |
| v. | : : : | |
| **MARTIN CHRISTOPHER ("CHRIS") COOPER,** an individual 5646 Baronswood Circle Toledo, Ohio 43615-7351 | : : : : : : | |
| and | : : | |
| **CHRIS COOPER & COMPANY, INC.,** an Ohio Corporation, 5555 Airport Highway, Suite 115 Toledo, OH 43615 | : : : : : | |
| **Serve via Statutory Agent**: M. Christopher Cooper 5810 Southwyck Boulevard, Suite 100 Toledo, OH, 43614-1514 | : : : : : | |
| Defendants. | : : | |

Now comes Plaintiffs Zermatt Holdings, LLC ("Zermatt") and WFA of San Diego, LLC ("WFASD") (Zermatt and WFASD are jointly referred to as "Plaintiffs"), and for their first amended complaint against Defendants Martin Christopher "Chris" Cooper ("Cooper") and Chris

1

Cooper & Company, Inc. ("CCCI") (Cooper and CCCI are jointly referred to as "Defendants") hereby state as follows:

## SUMMARY AND NATURE OF ACTION

1. This is a claim for intentional interference with a business relationship, deceptive trade practices under Ohio Revised Code §§ 4165.02(A)(10) and 4165.03, unjust enrichment, quantum meruit and alternatively unfair competition. Zermatt is a private holding company with a portfolio of interests including but not limited to an active presence in financial services and wealth & asset management. WFASD is a subsidiary of Zermatt and is an SEC registered investment advisor, registered in several states including, but not limited to, California, North Carolina, and Ohio.

2. On January 1, 2020, Zermatt, by and through WFASD, purchased substantially all of the assets of an SEC registered investment advisor, Wheeler, Frost Associates, Inc., a California corporation ("WFA"), including but not limited to substantially all of the book of business to whom WFA provided investment advisory services.

3. The book of clients acquired by Plaintiffs from WFA included several clients that had previously been referred by CCCI to WFA for a referral fee.

4. Cooper, individually and by and through CCCI, provides various services including but not limited to elder care, tax preparation and representation and retirement planning.

5. At all times applicable, neither Cooper nor CCCI were a competitor of WFASD as, neither Cooper nor CCCI are registered with the SEC, nor any state, as an investment advisor, or an investment advisor representative. [1]

---

[1] From approximately August 9, 1999 through December 31, 2013, CCCI was registered as an investment advisor with the SEC and Cooper was registered as an investment advisor representative.

6. In satisfaction of any interest that CCCI may have had to any future revenue generated by the CCCI Referrals and to preserve Plaintiffs' unfettered right to the acquired CCCI Referrals, $369,326.00 of the purchase price paid by Plaintiffs was paid to CCCI.

7. After March 21, 2023, Cooper and CCCI have intentionally used various improper means, including, but not limited to, false misrepresentations of fact, to cause known clients of Zermatt and WFASD to terminate their business relationship with Zermatt and WFASD.

8. As a direct and proximate result of Cooper and CCCI's post March 21, 2023, deceptive trade practices and intentional interference with Plaintiff's business relationships, Plaintiffs have lost several business relationships and suffered past and future damages in excess of $1,092,000.

9. Pursuant to the equitable principles of unjust enrichment and quantum meruit, it is inequitable and unjust for CCCI to maintain the benefit of $369,326.00 while engaging in conduct damaging Plaintiffs' business relationships.

10. To the extent that either Cooper or CCCI would be found to be a competitor of WFASD, which they are not, Defendants used improper means to intentionally interfere with WFASD; and Defendants actions also constitute unfair competition under Ohio common law.

## PARTIES, JURISDICTION, AND VENUE

11. Zermatt is a North Carolina limited liability company having an office and principal place of business located at 2115 Rexford Road, Suite 311, Charlotte, NC 28222. At all times referenced herein, Zermatt had four members, with two members residing in North Carolina, one member residing in Alabama, and one member residing in Florida.

12. WFASD is a North Carolina limited liability company having an office and principal place of business located at 3170 Fourth Avenue, Third Floor, San Diego, CA 92103. Zermatt is WFASD's sole member.

