## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISIO

| | | |
|---|---|---|
| **ZERMATT HOLDINGS, LLC, et al.,** | : | Case No. **3:23-cv-01423-JJH** |
| | : | |
| Plaintiffs, | : | |
| | : | Judge Jeffrey J. Helmick |
| v. | : | |
| | : | |
| **MARTIN CHRISTOPHER COOPER,** | : | **PLAINTIFFS' MEMORANDUM IN** |
| **et al.,** | : | **OPPOSITION TO DEFENDANTS'** |
| | : | **MOTION TO STAY PENDING** |
| Defendants. | : | **ARBITRATION** |

Defendants Motion to Stay Pending Arbitration improperly requests that the Court apply a distorted interpretation of an unambiguous arbitration provision based upon inadmissible confidential mediation communications. Defendants are not signatories to the arbitration provision agreed to by Plaintiffs, precluding any consideration of a stay of this litigation pursuant to 9 U.S.C. §3.  Defendants also have not, and cannot, satisfy the "clear case of hardship" required to justify a discretionary stay of this litigation, particularly where the pending *post hoc* filed arbitration and the pending litigation do not involve common questions of fact within the scope of the arbitration agreement at issue and the pending arbitration does not provide or address the relief sought by Plaintiffs in this litigation. Plaintiffs' respectfully request that this Court determine that Defendants' Motion to Stay is not properly considered under 9 U.S.C. §3 and that the same is denied based upon this Court's discretionary powers.

**I.      As non-signatories to the arbitration provision, Defendants request for a stay may not be considered under §3 of the Federal Arbitration Act.**

This Court has long recognized that non-signatories to an arbitration agreement are not entitled to invoke the mandatory stay provided by §3 of the Federal Arbitration Act; and that a request for a stay by a non-signatory should not be considered under that section. *Asahi Glass Co.*

1

*v. Toledo Eng. Co.*, 262 F.Supp.2d 839, 843-844 (N.D. Ohio 2003). It is undisputed that the Defendants are not signatories to the arbitration provision in the March 21, 2023 Settlement Agreement (the "Settlement Agreement"), which precludes any consideration of Defendants request for stay under §3 of the Federal Arbitration Act.

    **II.    Defendants also have not, and cannot, satisfy the "clear case of hardship" required to justify a discretionary stay of this litigation, particularly where the pending post hoc filed arbitration and the pending litigation do not involve common questions of fact within the scope of the arbitration agreement at issue and the pending arbitration does not provide or address the relief sought by Plaintiffs in this litigation.**

"Even though a nonsignatory may not invoke § 3 in moving to stay an action pending arbitration, a district court has discretion to stay third party litigation involving common questions of fact within the scope of an arbitration agreement to which the third party is not a signatory." *Id.*, at 844. The burden for justifying a discretionary stay of the litigation is extremely high:

> "…the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

*Id.*, at 842, citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55, 81 L. Ed. 153, 57 S. Ct. 163 (1936).

This is not the "rare circumstance" that justifies a discretionary stay of this litigation.

    **A.    The plain reading of the arbitration provision not only confirms that Defendants are not a party to the arbitration provision in the Settlement Agreement, but also that the claims brought by Plaintiffs in the Ohio litigation do not fall within the scope of the arbitration provision.**

Based upon the plain and unambiguous language of the arbitration provision in the March 21, 2023 Settlement Agreement, the Defendants are not a party to the arbitration provision nor are the claims brought by Plaintiffs in the Ohio litigation subject to the arbitration provision.

