IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ZERMATT HOLDINGS, LLC, et al.,** | : | Case No. **3:23-cv-01423-JJH** |
| | : | |
| Plaintiffs, | : | |
| | : | Judge Jeffrey J. Helmick |
| v. | : | |
| | : | |
| **COOPER, et al.,** | : | **AFFIDAVIT OF LOUIS DWORSKY** |
| | : | |
| Defendants. | : | |
| | : | |

Now comes Louis Dworsky, and for his Affidavit, states the following:

1. I am competent to testify and have personal knowledge of the matters set forth herein.

2. At all times referenced herein I have been the Managing Partner of Plaintiff Zermatt Holdings, LLC ("Zermatt").

3. On or about October 7, 2022, Zermatt, Plaintiff WFA of San Diego, LLC ("WFASD"), and Peter R. Wheeler("Wheeler") entered into a mediation agreement administered through Judicate West Mediation Services ("Mediation Agreement"), with Judge Frederick L. Link serving as the mediator. A true and accurate copy of the Mediation Agreement fully executed by Zermatt and WFASD is attached hereto as **Exhibit A.**

4. On or about March 21, 2023, Zermatt, WFASD, and Peter Wheeler ("Wheeler") entered into a settlement agreement (the "Settlement Agreement") as a result of the mediation. A true and accurate copy of the Settlement Agreement is attached hereto as **Exhibit B.**

5. At no time has Zermatt or WFASD ever entered into any arbitration agreement with either Martin Christopher Cooper ("Cooper") or Chris Cooper & Company, Inc. ("CCCI") nor otherwise consented to arbitration with Cooper or CCCI.

6. Zermatt, WFASD, and Wheeler continued the mediation with Judge Link in August 2023.

7. Attached hereto as **Exhibit C** is a true and accurate copy of the August 10, 2023 email from Wheeler's attorney, Derek J. Wilson, Esq. ("Wilson"), identifying Judge Link as continuing to serve as the mediator for the August 2023 Mediation hearing.

8. Any communications made by Zermatt, WFASD, Wheeler or their counsel with Judge Link after October 7, 2022, were made with Judge Link in his role as mediator.

9. Any actions taken by Judge Link with respect to Zermatt, WFASD and Wheeler after October 7, 2022, were performed in Judge Link's role serving as the mediator between Zermatt, WFASD and Wheeler.

10. As a direct and proximate result of Cooper's and CCCI's actions after March 21, 2023, CCCI Referrals have continued terminating their business relationship with Plaintiffs after March 21, 2023.

Further Affiant sayeth naught.

_____
Louis Dworsky

Sworn to and subscribed in my presence this 6th day of December, 2023.

_____
Notary Public
State of California

[Notary Seal: MICHELLE CRAYTON, COMM. #2416715, Notary Public - California, San Diego County, My Comm. Expires Sep. 18, 2026]

2

DocuSign Envelope ID: 6F6565DC-F148-4E5F-B4A2-4E925115CA29



**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344
**www.judicatewest.com**

## Agreement for Judicate West Mediation Services

*Peter R. Wheeler vs. WFA of San Diego LLC, et al.*

Judicate West Case Number: **A296125-48**

Mediator: **Hon. Frederick L. Link, Ret.**

**Scheduled Session Notice(s)** confirming reserved date(s), outlining fee split and amounts due per session will follow via email.

**The firms responsible** for ensuring payment of fees are:

- Law Offices of Derek J. Wilson
- Sheppard, Mullin, Richter & Hampton, LLP

**Standard Case Management Fee** is $375.00 per party, non-refundable, and per session.

**Full Day Rate of $5,900.00** consists of ten (10) hours inclusive of review and preparation; any additional time is billed at an hourly rate of $590.00.

**Half Day Rate of $2,950.00** consists of five (5) hours inclusive of review and preparation; any additional time is billed at an hourly rate of $590.00.

**Each neutral is an independent contractor** who sets their own rates and cancellation policies that may vary based on venue, number of parties, evening/weekends, or subject matter. Please note rates may be subject to change for future services.

