IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ZERMATT HOLDINGS, LLC, et al.,** | : | Case No. **3:23-cv-01423-JJH** |
| | : | |
| Plaintiffs, | : | |
| | : | Judge Jeffrey J. Helmick |
| v. | : | |
| | : | |
| **COOPER, et al.,** | : | **MOTION TO STRIKE PORTIONS OF** |
| | : | **DEFENDANTS' MOTION TO STAY** |
| Defendants. | : | **PENDING ARBITRATION AND** |
| | : | **DECLARATION OF PETER WHEELER** |

Now comes Plaintiffs Zermatt Holdings, LLC ("Zermatt") and WFA of San Diego, LLC ("WFASD") (collectively, "Plaintiffs"), by and through counsel, respectfully moves this Court to strike Defendants Martin Christopher Cooper ("Cooper") and Chris Cooper & Company, Inc.'s ("CCCI") (collectively, "Defendants") page 5 and thereafter of the Motion to Stay Pending Arbitration, as well as Paragraphs 5, 6 and 7 and Exhibit 2 of the Declaration of Peter Wheeler ("Wheeler"). The above referenced portions of the Motion to Stay and Declaration of Wheeler contain privileged, confidential, and inadmissible mediation communications, which are extrinsic to the clear and unambiguous arbitration provision and should be struck from the record. A memorandum in support is attached.

                                                            Respectfully submitted,

                                                            /s/ Peter A. Saba
                                                            Peter A. Saba (0055535)
                                                            Jeffrey M. Nye (0082247)
                                                            Joshua M. Smith (0092360)
                                                            STAGNARO, SABA
                                                            & PATTERSON CO., L.P.A.
                                                            2623 Erie Avenue
                                                            Cincinnati, Ohio 45208
                                                            (513) 533-2701
                                                            (513) 533-2711 (fax)

pas@sspfirm.com
**Attorneys for Plaintiffs**

**MEMORANDUM IN SUPPORT**

**I.      FACTUAL BACKGROUND**

On November 22, 2023, Defendants filed a Motion to Stay Pending Arbitration ("Motion to Stay," DOC #22, PAGEID #165-179). The Motion to Stay is incorrectly and improperly seeking to extend an arbitration provision in a March 21, 2023 Settlement Agreement (the "Settlement"), which Settlement was the result of a California mediation between Peter Wheeler and Plaintiffs (The "Mediation")[1]. Defendants are attempting to use privileged, confidential, and inadmissible mediation communications, which are extrinsic to the clear and unambiguous arbitration provision to incorrectly extend the arbitration provision to Chris Cooper. (Cooper is clearly not a party to the arbitration provision, nor have Plaintiffs ever agreed or consented to arbitrate any claims with Cooper.[2]) Specifically, beginning at page 5 and throughout the balance of the Motion to Stay (DOC #22, PAGEID #171-179), and in paragraphs 5, 6 and 7 of the Declaration of Peter Wheeler (the "Wheeler Declaration," ¶¶ 5-7, DOC #22-1, PAGEID #181-182), Defendant improperly references the confidential, privileged, inadmissible, nonbinding and extrinsic statements from the California mediation.

On or about October 7, 2022, Wheeler and Plaintiffs agreed to proceed with the Mediation using the services of retired Judge Frederick L. Link as their mediator, and the services of Judicate

---

[1] Pursuant to California Evidence Code § 1123:

> A written settlement agreement prepared in the course of, or pursuant to, a mediation, is not made inadmissible, or protected from disclosure, by provisions of this chapter if the agreement is signed by the settling parties and any of the following conditions are satisfied: … **(b)** The agreement provides that it is enforceable or binding or words to that effect. Cal. Evid. Code § 1123.

[2] The law and arguments confirming that the arbitration provision in the Settlement does not extend to Chris Cooper are more fully addressed in Plaintiffs' Memorandum in Opposition to Defendants' Motion to Stay.

2

West Alternative Dispute Resolution to administer the Mediation in San Diego, California. (See the Affidavit of Louis Dworsky, ¶ 3). The Mediation "Confidentiality Acknowledgement & Agreement"[3] (the "Mediation Agreement") entered into by Wheeler and Plaintiffs expressly provided:

> **Acknowledgement of Inadmissibility**
>
> **The mediation to which this acknowledgement pertains is subject to the provisions of California Evidence Code sections 1115 et seq.,** Federal Rule of Evidence 408, and/or other similar provisions of law. **Statements and/or writings (as defined by California Evidence Code section 250) made for the purpose of, in the course of, or pursuant to the mediation or mediation consultation as defined by California Evidence Code section 1115 are not admissible in any civil proceeding to the extent provided by law.**
>
> **Acknowledgement Regarding Mediator and Settlement Agreements**
>
> The mediator is neutral and does not act as an attorney or representative for any party**. The mediator has no authority to make any binding decisions, impose settlements or require concessions from any party. If the mediator assists in preparing a written settlement agreement, the mediator's role is only as scribe and each participant is advised to have the agreement independently reviewed by their own counsel before executing it.**
>
> <u>**Agreement…**</u>
>
> **All participants acknowledge that all or part of this mediation may be taking place using a telephonic or video conference format. All participants understand and agree that all communications during the mediation are expressly confidential, regardless of participation method.**

(Exhibit A to the Affidavit of Louis Dworsky)(Emphasis Added).

