# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ZERMATT HOLDINGS, LLC, and WFA of SAN DIEGO, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MARTIN CHRISTOPHER ("CHRIS") COOPER, an individual and CHRIS COOPER & COMPANY, INC, an Ohio corporation, <br><br> Defendants. | Case No. 3:23-cv-01423-JJH <br><br> Judge Jeffrey J. Helmick <br><br> **DECLARATION OF DEREK WILSON** |

I, Derek Wilson, hereby declare as follows:

1. I am competent to testify and have personal knowledge of the matters set forth herein.

2. I am an attorney licensed to practice law in California and Arizona. I am the owner and managing attorney of the Law Office of Derek J. Wilson. I have represented Peter Wheeler ("Wheeler") in his litigation with Zermatt Holdings, LLC ("Zermatt") and WFA of San Diego, LLC ("WFASD")(collectively "Plaintiffs") since January 2022.

3. I represented Wheeler at a mediation on October 21, 2022, which resulted in a settlement. Part of that agreement included an arbitration provision selecting Judge Link as the arbitrator on any future disputes related to the released claims, similar to the arbitration agreement reached in March 21, 2023 that includes Defendants. Thereafter, Plaintiffs and Wheeler had subsequent disputes that were

addressed by a discovery order signed by Judge Frederick Link (Ret.) as intended by the October 2022 settlement agreement.

4. After discovery, a second mediation was held on March 21, 2023, which also resulted in a settlement. At this mediation, Cooper was included in the release specifically because of actions taken by Plaintiffs threatening litigation (as alluded to in the SAC ¶¶ 30-31). A number of subsequent disputes arose, and Judge Link has acted as an arbitrator, by among other things, holding telephonic hearings, and signing another discovery order.  Due to the ongoing activity in the case, Judicate West initiated a new case number for the ongoing dispute, assigning it an arbitration number and subsequently holding an in-person hearing on these ongoing issues on August 14, 2023. A true and correct copy of the July 10-14, 2023, email thread wherein I requested a hearing from Judge Link regarding the threat of an Ohio lawsuit, and the new arbitration claim being opened by Judicate West, is attached to this declaration as **Exhibit 1**.

6. On July 31, 2023, in advance of the August 14, 2023 hearing, Judicate West sent email communication for the arbitration. This communication references the hearing on August 14, 2023 as an arbitration hearing A true and correct copy of this email is attached to this declaration as **Exhibit 2**.

7. At the August 14, 2023, hearing, for which both parties submitted briefing, Judge Link indicated he would issue a ruling clarifying the Agreement in his capacity as an arbitrator based on his ongoing role in the disputes. Both counsel for Plaintiffs and Wheeler (myself) assented to this. Plaintiffs also claimed additional discovery was needed, resulting in a second discovery order compelling additional discovery reached after this hearing. In the resulting two-plus months, numerous versions of a potential order regarding clarification on the settlement were discussed between the attorneys for the Parties, but no agreement was reached on a mutually agreeable order to submit to Judge Link.

8. Immediately after the August 14, 2023 hearing, Judicate West sent

another communication for the arbitration. A true and correct copy of this email is attached to this declaration as **Exhibit 3**.

9. On October 24, 2023, Judge Link held another telephonic hearing for a status of the proposed order regarding settlement clarification. He asked the parties' attorneys to again meet and confer, and if no agreement was possible, to submit proposed order for him to review. The attorneys for Plaintiffs and Wheeler (myself) did meet and confer and ultimately could not reach an agreement on some of the language. On October 25, 2023, I submitted a proposed order in word format so Judge Link could alter it in any way he saw fit. A true and correct copy of this email and its word attachment are attached to this declaration as **Exhibit 4**. Similarly, counsel for Plaintiffs sent two proposed versions, a short one and a longer one. A true and correct copy of this email and its word attachments are attached to this declaration as **Exhibit 5**. This email thread's title is "agreement re forensic discovery" because it is a long thread that included an August discovery dispute between Plaintiffs and Wheeler that resulted in an order compelling discovery pursuant to the new July 2023 California arbitration case number.

10. On or about November 3, 2023, Judge Link signed an order, which aligned with Wheeler's proposed language and not Plaintiffs'. A true and correct copy of the email attaching the order from Judicate West is attached to this declaration as **Exhibit 6**.

11. Since the mediation on March 21, 2023, Plaintiffs have persisted in threatening Mr. Cooper. I requested Judge Link set a hearing to rule on these matters, but Plaintiffs went ahead and filed this action before a hearing could take place. I have since been retained by Cooper to file a new claim for breach of contract and other causes of action in the active July 2023 arbitration against Plaintiffs. That claim was filed on or about October 3, 2023, and Judicate West assigned it the very same case number it had been operating hearings under since at least July 14, 2023. This new claim related to Cooper's disputes against Plaintiffs is active. There is no

reason why Plaintiffs cannot initiate their own counterclaim against Cooper and CCCI should they choose to do so in the proper forum—arbitration at Judicate West in San Diego.

12. Cooper is a resident of San Diego, California, as is Wheeler. WFASD is headquartered in San Diego as are all of their employees (they work in the same office Wheeler used to manage, the former WFA that Plaintiffs purchased most of the assets from in January 2020).

I declare under penalty of perjury under the laws of the United States that I believe the foregoing is true and accurate and correct, in accordance with 28 U.S.C. §1746.

_____

Derek Wilson