![Gmail]

**Derek Wilson <djw@djwlawoffice.com>**

## agreement re forensic discovery

**Matthew Holder** <MHolder@sheppardmullin.com>  Wed, Oct 25, 2023 at 12:01 PM
To: Judge Frederick Link <judgelink@judicatewest.com>, Derek Wilson <djw@djwlawoffice.com>
Cc: Brandon Neuman <brandon.neuman@nelsonmullins.com>, "Peter A. Saba, Esq." <PAS@sspfirm.com>, Matthew Holder <MHolder@sheppardmullin.com>

Dear Judge Link –

Following up on yesterday's call, the parties were not able to reach agreement on a proposed order for your signature. On behalf of Zermatt and WFASD, we presented two versions to Wheeler and Cooper. The longer version addresses both the scope of the release, and the applicability of the dispute resolution provision, consistent with the legal authority provided in my CMC statement from Friday. The shorter version omits any discussion of the dispute resolution provision (leaving that issue for whoever serves as the arbitrator), and focuses only on the release. Attached are these two proposed versions, for your consideration, along with the settlement agreement that would be Exhibit A.

Regarding the longer version, it accurately describes the dispute resolution provision as being between the "Parties" – meaning Wheeler, Zermatt, and WFASD – whereas Wheeler and Cooper's competing proposal does not. Likewise, it accurately tracks the law set forth in our October 20 CMC statement to you, regarding when a third-party beneficiary can seek to enforce a dispute resolution provision in a contract to which he was not a party. *See Fuentes v. TMCSF, Inc.* (2018) 26 Cal.App.5th 541, 551 (explaining that while a third-party beneficiary can enforce a contract's dispute resolution provision as to claims "arising under the contract," he cannot do so as to "other claims" which do not arise under the contract); *Britton v. Co-op Banking Grp.*, 4 F.3d 742 (9th Cir. 1993) (rejecting attempt by non-party to arbitrate where "[Defendant's] acts are subsequent, independent acts of fraud, unrelated to any provision or interpretation of the contract."). Again, Wheeler and Cooper's competing proposal not only fails to address this distinction, but deliberately removes and obscures it, resulting in a legally incorrect set of rulings.

As for the short version, we have presented it as an alternative to the extent Your Honor does not wish to address the jurisdictional issues related to the dispute resolution provision at this time, instead leaving that for consideration by whoever will serve as the arbitrator in this matter. What remains are the proposed rulings related to the release, which should not be in dispute at this point.

[Quoted text hidden]

---

**3 attachments**


**Zermatt LONG version of order.docx**
18K


**Zermatt SHORT version of order.docx**
18K

**Settlement Agreement and Release Following 3-21-2023 Mediation re Liquidated Damages, 4880-9187-8489 v 1.pdf**
442K

## Peter Wheeler v. WFA of San Diego, LLC, et al. (A305751)

*ORDER REGARDING MARCH 21, 2023 SETTLEMENT AGREEMENT*

    This matter came before Judge Frederick L. Link in an August 14, 2023 hearing. After discussions with counsel and review of papers submitted, as well as additional discussions on October 24, 2023, Judge Link hereby orders:

1. The settlement agreement the parties reached on March 21, 2023 included a release of Chris Cooper, a.k.a. Martin Christopher Cooper ("Cooper"). A true and correct copy of the settlement agreement is attached hereto as **Exhibit A** (hereinafter the "Agreement").
2. Cooper is identified in Paragraph 4, subsection a of the Agreement as a releasee.
3. The Agreement was intended to, and does, also include Mr. Cooper's company, Chris Cooper & Company, Inc ("CCCI"), as a released party.
4. As releasees, Cooper and CCCI are intended third-party beneficiaries to the Agreement.
5. The Agreement contains a California Civil Code Section 1542 waiver such that the parties released any claims, known or unknown, based on actions taken before the Agreement was entered into on March 21, 2023.
6. The Agreement does not release any claims relating to any acts or conduct engaged in by a releasee after the Agreement was entered into on March 21, 2023.
7. The Agreement is to be construed in accordance with, and governed by, California law.
8. This order is intended to clarify the issue for the parties and releasees.

IT IS SO ORDERED.


Dated: October ____, 2023              _____
                                                                       Hon. Frederick Link

## **EXHIBIT A**

## Peter Wheeler v. WFA of San Diego, LLC, et al. (A305751)

*ORDER REGARDING MARCH 21, 2023 SETTLEMENT AGREEMENT*

This matter came before Judge Frederick L. Link in an August 14, 2023 hearing. After discussions with counsel and review of papers submitted, as well as additional discussions on October 24, 2023, Judge Link hereby orders:

1. The settlement agreement the parties reached on March 21, 2023 included a release of Chris Cooper, a.k.a. Martin Christopher Cooper ("Cooper"). A true and correct copy of the settlement agreement is attached hereto as **Exhibit A** (hereinafter the "Agreement").
2. Cooper is identified in Paragraph 4, subsection a of the Agreement as a releasee.
3. The Agreement was intended to, and does, also include Mr. Cooper's company, Chris Cooper & Company, Inc ("CCCI"), as a released party.
4. As releasees, Cooper and CCCI are intended third-party beneficiaries to the Agreement.
5. The Agreement contains a California Civil Code Section 1542 waiver such that the parties released any claims, known or unknown, based on actions taken before the Agreement was entered into on March 21, 2023.
6. The Agreement does not release any claims relating to any acts or conduct engaged in by a releasee after the Agreement was entered into on March 21, 2023.
7. The Agreement is to be construed in accordance with, and governed by, California law.
8. The parties to the Agreement (Peter R. Wheeler, Zermatt Holdings LLC, and WFA of San Diego, LLC) agreed to submit any disputes between them, including related to a breach of the Agreement, to the exclusive jurisdiction of Judicate West in San Diego, for arbitration (the "Dispute Resolution Provision").
9. Cooper and CCCI are third-party beneficiaries of the Dispute Resolution Provision with respect to claims arising out of the Agreement, *e.g.*, claims asserting that the release has been violated.
10. Cooper and CCCI are not third-party beneficiaries of the Dispute Resolution with respect to claims that do not arise out of the Agreement, *e.g.*, claims based on conduct which came after March 21, 2023.
11. This order is intended to clarify the issue for the parties and releasees.

IT IS SO ORDERED.

Dated: October \_\_\_\_, 2023 

_____
Hon. Frederick Link

**EXHIBIT A**