# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **ZERMATT HOLDINGS, LLC, et al.,** | : | Case No. **3:23-cv-01423-JJH** |
| | : | |
| Plaintiffs, | : | Judge Jeffrey J. Helmick |
| | : | |
| v. | : | **MOTION TO STRIKE PORTIONS OF** |
| | : | **DEFENDANTS' REPLY BRIEF IN** |
| **COOPER, et al.,** | : | **SUPPORT OF DEFENDANTS' MOTION** |
| | : | **TO STAY PENDING ARBITRATION** |
| Defendants. | : | **AND DECLARATION OF DEREK** |
| | : | **WILSON** |

Now comes Plaintiffs Zermatt Holdings, LLC ("Zermatt") and WFA of San Diego, LLC ("WFASD") (collectively, "Plaintiffs"), by and through counsel, and respectfully moves this Court to strike those portions of both Defendants' Martin Christopher Cooper ("Cooper") and Chris Cooper & Company, Inc.'s ("CCCI") (collectively, "Defendants") Reply Brief in Support of its' Motion to Stay Pending Arbitration, and the Declaration of Derek Wilson ("Wilson") which contain privileged, confidential, and inadmissible mediation communications, and which are extrinsic to the clear and unambiguous arbitration provision. Plaintiffs defer to the Court's discretion of whether the misleading statements made in Derek Wilson's Declaration arise to the level of bad faith justifying an award of sanctions and/or if a hearing should be scheduled to make such a finding. A memorandum in support is attached.

                                                                                                    Respectfully submitted,

                                                                                                    /s/ Peter A. Saba
                                                                                                    Peter A. Saba (0055535)
                                                                                                    Jeffrey M. Nye (0082247)
                                                                                                    Joshua M. Smith (0092360)
                                                                                                    STAGNARO, SABA
                                                                                                    & PATTERSON CO., L.P.A.
                                                                                                    2623 Erie Avenue
                                                                                                    Cincinnati, Ohio 45208

(513) 533-2701<br>
(513) 533-2711 (fax)<br>
pas@sspfirm.com<br>
**Attorneys for Plaintiffs**

## MEMORANDUM IN SUPPORT

### I.   INTRODUCTION

Defendants are once again resorting to referencing inadmissible extrinsic and confidential mediation communications in order to mislead the Court into misinterpreting the scope of the March 21, 2023 settlement agreement's unambiguous arbitration provision. As a result, Plaintiffs respectfully request that this Court strike: 1) Paragraphs 4, 7-11 of the Wilson Declaration, and the July 10, 2023 email from Derek Wilson attached as part of Exhibit 1, as well as Exhibits 3-6 of the Wilson Declaration (Doc # 25-1, PageID # 239-241, 248, 251-275); and 2) the following portions of Defendants' Reply Brief: (i) the first full paragraph on page 3 through the first three lines of page 4 (Doc # 25, PageID # 228-229); (ii) the entirety of Section II(B) (Doc # 25, PageID # 230-231); and (iii) the entirety of Section III (Doc # 25, PageID # 231-234), for the reasons stated below.

### II.   LAW AND ARGUMENT

#### A. This Court has recognized that inadmissible evidence and extrinsic evidence should be struck from the record.

The applicable law regarding motions to strike is more fully briefed in Plaintiff's December 6, 2023, Motion to Strike (Doc # 24). To the extent necessary, the previously stated summary of the applicable law is adopted herein as if fully restated. It is worth repeating that this Court has determined that inadmissible evidence, and any reference to inadmissible evidence should be struck from the record. *See Clay v. AIG Aero. Ins. Servs.*, No. 3:14 CV 2537, 2015 U.S. Dist. LEXIS 109590, at *22-23 (N.D. Ohio Aug. 19, 2015) (remaining cites omitted). This Court has also determined that documents which are extrinsic to a contract, including arguments related to

those extrinsic documents, must be stricken unless a determination has previously been made that the contract is ambiguous. *See N. Cent. Elec. Coop. Inc. v. Linde LLC*, No. 3:16-cv-1890, 2018 U.S. Dist. LEXIS 96029, at *6 (N. D. Ohio June 7, 2018).