13. Cooper is an individual residing at 5646 Baronswood Circle, Toledo, Ohio 43615-7351.

14. CCCI is an Ohio corporation, with its principal place of business located at 5555 Airport Highway, Suite 115, Toledo, OH 43615

15. This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse (Zermatt is a citizen of North Carolina, Alabama, or Florida; WFASD is a citizen of either California or North Carolina; Cooper and CCCI are both citizens of Ohio) and the amount in controversy exceeds $75,000.

16. This Court has personal jurisdiction over each of the Defendants as set forth in Ohio Rev. Code § 2307.382(A), because they either: transacted business in Ohio, contracted for services to be performed in Ohio and did in fact regularly transact business in Ohio; caused tortious injury to Plaintiffs in this state by an act or omission or omission in this state; caused tortious injury to Plaintiffs in this state by an act or omission outside this state and regularly does business in this state and derives substantial revenue from services rendered in this state; and/ or caused tortious injury to Plaintiffs in this state by an act outside this state committed with the purpose of injuring others along with the reasonable expectation that Plaintiffs would be injured in this state.

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) and 1391(c)(2), because a substantial part of the events and omissions giving rise to the claims occurred in this judicial district and the defendants may be sued in any judicial district in which they are subject to personal jurisdiction.

4

## ALLEGATIONS COMMON TO ALL CLAIMS

18. Plaintiffs' purchase of the assets of WFA on January 1, 2020, included, but was not limited to: i) the payment by Plaintiffs of substantial sums split among the various shareholders of WFA, including the majority shareholder of WFA, Peter R. Wheeler ("Wheeler"); and ii) execution of an employment agreement with WFASD by each of the WFA shareholders and several WFA employees, which agreements included various non-competition covenants and non-disclosure covenants.

19. Several years prior to Plaintiffs' purchase of the assets of WFA, WFA had entered into a solicitor agreement with CCCI, whereby WFA paid CCCI 50% of the fees collected from clients referred by CCCI.

20. As part of WFA and CCCI's compliance with the Investment Advisors Act of 1940 and 17 CFR 275.206(4)-1, the prior solicitor agreement was set forth in writing.

21. As of January 1, 2020, as part of the purchase of WFA's assets, any and all clients of WFA which had been referred by CCCI, the vast majority of which are located in Ohio, were transferred to Plaintiffs (the "CCCI Referrals").

22. In satisfaction of any interest that CCCI may have had to any future revenue generated by the CCCI Referrals, and to preserve Plaintiffs' unfettered right to the acquired CCCI Referrals, on or about January 1, 2020, $369,326.00 of the purchase price paid by Plaintiffs was paid to CCCI.

23. On or before January 1, 2020, WFA terminated the solicitor relationship with CCCI.

24. On or about January 1, 2023, Cooper individually and on behalf of CCCI sent letters to the CCCI Referrals (the "Disparaging Letters") with the intention that the CCCI referrals terminate their business relationship with Plaintiffs and transfer their business to Peter R. Wheeler.

25. The Disparaging Letters make various misleading, disparaging and false statements regarding the services provided by Plaintiffs and the future of Plaintiff's business, including but not limited to that: i) Plaintiffs "future vision of the business" threatens the "smooth transition" of the business and the protection of the "services" that WFA "had successfully provided for many years"; and ii) the issues with services provided by WFASD necessitated that Cooper was in the process of "moving my accounts to Pete", which has not occurred.

26. Since neither Cooper nor CCCI is a competitor of Plaintiffs, the Disparaging Letters were sent by Cooper and CCCI, solely because Cooper is a "former business contact and long-time friend of Mr. Wheeler".

27. To the extent that Cooper or CCCI have received compensation for the solicitations on behalf of Wheeler, Defendants actions constitute improper conduct in violation of Investment Advisors Act of 1940 and 17 CFR 275.206(4)-1.

28. As a direct and proximate result of the Disparaging Letters, throughout January 2023 and early February 2023 several of the CCCI referrals in Ohio transferred their accounts from WFASD to Wheeler.

29. On February 7, 2023, counsel for Plaintiffs sent a cease-and-desist letter to Cooper and CCCI including a notice to preserve all evidence.