Defendants' interpretation of the scope of the arbitration provision is contrary to state and federal law, and otherwise relies upon inadmissible confidential mediation communications.[1]

Defendants incorrectly assert that both Cooper and CCCI are parties to the Agreement and are covered by the arbitration provision by relying on inadmissible, non-binding, and irrelevant evidence. In using such improper evidence, Defendants attempt to mislead the Court and distort the scope of the arbitration provision to argue that Plaintiffs have agreed to some arbitration agreement with Defendants. However, such agreement does not exist.[2]

However, the law here is clear. While the Federal Arbitration Act "requires courts to enforce arbitration agreements according to their terms," *Lamps Plus, Inc. v. Varela*, 139 S.Ct. 1407, 1415, 203 L.Ed.2d 636 (2019), courts will generally "apply general state-law principles of contract interpretation to the interpretation of an arbitration agreement," *Samaan v. Gen. Dynamics Land Sys.*, 835 F.3d 593, 601 (6th Cir.2016) (internal quotations omitted). The state-law principles "instruct courts to 'enforce contract language in accordance with its plain and commonly used meaning, being careful to enforce specific and well-recognized terms.' But '[a] contract should be read as a whole instrument and with the goal of enforcing the intent of the parties.'" *Id.*, quoting *Whitehouse Condo. Grp., LLC v. Cincinnati Ins. Co.*, 569 F. App'x 413, 416 (6th Cir. 2014).

Further, the Federal Arbitration Act "makes arbitration a matter of consent, not coercion, meaning that a party must have voluntarily accepted arbitration before the opposing side can compel it." *Atricure, Inc. v. Meng*, 12 F.4th 516, 523 (6th Cir.2021) (internal quotations omitted). That means parties may "generally shape [arbitration] agreements to their liking by specifying

---

[1] For the Court's reference and to prevent repetitive briefing on the issue of Defendants' improper use of confidential mediation communications, Plaintiffs hereby incorporate the arguments made in its Motion to Strike Defendants' Motion to Stay Pending Arbitration, which is being submitted contemporaneous with this memorandum.

[2] For the Court's reference, Plaintiffs hereby incorporate the Affidavit of Louis Dworsky, which is being submitted contemporaneous to this memorandum.

with whom they will arbitrate, the issues subject to arbitration, the rules by which they will

arbitrate, and the arbitrators who will resolve their disputes. Whatever they settle on, the task for

courts and arbitrators at bottom remains the same: to give effect to the intent of the parties." *Lamps*

*Plus, Inc.*, at 1416 (internal quotations omitted).

The Agreement contains the following arbitration provision:

> 5. Governing Law and Dispute Resolution. This Agreement shall be construed in accordance with, and be deemed governed by, the laws of the State of California. **In the event of any dispute between them**, including related to a breach of this Agreement, or the October 2022 Settlement, **the Parties agree** that they will submit such dispute to the exclusive jurisdiction of Judge Frederick Link (Ret.) for resolution, with venue in San Diego, California, without prejudice to the right to seek preliminary injunctive relief in court as may be necessary and appropriate. If for any reason Judge Link is not able to serve as the arbitrator, the Parties agree to appoint an arbitrator using Judicate West, and hereby waive any right to a jury trial. In any action arising out of or related to this Agreement, or to otherwise enforce any provision in this Agreement, the prevailing party shall be entitled to its reasonable attorney's fees and costs.

(*See* Settlement Agreement ¶ 8, attached as Exhibit B to the Affidavit of Louis Dworsky). The

Agreement defines "Parties" to mean Wheeler, Zermatt, and WFASD. Neither Cooper nor CCCI

are considered "Parties" under the Agreement. The arbitration provision is expressly limited to

"any dispute between" Wheeler, Zermatt, and WFASD. The arbitration provision does not extend

to or apply to any claims between Zermatt and/or WFASD, and Cooper and or CCCI.

Additionally, Plaintiffs never agreed, nor did they ever enter into an agreement to arbitrate claims

between Plaintiffs and Defendants with either Defendant. (Affidavit of Louis Dworsky, ¶ 5).

Defendants cannot add language, reinterpret the plain language, or blue pencil the arbitration

provision to extend coverage to themselves or coerce an arbitration provision between Plaintiffs

and Defendants which simply does not exist.

**B.  Defendants improperly attempt to use inadmissible, confidential mediation communications to mislead the Court and manufacture an arbitration provision that does not exist.**

Defendants make various references to inadmissible and confidential mediation communications in an effort to distort the scope of the arbitration provision and manufacture a provision that does not exist. Contrary to Defendants efforts, the Court should not consider any of Defendants improperly cited inadmissible evidence, nor may the Court override the clear intent and plain language of the arbitration provision in the Settlement Agreement. *See United States ex rel. Paige v. BAE Sys. Technology*, 566 F.App'x 500, 503 (6th Cir.2014)(internal quotations omitted).[3] Accordingly, the claims that are pending in this litigation, and any other claims that may exist between Plaintiffs and Defendants are **not** subject to any form of arbitration agreement, including but not limited to the "scope" of the arbitration provision in the Settlement Agreement.