**The fees for services include** but are not limited to mediation session time, preparation including review of submitted materials, and post-session mediation work as needed. Refundable Retainers may be charged for these anticipated services, which includes the possibility of additional mediation time. All Judicate West invoices are due and payable upon receipt in order to secure reserved date(s).

**Continuance/Cancellation/Refund policy:** Continuance and/or cancellation must be requested in writing and copied to all parties prior to the deadline reflected on your session notice. Party(ies) requesting the change after the deadline become responsible for all fees unless JW is able to fill the vacated time. Multiple continuances by the same party will result in additional case management fee(s). Reserved unused session time is non-refundable. Please see fee schedule for further details.

**Privacy Policy:** Judicate West is committed to protecting your privacy. Please review our privacy policy, available at judicatewest.com, to learn more about our policies and practices regarding the collection and use of your personal data and regarding your privacy rights.

**Our agreement to render services** is with the participating firms or claims professionals, not the parties they represent. The firms listed above are responsible for ensuring payment of fees. JW reserves the right to cancel any session if fees are not paid timely.

**Acceptance:** By signing below you, your firm, and your clients acknowledge you understand and accept the terms and conditions stated above.

**Signature:** *Matthew W. Holder, Esq.* (DocuSigned by, A37E92FC276948A...)   **Date:** 10/07/2022

**Matthew W. Holder, Esq.**
**Sheppard, Mullin, Richter & Hampton, LLP**

**Exhibit A**

**Thank you for choosing Judicate West as your dispute resolution provider.**

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 3400 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495

DocuSign Envelope ID: 6F6565BC-F148-4E5F-B4A2-4E925115CA29



Santa Ana Office
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344
**www.judicatewest.com**

# CONFIDENTIALITY ACKNOWLEDGEMENT & AGREEMENT

*The Matter of: Peter R. Wheeler vs. WFA of San Diego LLC, et al.*

Judicate West Case Number: **A296125-48**

### Acknowledgement of Inadmissibility
The mediation to which this acknowledgement pertains is subject to the provisions of California Evidence Code sections 1115 et seq., Federal Rule of Evidence 408, and/or other similar provisions of law. Statements and/or writings (as defined by California Evidence Code section 250) made for the purpose of, in the course of, or pursuant to the mediation or mediation consultation as defined by California Evidence Code section 1115 are not admissible in any civil proceeding to the extent provided by law.

### Acknowledgement Regarding Mediator and Settlement Agreements
The mediator is neutral and does not act as an attorney or representative for any party. The mediator has no authority to make any binding decisions, impose settlements or require concessions from any party. If the mediator assists in preparing a written settlement agreement, the mediator's role is only as scribe and each participant is advised to have the agreement independently reviewed by their own counsel before executing it.

### Agreement
In order to allow the mediator to confidentially follow-up after the mediation session, the parties and the mediator agree to extend the 10-day period set out in California Evidence Code section 1125(a)(5) until the date the mediator terminates the mediation effort in writing, a party provides the mediator and other mediation participants with a writing stating the mediation is terminated, or words to that effect, which shall be consistent with Section 1121 (in a mediation involving more than two parties, the mediation may continue as to the remaining parties or be terminated in accordance with section 1125), or verdict is returned or decision rendered.

**All participants acknowledge that all or part of this mediation may be taking place using a telephonic or video conference format. All participants understand and agree that all communications during the mediation are expressly confidential, regardless of participation method. All participants agree not to record, by any means, any of the communications, actions or events that take place pre-mediation session, during the mediation session or after the mediation session.**

This agreement binds you, all parties represented by you, and all mediation participants related to your party.