Contrary to the express terms of the Mediation Agreement and the applicable California law, Defendants, beginning at page 5 and throughout the balance of the Motion to Stay (DOC #22, PAGEID #171-179), as well as Paragraphs 5, 6 and 7 and Exhibit 2 of the Wheeler Declaration (DOC #22-1, PAGEID #181-182, 191-199), improperly attempt to use extrinsic

---

[3] Pursuant to California Evidence Code § 1120(b)(1), California Evidence Code sections 1115 et seq. do not limit the admissibility of an agreement to mediate a dispute.

evidence of actions taken during the mediation, the intent of the parties during mediation, and comments made by the mediator, Judge Link, resulting from an August, 2023 Mediation hearing.

As indicated at page 5 of the Motion to Stay, as part of the August 2023 Mediation hearing, Wheeler's counsel "obtained an order clarifying the scope of the Agreement from the mutually-selected neutral who brokered it, Judge Frederick Link (Ret.)." (DOC #22, PAGEID #171). As indicated by Exhibit C to the Affidavit of Louis Dworsky, Wheeler's attorney recognized that Judge Link was continuing to serve as a mediator for the August 2023 Mediation hearing.[4] Pursuant to the terms of the Mediation Agreement and California Law, the purported "Link Order" was provided by a "neutral," (See Motion to Stay, DOC #22, PAGEID #171), who "has no authority to make any binding decisions, impose settlements or require concessions from any party. If the mediator assists in preparing a written settlement agreement, the mediator's role is only as scribe…". (See Exhibit A to the Affidavit of Louis Dworsky).

Notwithstanding the fact that the Link Order constitutes an inadmissible, privileged, and confidential mediation communication, which is extrinsic to the clear arbitration provision, Defendants not only weave references to the Link Order throughout the Motion to Stay, but Defendants premise their entire argument upon the inadmissible, non-binding, unauthorized statements of a "scribe" to the Settlement Agreement.

Similarly, while paragraph 7 of the Wheeler Declaration also discusses the "scribe" statements, paragraphs 5 and 6 of the Wheeler Declaration reference confidential, inadmissible, and extrinsic evidence regarding formation of the Settlement Agreement. (See Wheeler Declaration, ¶¶ 5-7, DOC #22-1, PAGEID #181-182). Paragraph 5 of the Wheeler Declaration

---

[4] Pursuant to California Evidence Code § 1120(b)(3), California Evidence Code sections 1115 et seq. do not limit the admissibility of disclosure of the mere fact that a mediator has served, is serving, will serve, or was contacted about serving as a mediator in a dispute.

4

refers to purported inadmissible extrinsic reasons for Wheeler's payment of a settlement which are contradicted by the language of the Settlement Agreement. (See *id*., at ¶5, DOC #22-1, PAGEID #181)("I paid substantially to include Cooper as a releasee and obtain a broad release as well as a broad arbitration agreement in the settlement agreement.")). Paragraph 6 of the Wheeler Declaration also incorrectly references actions from the mediation regarding the "intent of the agreement" and the agreements drafting, which inadmissible statements are contradicted by the express language of the Settlement Agreement. (See *id*., at ¶6, DOC #22-1, PAGEID #181-182). Wheeler improperly and incorrectly claims that, "This release was drafted by counsel for Plaintiffs, Mr. Holder. The intent of the agreement was to have a broad release and a broad arbitration clause with venue to be in San Diego for any dispute related to or arising out of any dispute that was settled in either the October 2022 or March 2023 settlement." (See *id*.). Section 12 of the Settlement Agreement expressly negates any issue or controversy over which party drafted any portion of the Settlement Agreement. (See Exhibit B to Affidavit of Louis Dworsky).

**II.    LAW AND ARGUMENT**

   **a. This Court has recognized on numerous occasions that inadmissible and extrinsic evidence must be stricken from motions and affidavits.**

In a motion to strike, the movant must demonstrate the challenged matter "has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants." 2 Moore's Federal Practice § 12.37[3] (3d ed. 2017).  Under Fed. R. Civ. P. 12(f), the court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. A motion to strike is addressed to the sound discretion of the trial court. *See Barnes v. City of Toledo*, No. 3:08-CV-02090, 2010 U.S. Dist. LEXIS 29603, at *13 (N. D. Ohio Jan. 15, 2010).  Applying the above standard, this Court has determined that inadmissible evidence, and any reference to inadmissible evidence should be struck from the record.  *See Clay v. AIG Aero. Ins. Servs.*, No. 3:14 CV 2537,