While the information in the agreement to mediate, including identification of the parties to the mediation,[1] identification of the mediator and the written settlement agreements resulting from a mediation[2] are admissible under California law, references to any other type of mediation communications or writings in any type of legal proceeding are strictly prohibited.[3] *See* Cal. Evid. Code § 1119. Therefore, any reference to any confidential mediation communication or evidence extrinsic to the unambiguous arbitration provision in the March 21, 2023 settlement agreement must be struck from the record.

**B. In an effort to have this Court consider inadmissible evidence, Derek Wilson's Declaration, contrary to his ethical obligations as an attorney, misrepresents to this Court that the August 14, 2023 hearing was an arbitration, when he knew it was a mediation.**

Paragraphs 4 and 6-11 [*there is not a paragraph 5*] of the Declaration of Wilson constitute a violation of Wilson's professional ethical obligations by repeatedly making misrepresentations to the Court by describing the August 14, 2023 hearing (the "Hearing") as an arbitration hearing when at all relevant times Wilson knew, understood and intended that the hearing would be a

---

[1] California evidence law governs the California mediation proceedings. California Evidence Code § 1120 provides that agreements to mediate a dispute are admissible evidence, and not subject to other disclosure protections in the chapter. Cal. Evid. Code § 1120(b)(1). Thus, references to the Mediation Agreement in this matter are permissible.

[2] California Evidence Code § 1123 in part provides that "[a] written settlement agreement prepared in the course of, or pursuant to, a mediation, is not made inadmissible, or protected from disclosure, by provisions of this chapter if the agreement is signed by the settling parties and any of the following conditions are satisfied: …(b) The agreement provides that it is enforceable or binding or words to that effect…"). Cal. Evid. Code § 1123(b). The March 21, 2023 Settlement Agreement provides that it "constitutes the legal, valid and binding obligation of such Party, enforceable against such Party in accordance with its terms." *See* Match 21, 2023 Settlement Agreement ¶ 10, attached as Exhibit B to the Affidavit of Louis Dworsky, Doc # 23-1, PageID # 211-216. Thus, references to the Settlement Agreement in this matter are permissible.

[3] Pursuant to 28 U.S.C. § 652, the Northern District of Ohio has adopted a local rule regarding the confidentiality of the alternative dispute resolution processes and the disclosure of confidential dispute resolution communications. 28 U.S.C. § 652(d). In fact, L.R. 16.6(h) provides that "the entire mediation process is confidential and privileged," which is even more restrictive than the California law.

mediation. *See* ABA Model Rule of Professional Conduct 8.4 ("It is professional misconduct for a lawyer to: (c) engage in conduct involving dishonesty, fraud, deceit or *misrepresentation…*")(Emphasis added).

In his Declaration, Wilson attempts to use a misunderstanding by Judicate West's administrative staff regarding the mediation to mislead this Court into believing that the August 14, 2023 mediation was an arbitration. *See* Declaration of Wilson ¶¶ 4, 6, Doc. #25-1, PageID # 239. As indicated by Exhibit 1 to Wilson's declaration, during July 2023, the administrative staff at Judicate West misunderstood Wilson's request for a mediation hearing as a request for an arbitration. *See* Exhibit 1 Declaration of Wilson, Doc. #25-1, PageID # 242-248. However, as indicated by Wilsons' August 10, 2023 email to Judge Link (sent just four days prior to the hearing), Wilson recognized that Judge Link was continuing to serve as a mediator, and that Wilson was filing a mediation brief for the August 14, 2023 mediation hearing.[4] *See* Exhibit C to the Affidavit of Louis Dworsky, Doc. #23-1, PageID # 217. Additionally, the *redacted* August 10, 2023 mediation brief submitted by Wilson further confirms that Wilson and his client were attending the August 14, 2023 "mediation hearing in good faith with the hopes of resolving all outstanding disputes." *See* Exhibit A to the Second Affidavit of Louis Dworsky.[5] Wilson made it clear with his email and mediation brief that the August 14, 2023 Hearing was a mediation, not an arbitration. Any attempt to indicate to the contrary is a blatant misrepresentation. It is well within the Court's discretion to determine whether the actions of Wilson arise to the level of bad faith justifying an award of sanctions and/or if a hearing should be scheduled to make such a finding.