30. On March 21, 2023, Plaintiffs agreed to release claims against Cooper, individually, as a result of those acts or omissions by Cooper which occurred on or before March 21, 2023 (but not acts or omissions occurring after March 21, 2023).

31. Plaintiffs did not release, and have not released, any claims Plaintiffs may have against CCCI.

32. Subsequent to March 21, 2023, Cooper and CCCI engaged in further contact with various CCCI Referrals (the majority of which are located in Ohio); and renewed Defendants' prior efforts to have the CCCI Referrals terminate their business relationship with Plaintiffs.

33. As a direct and proximate result of Cooper and CCCI actions after March 21, 2023, several of the CCCI Referrals have terminated their business relationship with Plaintiffs after March 21, 2023.

34. As a direct and proximate result of Cooper's and CCCI's actions after March 21, 2023, Plaintiffs have lost several business relationships and suffered past and future damages in excess of $1,092,000.

## COUNT ONE-INTENTIONAL INTERFERENCE WITH A BUSINESS RELATIONSHIP

35. Plaintiffs restate each allegation set forth above as if fully set forth herein.

36. Since on or about January 1, 2020, Plaintiffs had a business relationship with the CCCI Referrals

37. Defendants knew that Plaintiffs had a business relationship with the CCCI Referrals.

38. After March 21, 2023, Defendants, without privilege to do so and using improper means, intentionally interfered with Plaintiffs' business relationship with the CCCI Referrals causing several of the CCCI Referrals to terminate their business relationship with Plaintiffs.

39. As a direct and proximate result of Defendants intentional interference with Plaintiffs business relationships, Plaintiffs have suffered past and future damages in excess of $1,092,000.

7

## COUNT TWO – DECEPTIVE TRADE PRACTICE UNDER OHIO REVISED CODE §§4165.02(A)(10) and 4165.03

40. Plaintiffs restate each allegation set forth above as if fully set forth herein.

41. Pursuant to Ohio Revised Code §4165.02, Defendants engaged in a deceptive trade practice when, in the course of Defendants' business, Defendants, as set forth above, disparaged the services and or business of Plaintiffs by false representation of fact.

42. Pursuant to Ohio Revised Code §4165.02(B), Plaintiffs need not prove competition between Plaintiffs and Defendants.

43. Defendants restated or otherwise renewed the effect of Defendants deceptive trade practices during contact with the CCCI Referrals after March 21, 2023.

44. As a direct and proximate result of Defendants post March 21, 2023 restatement or renewal of the deceptive trade practices, Plaintiffs have lost several business relationships and suffered past and future damages in excess of $1,092,000.

45. Plaintiffs are likely to be damaged further by Defendants continued deceptive trade practices.

46. Pursuant to Ohio Revised Code §4165.03(A), Plaintiffs are entitled to the recovery of compensatory damages and an award of injunctive relief if Plaintiffs are likely to be damaged further.

47. The Defendants willfully engaged in, restated, or otherwise renewed Defendants' deceptive trade practice, knowing it to be deceptive.

48. Pursuant to Ohio Revised Code §4165.03(B), Plaintiffs are entitled to an award of attorney's fees as a result of Defendants willfully engaging, restating, or otherwise renewing a deceptive trade practice knowing it to be deceptive.

8

49. Pursuant to Ohio Revised Code §4165.03(C), Plaintiffs are entitled to the relief provided by Ohio Revised Code §4165.03, in addition to civil remedies otherwise available against the same conduct under the common law or other sections of the Revised Code.

## **COUNT THREE – UNJUST ENRICHMENT**

50. Plaintiffs restate each and every allegation set forth above as if fully rewritten herein.

51. Defendants were conferred the benefit of the payment of $369,326.00 of the purchase price paid by Plaintiffs, in satisfaction of any interest that CCCI may have had to any future revenue generated by the CCCI Referrals and to preserve Plaintiffs' unfettered right to the acquired CCCI Referrals, $369,326.00.

52. Defendants had knowledge of and received the benefit of the payment of $369,326.00 as set forth above.

53. Despite Defendants' awareness of receiving such benefit, Defendants have proceeded to intentionally engage in conduct designed to destroy Plaintiffs' relationship with the CCCI Referrals causing past and future damages in excess of $1,092,000.