**C.      Defendants have provided no evidence of hardship, much less the "clear case of hardship" required to justify a discretionary stay of the proceedings pending a post hoc filed arbitration which does not provide or address the issues or relief sought by Plaintiffs in this litigation.**

Although this Court has indicated that "[a] …a stay may be appropriate where **the pending proceeding** is an arbitration in which issues involved in the case may be determined," the party requesting the stay must still demonstrate a "clear case of hardship." *See Asahi Glass Co.*, at 842 (internal quotations omitted) (emphasis added). "The movant bears a heavy burden of showing necessity for the discretionary stay, and the stay should not prejudice the non-moving litigant unduly." *Id*, at 845. A stay unduly prejudices the non-moving party if the interest of the non-moving party "cannot be protected in the arbitration, even if that proceeding is resolved entirely in [the non-moving party's] favor." *Id*., at 845. Defendants concede that their arbitration was not "pending" at the time this litigation was filed; and was only filed in conjunction with Defendants attempts to manufacture a basis to delay or impede these proceedings. The Defendants will not be

---

[3] These arguments are more fully addressed in Plaintiffs' Motion to Strike, which is being filed contemporaneous herewith and adopted herein.

prejudiced by litigating the pending claims in this forum. Any appropriate claims or defenses that the Defendants have may be readily raised.

The Plaintiffs will be unduly prejudiced by a stay of these proceedings. Plaintiffs will be prejudiced by the inability to promptly pursue Plaintiffs' claims and prevent the future and continuing loss of any additional clients.  (Affidavit of Louis Dworsky, ¶10). In addition to the threat of further damage, the California arbitration will not result in or provide the relief sought by Plaintiffs even if that proceeding is resolved entirely in Plaintiffs favor. The *post hoc* arbitration filed by Defendants is not between the same parties as this litigation. Rather, the arbitration was brought by Wheeler and Cooper as individuals (CCCI is not a party) against Zermatt and WFASD. Thus, the claims brought in this litigation are not within the scope of the arbitration provision; and the arbitration itself does not, and cannot, resolve any issues related to the claims brought by Plaintiffs against CCCI.

Furthermore, Plaintiffs would be further prejudiced by the judicial inefficiencies of trying to litigate any of Plaintiff's pending claims in a California ADR forum. As set forth in Plaintiffs' complaint, the actions and omissions giving rise to the claims in this litigation occurred in the Northern Ohio area and involve the loss of clients in and adjacent to Northern Ohio. (*See* Plaintiffs' Second Amended Complaint ¶ 33 DOC #20, PAGEID #155). Each of these former clients will be a necessary witness for this litigation.  Plaintiffs would be greatly prejudiced by the difficulty of being coerced to attempt to litigate these claims in a California ADR forum where several of the witnesses at issue are located in Northern Ohio. Thus, Defendants have failed to establish a clear case of hardship which would justify a discretionary stay in this situation. The one thing that is apparent is that Plaintiffs' will be prejudiced by any stay of this litigation.

### III.    Conclusion

For the foregoing reasons, Plaintiffs respectfully request that that Defendants' Motion to

Stay Pending Arbitration is not properly considered under 9 U.S.C. §3 and that the same is denied

based upon this Court's discretionary powers.

Respectfully submitted,

/s/ Peter A. Saba
Peter A. Saba (0055535)
Jeffrey M. Nye (0082247)
Joshua M. Smith (0092360)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2701
(513) 533-2711 (fax)
pas@sspfirm.com
**Attorneys for Plaintiffs**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 6, 2023, the undersigned filed the
foregoing using the Court's CM/ECF system, which will send notice of such filing to all parties of
record.

/s/ Peter A. Saba
Peter A. Saba (0055535)