So Acknowledged and Agreed By

Signature: *Matthew W. Holder, Esq.* (DocuSigned by: A37E92FC276948A...)  Date: 10/07/2022

**Matthew W. Holder, Esq.**

**Sheppard, Mullin, Richter & Hampton, LLP**

**Thank you for choosing Judicate West as your dispute resolution provider.**

Downtown Los Angeles Office ● 601 S. Figueroa Street Suite 3400 ● Los Angeles, CA 90017 ● (213) 223-1113 ● Fax (213) 223-1114
San Diego Office ● 402 W. Broadway Suite 2400 ● San Diego, CA 92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Suite 1950 ● San Francisco, CA 94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Suite 2040 ● Los Angeles, CA 90025 ● (310) 442-2100 ● Fax (310) 442-2125
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA 95814 ● (916) 394-8490 ● Fax (916) 394-8495

CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Confidential Settlement Agreement and Mutual General Release (the "Agreement") is made by and between PETER R. WHEELER ("Wheeler"), on the one hand, and ZERMATT HOLDINGS LLC, a North Carolina limited liability company ("Zermatt") and WFA of San Diego, LLC, a North Carolina limited liability company ("WFASD") (together, the "Zermatt Parties"), on the other hand. Each of Wheeler, Zermatt, and WFASD shall be referred to as a "Party," and together as "the Parties."

1. Recitals.

   a. On October 21, 2022, the Parties settled their underlying arbitration and civil litigation, and otherwise entered into a mutual general release (the "October 2022 Settlement"). As part of the October 2022 Settlement, the Zermatt Parties paid $750,000.00 to Wheeler on or about December 31, 2022. In addition, through December 31, 2022, Wheeler continued to owe certain non-solicitation and non-competition obligations to the Zermatt Parties pursuant to the underlying Asset Purchase Agreement ("APA") between the Parties.

   b. Disputes have arisen since the October 2022 Settlement regarding the Parties' respective compliance with their obligations under that contract, as well as the ongoing obligations under the APA. Among other things, the Zermatt Parties accuse Wheeler of breaching the non-solicitation and non-competition covenants in the APA via his conduct between the October 2022 Settlement and December 31, 2022, of disparaging the Zermatt Parties in violation of the October 2022 Settlement, and of breaching the confidentiality of the October 2022 Settlement. Among other things, Wheeler accuses the Zermatt Parties of disparaging him in violation of the October 2022 Settlement. Both sides have claimed damages against the other, and have also claimed a right to prevailing party attorney's fees pursuant to the October 2022 Settlement and/or APA.

   c. The Parties have vigorously contested their competing claims and defenses, including in connection with the October 2022 Settlement and APA. These competing claims and defenses are referred collectively as the "Disputes." Except as otherwise set forth herein, the Parties desire to resolve the Disputes, and all issues raised by or related to the Disputes, along with all known and unknown claims as set forth in the releases below, without the further expenditure of time or the expense of contested litigation, notwithstanding the fact that they might learn new facts and develop new arguments were they to pursue contested litigation and the discovery process related thereto. For these reasons, they have entered into this Agreement.

2. No Admission of Liability. The Parties expressly deny any violation of any federal, state or local statute, ordinance, rule, regulation, policy, order or other law, or any contract or other duty owed to each other, and further deny any liability to each other. This Agreement is the compromise of disputed claims and nothing contained herein is to be construed as an admission of liability on the part of the Parties, by whom liability is expressly denied. Accordingly, while this Agreement resolves all issues referenced herein, it does not constitute an adjudication or finding on the merits of the allegations in the Disputes and it is not, and shall not be construed as, an admission by the Parties, or any of them, of any wrongdoing or any liability.

**Exhibit B**

3.      <u>Consideration by Wheeler</u>.  Except as otherwise set forth herein, in consideration of and in return for the promises and covenants undertaken herein by the Zermatt Parties, and for other good and valuable consideration, receipt of which is hereby acknowledged:

   a.      Wheeler shall pay to the Zermatt Parties the total gross sum of Two Hundred and Thirty-Five Thousand Dollars and Zero Cents ($235,000.00) (the "Settlement Payment"). The Settlement Payment shall be made by way of two checks made out to Zermatt Holdings LLC in the amount of $135,000 and $100,000. The first check for $135,000 shall be delivered via overnight to Louis Dworsky at 903 Long Cove Court, Wilmington, North Carolina 28405 by March 31, 2023, and the second check for $100,000 shall be delivered in the same manner by April 28. 2023.