2015 U.S. Dist. LEXIS 109590, at *22-23 (N.D. Ohio Aug. 19, 2015) (striking irrelevant references to a non-party's criminal convictions from 20 years prior); *Stanley v. BP Prods. N. Am., Inc.*, No. 15-cv-2347, 2018 U.S. Dist. LEXIS 37349. at *8-10 (N. D. Ohio Mar. 7, 2018) (striking any reference to an inadmissible driving assessment which a party attempted to introduce for impeachment purposes); *Chiaverini v. City of Napoleon*, No. 3:17-cv-2527, 2021 U.S. Dist. LEXIS 189321, at *5-6, (N. D. Ohio Sep. 20, 2021) (striking inadmissible portions of an affidavit which were not based upon personal knowledge or attempted to set forth legal conclusions). This Court has also determined that documents which are extrinsic to a contract, including arguments related to those extrinsic documents, must be stricken unless a determination has previously been made that the contract is ambiguous. *See N. Cent. Elec. Coop. Inc. v. Linde LLC*, No. 3:16-cv-1890, 2018 U.S. Dist. LEXIS 96029, at *6 (N. D. Ohio June 7, 2018).

> **b. Confidential mediation communications, including the comments of a scribe to the settlement agreement constitute inadmissible extrinsic evidence, which should be stricken.**

While references to mediation agreements[5] and/or written settlement agreements resulting from a mediation[6] are permissible under California law, references to any other type of mediation communications or writings in any type of legal proceeding are strictly prohibited.[7] *See* Cal. Evid.

---

[5] California evidence law governs the California mediation proceedings. California Evidence Code § 1120 provides that agreements to mediate a dispute are admissible evidence, and not subject to other disclosure protections in the chapter. Cal. Evid. Code § 1120(b)(1). Thus, references to the Mediation Agreement in this matter are permissible.

[6] California Evidence Code § 1123 provides that "[a] written settlement agreement prepared in the course of, or pursuant to, a mediation, is not made inadmissible, or protected from disclosure, by provisions of this chapter if the agreement is signed by the settling parties and any of the following conditions are satisfied: (a) The agreement provides that it is subject to disclosure, or words to that effect. (b) The agreement provides that it is enforceable or binding or words to that effect…"). Cal. Evid. Code § 1123(a) & (b). The March 21, 2023 Settlement Agreement provides that it is subject to disclosure if required by a "legal process," of which this litigation qualifies. *See* Settlement ¶ 9, attached as Exhibit B to Affidavit of Louis Dworsky. The March 21, 2023 Settlement Agreement further provides that it "constitutes the legal, valid and binding obligation of such Party, enforceable against such Party in accordance with its terms." *See id*., at ¶ 14, attached as Exhibit B to Affidavit of Louis Dworsky. Thus, references to the Settlement Agreement in this matter are permissible.

[7] Pursuant to 28 U.S.C. § 652, the Northern District of Ohio has adopted a local rule regarding the confidentiality of the alternative dispute resolution processes and the disclosure of confidential dispute resolution communications. 28

6

Code § 1119(a) ("No evidence of anything said or any admission made for the purpose of, in the course of, or pursuant to, a mediation…is admissible or subject to discovery, and disclosure of the evidence shall not be compelled…in any civil action…"); § 1119(b) ("No writing…that is prepared for the purpose of, in the course of, or pursuant to, a mediation…is admissible or subject to discovery, and disclosure of the writing shall not be compelled in any…civil action…"); § 1119(c) ("All communications, negotiations, or settlement discussions by and between participants in the course of a mediation…shall remain confidential.").

Beginning with the final paragraph on page 5 of the Motion to Stay and throughout the balance of the motion, the Motion to Stay is premised upon confidential, inadmissible, non-authoritative, extrinsic statements which should be struck from the record. (See DOC #22, PAGEID #171-179). Similarly, Paragraphs 5, 6 and 7 and Exhibit 2 of the Wheeler Declaration all contain references to confidential, inadmissible, non-authoritative, extrinsic statements which should be struck from the record. (See DOC #22-1, PAGEID #181-182, 191-199).

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Paragraphs 5, 6 and 7 and Exhibit 2 of the Wheeler Declaration and page 5 and thereafter of the Motion to Stay be struck from the record.

Respectfully submitted,

/s/ Peter A. Saba
Peter A. Saba (0055535)
Jeffrey M. Nye (0082247)
Joshua M. Smith (0092360)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208

---

U.S.C. § 652(d). In fact, L.R. 16.6(h) provides that "the entire mediation process is confidential and privileged," which is even more restrictive than the California law.

>(513) 533-2701
>(513) 533-2711 (fax)
>pas@sspfirm.com
>**Attorneys for Plaintiffs**

### CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on December 6, 2023, the undersigned filed the foregoing using the Court's CM/ECF system, which will send notice of such filing to all parties of record.

>/s/ Peter A. Saba
>Peter A. Saba (0055535)