---

[4] Pursuant to California Evidence Code § 1120(b)(3), California Evidence Code sections 1115 et seq. do not limit the admissibility of disclosure of the mere fact that a mediator has served, is serving, will serve, or was contacted about serving as a mediator in a dispute.

[5] For the Court's reference, Plaintiffs hereby incorporate the Second Affidavit of Louis Dworsky, which is being submitted contemporaneous to this motion. Pursuant to California Evidence Code § 1120, California Evidence Code sections 1115 et seq. do not limit the admissibility of the unredacted portions of the mediation brief.

"A district court may impose sanctions: (1) under its inherent powers, when no other basis for sanctions exist and a party engaged in particularly egregious, bad faith conduct; or (2) under Federal Rule of Civil Procedure 11, when a party's pleading or other filing conduct is objectively unreasonable." *Sultaana v. Jerman*, No. 1:15-cv-382, 2020 U.S. Dist. LEXIS 272619, at *5 (N.D. Ohio Jan. 28, 2020) (internal cites omitted).

### C. All portions of the Wilson Declaration and the Defendants' Reply Brief which references extrinsic and confidential mediation communication in Sections are inadmissible and must be stricken from the record.

Wilson clearly viewed, treated, and understood that the August 14, 2023 Hearing was a mediation proceeding, thus Defendants' references to any confidential, inadmissible, non-authoritative, extrinsic statements, communications, from the mediation must be stricken from the record. Each of the following contains inadmissible, extrinsic statements or communication from the mediation: (i) Paragraphs 4, 7-11 of the Wilson Declaration (Doc # 25-1, PageID # 239-241), (ii) the July 10, 2023 email from Derek Wilson attached as part of Exhibit 1 to the Wilson Declaration (Doc # 25-1, PageID # 248), (iii) Exhibits 3-6 of the Wilson Declaration (Doc # 25-1, PageID # 251-279), (iv) the first full paragraph on page 3 through the first three lines of page 4 of Defendants' Reply Brief (Doc # 25, PageID # 228-229), (v) the entirety of Section II(B) of Defendants' Reply Brief (Doc #25, PageID # 230-231); and (vi) the entirety of Section III of Defendants' Reply Brief (Doc #25, PageID # 231-234). Such references – and any interpretations of such inadmissible evidence – should not be considered by the Court, and should be stricken from the record.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the following be struck from the record: (i) Paragraphs 4, 7-11 of the Wilson Declaration (Doc # 25-1, PageID # 239-241), (ii)

the July 10,2023 email from Derek Wilson attached as part of Exhibit 1 to the Wilson Declaration (Doc # 25-1, PageID # 248), (iii) Exhibits 3-6 of the Wilson Declaration (Doc # 25-1, PageID # 251-279), (iv) the first full paragraph on page 3 through the first three lines of page 4 of Defendants' Reply Brief (Doc # 25, PageID # 228-229), (v) the entirety of Section II(B) of Defendants' Reply Brief (Doc #25, PageID # 230-231); and (vi) the entirety of Section III of Defendants' Reply Brief (Doc #25, PageID # 231-234).

> Respectfully submitted,
>
> /s/ Peter A. Saba
> Peter A. Saba (0055535)
> Jeffrey M. Nye (0082247)
> Joshua M. Smith (0092360)
> STAGNARO, SABA
> & PATTERSON CO., L.P.A.
> 2623 Erie Avenue
> Cincinnati, Ohio 45208
> (513) 533-2701
> (513) 533-2711 (fax)
> pas@sspfirm.com
> **Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 20, 2023, the undersigned filed the foregoing using the Court's CM/ECF system, which will send notice of such filing to all parties of record.

> /s/ Peter A. Saba
> Peter A. Saba (0055535)