54. Defendant's retention of the benefit of the payment of $369,326.00 as set forth above, while proceeding to intentionally engage in conduct designed to destroy Plaintiffs' relationship with the CCCI Referrals, would be inequitable and unjust.

## **COUNT FOUR – QUANTUM MERUIT**

55. Plaintiffs restate each and every allegation set forth above as if fully rewritten herein.

56. A $369,326.00 portion of the purchase price paid by Plaintiffs was conferred as a benefit to Defendants to satisfy any interest that CCCI may have had to any future revenue

9

generated by the CCCI Referrals and to preserve Plaintiffs' unfettered right to the acquired CCCI Referrals.

57. Such benefit was conveyed to CCCI in reliance upon the representation and promises by Defendants that Plaintiff had acquired the right to the CCCI Referrals.

58. Defendants had knowledge of and received the benefit of the $369,326.00 portion of the purchase price paid by Plaintiffs.

59. Despite Defendants awareness of receipt of the benefit of the $369,326.00 portion of the purchase price paid by Plaintiffs, Defendants have proceeded to intentionally engage in conduct designed to destroy Plaintiffs' relationship with the CCCI Referrals.

60. Defendant's retention of the benefit of the payment of $369,326.00, while not honoring Plaintiffs unfettered right to a business relationship with the CCCI Referrals, would be inequitable and unjust.

## COUNT FIVE – UNFAIR COMPETITION

61. Plaintiff restates each and every allegation set forth above as if fully rewritten herein.

62. As set forth above, Defendants engaged in the circulation of false rumors to harm the business of Plaintiffs.

63. As set forth above, Defendants engaged in the publication of false or misleading statements to harm the business of Plaintiffs.

64. As a direct and proximate result of Defendants post March 21,2023, restatement or renewal of the false rumors and published statements, Plaintiffs have lost several business relationships and suffered past and future damages in excess of $1,092,000.

10

65. To the extent Defendants are deemed to be a competitor of Plaintiffs, Defendants actions constitute unfair competition pursuant to Ohio common law.

WHEREFORE, Plaintiffs Zermatt Holdings, LLC and WFA of San Diego, LLC pray for judgment against Defendants Martin Christopher "Chris" Cooper (and Chris Cooper & Company, Inc. in the following manner:

   a. As to Count One, an award of compensatory damages in favor of Plaintiffs in an amount to be determined at trial, but in excess of $1,092,000;

   b. As to Count Two: 1) an award of compensatory damages in favor of Plaintiffs in an amount to be determined at trial, but in excess of $1,092,000; 2) preliminary and permanent injunctive relief barring Defendants from, directly or indirectly, in any manner, using any means, soliciting, encouraging or otherwise inducing any of the CCCI Referrals to terminate or alter the CCCI Referrals business relationship with Plaintiffs and 3) an award of attorneys' fees in favor of Plaintiffs pursuant to Ohio Revised Code §4165.03(B);

   c. As to Count Three, a judgment in favor of Plaintiff awarding monetary damages in an amount to be determined, but in excess of $369,326.00;

   d. As to Count Four, a judgment in favor of Plaintiff awarding monetary damages in an amount to be determined, but in excess of $369,326.00;

   e. As to Count Five: an award of compensatory damages in favor of Plaintiffs in an amount to be determined at trial, but in excess of $1,092,000;

   f. On all Claims, pre- and post-judgment interest, costs, attorneys' fees, and all other relief at law or in equity which the Court deems proper and just.

> Respectfully submitted,
>
> /s/ Peter A. Saba
> Peter A. Saba (0055535)
> Jeffrey M. Nye (0082247)
> Joshua M. Smith (0092360)
> STAGNARO, SABA
> & PATTERSON CO., L.P.A.
> 2623 Erie Avenue
> Cincinnati, Ohio 45208
> (513) 533-2701
> (513) 533-2711 (fax)
> pas@sspfirm.com
> **Attorneys for Plaintiff**

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a jury on all issues triable to a jury.

> Respectfully submitted,
>
> /s/ Peter A. Saba
> Peter A. Saba (0055535)