   b.      Except as otherwise set forth herein, Wheeler, on behalf of himself, his predecessors, successors, parents, owners, subsidiaries, and other affiliates, hereby acknowledges full and complete satisfaction of and does hereby releases, absolves and discharges the Zermatt Parties, including their predecessors, successors, owners, shareholders, parent entities, subsidiaries, affiliates, trustees, insurers, officers, directors, employees, attorneys and agents, whether current or former (the "Zermatt Party Releasees"), from any and all claims, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, grievances, wages, vacation payments, severance payments, obligations, commissions, overtime payments, debts, profit sharing claims, expenses, damages, judgments, orders and liabilities of whatever kind or nature in law, equity or otherwise, whether known or unknown to Wheeler which Wheeler now owns or holds or has at any time owned or held as against the Zermatt Party Releasees, or any of them, including specifically but not exclusively and without limiting the generality of the foregoing, any and all claims, demands, grievances, agreements, obligations and causes of action, known or unknown, suspected or unsuspected: (1) arising out of or in any way connected with the Disputes; or (2) arising out of or in any way connected with any claim, loss, damage or injury whatever, known or unknown, suspected or unsuspected, resulting from any act or omission by or on the part of the Zermatt Party Releasees, or any of them, committed or omitted on or before the date that Wheeler signs this Agreement. WHEELER AGREES AND ACKNOWLEDGES HE IS WAIVING ANY RIGHT TO RECOVERY BASED ON STATE OR FEDERAL AGE, SEX, PREGNANCY, RACE, COLOR, NATIONAL ORIGIN, MARITAL STATUS, RELIGION, VETERAN STATUS, DISABILITY, SEXUAL ORIENTATION, MEDICAL CONDITION OR OTHER ANTI-DISCRIMINATION LAWS, INCLUDING, WITHOUT LIMITATION, TITLE VII, THE AGE DISCRIMINATION IN EMPLOYMENT ACT, THE OLDER WORKERS BENEFIT PROTECTION ACT, THE AMERICANS WITH DISABILITIES ACT AND THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, ALL AS AMENDED, WHETHER SUCH CLAIM BE BASED UPON AN ACTION FILED BY EMPLOYEE OR BY A GOVERNMENTAL AGENCY. This release does not, however, release claims that cannot be released as a matter of law, nor does it release any claims based on any failure by the Zermatt Parties to perform under the terms of this Agreement.

4.      <u>Consideration by the Zermatt Parties</u>. Except as otherwise set forth herein, in consideration of and in return for the promises and covenants undertaken herein by Wheeler, and for other good and valuable consideration, receipt of which is hereby acknowledged:

a. Except as otherwise set forth herein, the Zermatt Parties, on behalf of themselves, their predecessors, successors, owners, subsidiaries, and other affiliates, hereby acknowledge full and complete satisfaction of and do hereby release, absolve and discharge Wheeler, including his predecessors, successors, owners, shareholders, parent entities, subsidiaries, affiliates, trustees, insurers, officers, directors, employees, attorneys and agents, whether current or former, as well as Chris Cooper (the "Wheeler Releasees"), from any and all claims, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, grievances, damages, judgments, orders and liabilities of whatever kind or nature in law, equity or otherwise, in each case whether known or unknown to the Zermatt Parties, which the Zermatt Parties now own or hold or have at any time owned or held as against the Wheeler Releasees, including but not limited to all such claims (1) arising out of or in any way connected with the Disputes, or (2) arising out of or in any way connected with any claim, loss, damage or injury whatever, known or unknown, suspected or unsuspected, resulting from any act or omission by or on the part of the Wheeler Parties, committed or omitted on or before the date that the Zermatt Parties sign this Agreement. This release does not, however, release claims that cannot be released as a matter of law, nor does it release any claims based on any failure by Wheeler to perform under the terms of this Agreement.

5. <u>General Release of All Claims</u>. Except as otherwise set forth herein or for purposes of enforcing this Agreement, it is the intention of the Parties in executing this instrument that it shall be effective as a bar to each and every claim, demand, grievance and cause of action hereinabove specified. In furtherance of this intention, the Parties hereby expressly waive any and all rights and benefits conferred upon each other by the provisions of Section 1542 of the California Civil Code and expressly consent that this Agreement shall be given full force and effect according to each and all of its express terms and provisions, including those relating to unknown and unsuspected claims, demands and causes of action, if any, as well as those relating to any other claims, demands and causes of action hereinabove specified. Section 1542 provides:

> **"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."**

Having been so apprised, the Parties nevertheless hereby voluntarily elect to and do waive the rights described in Civil Code Section 1542 and elect to assume all risks for claims herein specified that now exist in their favor, *known or unknown*.

6. <u>October 2022 Settlement</u>. Except where explicitly stated in this Agreement, the terms and conditions of the October 2022 Settlement remains in full force and effect, and is not intended to be superseded by this Agreement.

7. <u>Entire Agreement</u>. Except as otherwise set forth herein, the undersigned each acknowledge and represent that no promise or representation not contained in this Agreement has been made to them and acknowledge and represent that this Agreement contains the entire understanding between the Parties and contains all terms and conditions pertaining to the

compromise and settlement of the subjects referenced herein. The undersigned further acknowledge that the terms of this Agreement are contractual and not a mere recital. Any modification to this Agreement must be in writing and signed by the Parties.

8. Governing Law and Dispute Resolution. This Agreement shall be construed in accordance with, and be deemed governed by, the laws of the State of California. In the event of any dispute between them, including related to a breach of this Agreement, or the October 2022 Settlement, the Parties agree that they will submit such dispute to the exclusive jurisdiction of Judge Frederick Link (Ret.) for resolution, with venue in San Diego, California, without prejudice to the right to seek preliminary injunctive relief in court as may be necessary and appropriate. If for any reason Judge Link is not able to serve as the arbitrator, the Parties agree to appoint an arbitrator using Judicate West, and hereby waive any right to a jury trial. In any action arising out of or related to this Agreement, or to otherwise enforce any provision in this Agreement, the prevailing party shall be entitled to its reasonable attorney's fees and costs.

9. No Prior Assignments. Except as provided herein, the Parties hereby represent and warrant that they are the sole and exclusive owners of the rights, claims and causes of action herein released, which are free of any pledges, charges, equities, claims, covenants, liens or encumbrances in favor of any other person, firm or institution, and the Parties have not heretofore assigned or transferred, or purported to assign or transfer, to any other third person or entity any claim, right, liability, demand, obligation, expense, action or causes of action being waived or released pursuant to this Agreement.

10. Full Authority. Each Party hereby represents and warrants to the other Party that it has the full right, power and authority to enter into this Agreement, to grant the releases contained herein, and to perform its obligations hereunder. The execution of this Agreement by the individual whose signature is provided at the end of this Agreement on behalf of such Party, and the delivery of this Agreement by such Party, have been duly authorized by all necessary action on the part of such Party. This Agreement has been executed and delivered by such Party and (assuming due authorization, execution and delivery by the other Party hereto) constitutes the legal, valid and binding obligation of such Party, enforceable against such Party in accordance with its terms.

11. Benefit of Successors. This Agreement and all covenants and releases set forth herein shall be binding upon and shall inure to the benefit of the respective Parties hereto, their legal successors, heirs, assigns, partners, representatives, parent companies, subsidiary companies, agents, attorneys, officers, employees, directors and shareholders.

12. Not Construed Against Drafting Party. This Agreement and the provisions contained herein shall not be construed or interpreted for or against either Party hereto because that Party drafted or caused that Party's legal representative to draft any of its provisions.

13. Representation by Counsel and Informed Consent. The Parties expressly acknowledge and represent that they have been represented by counsel in the negotiations culminating in this Agreement and that each of them has read this Agreement, reviewed the same, and fully understand the meaning and effect of each and every provision of this Agreement, in particular the meaning and effect of California Civil Code section 1542. The

Parties further agree and acknowledge they have been given reasonable and adequate time to review and consider this Agreement, and decide whether to enter into this Agreement.

14. <u>Severability</u>. If any provision of this Agreement or application thereof is held invalid, the invalidity shall not affect other provisions or applications of the Agreement that can be given effect without the invalid provision or application. To this end, the provisions of this Agreement are severable.

15. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed to be an original and such counterparts shall together constitute one and the same Agreement. Facsimile, PDF and electronic signatures on this Agreement shall be as legally binding as an original signature.

16. <u>Circular 230 Disclaimer</u>. Each Party to this Agreement (for purposes of this section, the "Acknowledging Party"; and each Party to this Agreement other than the Acknowledging Party, an "Other Party") acknowledges and agrees that (1) no provision of this Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 C.F.R. part 10, as amended); (2) the Acknowledging Party (a) has relied exclusively upon his/her or its own, independent legal and tax advisers for advice (including tax advice) in connection with this Agreement, (b) has not entered into this Agreement based upon the recommendation of any other Party or any attorney or advisor to any other Party, and (c) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any other Party to avoid any tax penalty that may be imposed on the Acknowledging Party; and (3) no attorney or adviser to any other Party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the Acknowledging Party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Agreement.

I have read the foregoing Confidential Settlement Agreement and Mutual General Release and I accept and agree to the provisions contained therein and hereby execute it voluntarily and with full understanding of its consequences.

PLEASE READ CAREFULLY. THIS AGREEMENT
CONTAINS A MUTUAL GENERAL RELEASE OF ALL
KNOWN AND UNKNOWN CLAIMS.

Dated: March 21, 2023

_____
Peter W. Wheeler, individually and as
controlling shareholder of Wheeler Frost
Associates, Inc.

Dated: March 21, 2023

Dated: March 21, 2023

_____
Zermatt Holdings LLC
By: Louis Dworsky
Its: Managing Member

_____
WFA of San Diego, LLC
By: Louis Dworsky
Its: Managing Member

# Bailey E. Wharton

| | |
|---|---|
| **From:** | Peter A. Saba, Esq. |
| **Sent:** | Tuesday, November 28, 2023 5:13 PM |
| **To:** | Peter A. Saba, Esq. |
| **Subject:** | FW: Wheeler v. WFASD/Zermatt |

**From:** Derek Wilson <djw@djwlawoffice.com>
**Sent:** Thursday, August 10, 2023 11:14 AM
**To:** Briefs @ JW <briefs@judicatewest.com>; Matthew Holder <MHolder@sheppardmullin.com>; judgelink@judicatewest.com
**Subject:** Wheeler v. WFASD/Zermatt

Judge Link and Judicate West:
Please see the attached mediation brief in advance of Monday's hearing. Also cc'd is defense counsel.

Thank you and have a nice weekend.
Derek

Derek J. Wilson
Law Office of Derek J. Wilson
**\*NOTE\* New Address as of 1/1/2023**
2251 San Diego Ave Ste. B-105
San Diego, CA 92110
Office: (858) 775-9679
FAX: (858) 357-8383

djwlawoffice.com

E-MAIL CONFIDENTIALITY NOTICE: THE CONTENTS OF THIS E-MAIL MESSAGE AND ANY ATTACHMENTS ARE INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE FEDERAL OR STATE LAW.  IF YOU ARE NOT THE INTENDED  RECIPIENT, OR THIS MESSAGE HAS BEEN ADDRESSED TO YOU IN ERROR, PLEASE IMMEDIATELY ALERT THE SENDER BY REPLY E-MAIL AND THEN DELETE THIS MESSAGE AND ANY ATTACHMENT(S). IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION OR ANY ATTACHMENT(S) IS STRICTLY PROHIBITED.

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**Exhibit C**