UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ZERMATT HOLDINGS, LLC, ET AL., | ) CASE NO. 3:23-cv-01423-JJH |
| | ) |
| | ) JUDGE JEFFREY J. HELMICK |
| Plaintiffs, | ) |
| | ) DEFENDANTS' MEMORANDUM IN |
| v. | ) OPPOSITION TO PLAINTIFFS' MOTION |
| | ) TO STRIKE PORTIONS OF DEFENDANTS' |
| COOPER, ET AL., | ) MOTION TO STAY PENDING |
| | ) ARBITRATION |
| Defendants. | ) |

## INTRODUCTION

Plaintiffs Zermatt Holdings, LLC's ("Zermatt") and WFA of San Diego, LLC's ("WFASD") (WFASD and Zermatt collectively, "Plaintiffs") motion to strike (*Dkt.* 24) should be denied. Defendants Martin Christopher ("Chris") Cooper ("Cooper") and Chris Cooper & Company, Inc. ("CCCI") (CCCI and Cooper collectively, Defendants) have provided the Court with indisputable proof that Plaintiffs' claims are subject to arbitration and that this lawsuit should be stayed. *See Dkt.* 22-1, at 13 (Exhibit 2). An arbitrator presiding over the parties' disputes, Judge Frederick Link (Ret.), has clarified in a November 3, 2023, order (the "Order") that a prior settlement agreement with a binding arbitration provision applies to Defendants' and Plaintiffs' disputes. This lawsuit should be stayed, as a result.

Unable to refute what the Order actually holds, Plaintiffs attempt to bury and prevent the Court from even considering it altogether. *See generally, Dkt.* 24. Plaintiffs' *sole* argument in support of its motion to strike is that the Order and its staying impact on this lawsuit should not be considered because it issued in a mediation and is confidential and irrelevant. Plaintiffs' assertion has no merit.

First and as discussed in detail below, the Order was issued by Judge Link in his role *as*

1

*an arbitrator and as part of arbitration*, as is plainly clear on the Order's face. *See Dkt.* 22-1 at 13.[1] Second, even if Judge Link had issued the Order in a mediation—which the facts and law show to be false—the Order and its contents may still be considered. Plaintiffs *specifically requested Judge Link to clarify the agreement* with the arbitration provision at issue.

As described in more detail below, the Order is not confidential and is highly relevant to the staying of this case pending arbitration. *See also* Defendants' Motion to Stay (*Dkt.* 22). The Order is admissible for consideration of Defendants' Motion to Stay and as a result, the Court should deny Plaintiffs' motion to strike.

## FACTS[2]

By way of background, on October 21, 2022, Defendants and Peter Wheeler ("Wheeler") mediated disputes with Plaintiffs, which resulted in a settlement. *See* Declaration of Derek Wilson in Opposition to Motion to Strike ("Wilson Dec.") ¶3, attached hereto as Exhibit A. In accordance with the terms of that settlement, Defendants and Wheeler executed an agreement, through which Plaintiffs selected Judge Link as an arbitrator for the parties' disputes, moving forward. *Id.*, ¶3., Exhibit 1 thereto, Section 12.

After Judge Link's selection, a subsequent dispute amongst the parties arose, over which Judge Link accordingly presided. Judge Link signed a discovery order in that proceeding and then conducted another settlement conference on March 21, 2023. *Id.*, ¶¶3-4. At this March 21, 2023, settlement conference, the parties resolved a number of disputes, including Plaintiffs' allegations of disparagement by Defendants; claims against Plaintiffs for harassment of Defendants because of certain letters Defendants sent to Wheeler's former clients on January 1, 2023; and claims

---

[1] References to page numbers on ECF-stamped documents are references to the ECF page number, not native page numbers.
[2] Defendants also include a robust discussion on the Order in its Motion to Stay. *Dkt.* 22 at pp. 2-7 (Section II).

based upon other acts of assistance that Defendants allegedly provided to Wheeler, among other disputes. *Id.*, ¶4.

This March 21, 2023 settlement conference resulted in a second settlement agreement (the "Agreement").[3] The Agreement contains an arbitration provision requiring the arbitration of all future disputes relating to the Agreement. *Dkt*. 22-1 at 9, Section 8 of Exhibit 1.The Agreement also specifically names Cooper as a released party, *i.e.*, as an intended beneficiary. *Id*. The parties also agreed that the Agreement's release includes Wheeler's agents. *Dkt.* 20, ¶32. CCCI is a releasee under the Agreement, as an agent that solicited clients to Wheeler's former business.

Despite the two settlement agreements, Plaintiffs persisted in the continued harassment of Defendants, resulting in yet another proceeding before Judge Link. *See* Wilson Dec., ¶5. On July 14, 2023, Judicate West, the alternative dispute resolution company with which Judge Link is a neutral, assigned an *arbitration case number* for the proceeding governing over these additional disputes and, moreover, scheduled an in-person, full-day *arbitration hearing* for August 14, 2023. *Id*. Nevertheless, and in disregard to the July 14, 2023, arbitration hearing, Plaintiffs filed the instant lawsuit against Defendants ten days later, on July 24, 2023, and have since amended their complaint twice. *See generally Dkts*. 1, 5, 20.[4]

While this lawsuit is active, the arbitration proceeding before Judge Link between Plaintiffs, Wheeler, and Cooper contemporaneously remains ongoing in San Diego, California, as required under the Agreement. The parties submitted briefs in advance of an in-person August 14, 2023 arbitration hearing, at which all parties agreed that Judge Link, as arbitrator, should issue the Order, so as to clarify the scope of the Agreement regarding Cooper's and CCCI's rights under

---

[3] *See also Dkt* 22*,* Defs.' Mot. to Stay Arbitration, at pp. 5-6 (Section II(B)).
[4] As set forth in Defendants' Motion to Stay Pending Arbitration, Cooper is already a party to the arbitration and Plaintiffs have not attempted to assert claims against CCCI in the arbitration. *Dkt*. 22 at 9 (Section II(C)). Nor have Plaintiffs attempted to initiate a separate arbitration hearing against CCCI. *Id.*

the Agreement. Wilson Dec., ¶7. After this hearing, Cooper and Wheeler asserted a new claim for breach of contract and other claims against Defendants under the existing arbitration case number before Judge Link, as required by the Agreement. *Id.*, ¶9. This new claim was due, in part, to Plaintiffs' refusal to dismiss this lawsuit, in contradiction to their prior agreement to arbitrate their new disputes.

On October 24, 2023, after a case management conference in the arbitration, the attorneys for Plaintiffs and Wheeler and Cooper met and conferred on the possible submission of a joint order to clarify the scope of the Agreement, including as to Defendants' status as third-party beneficiaries, released claims, and arbitrable claims. *Id.*, ¶11. They could not agree on the scope of the Order and both parties' attorneys submitted individual proposed orders on behalf of the parties for Judge Link to consider, edit if desired, and issue as a final order. *Id.* Counsel for Plaintiffs and counsel for Cooper and Wheeler submitted their individual proposed orders on October 25, 2023. *Id.*

*Judge Link signed a version of the Order submitted by Cooper and Wheeler.* The Order holds the following as to the Agreement's scope and Defendants' status as it related to the Agreement:

- The Agreement includes a dispute resolution provision that requires any dispute (defined as "any dispute" including those related "in any way" to a breach of the agreement but not limited to such) *to be resolved by arbitration in the exclusive jurisdiction of Judge Frederick Link (Ret.) at Judicate West in San Diego* (the "Venue" and "Arbitration" provisions). *Id.*, ¶11, Exhibit 9 thereto at ¶4.

- *Defendants "benefit from the Arbitration and Venue provisions of the Agreement"*

4

*Id.*, ¶11, Exhibit 9 thereto at ¶6.

- CCCI was intended to be and is a releasee of the Agreement. *Id.*, ¶11, Exhibit 9 thereto at ¶3.

- Defendants "are intended third-party beneficiaries" of the Agreement *Id.*, ¶11, Exhibit 9 thereto at ¶5.

- All of Defendants' conduct and damages giving rise to the claims resolved by the Agreement through March 21, 2023 were released, including claims based upon the January 1, 2023 letters now serving as the foundational basis for Plaintiffs' current complaint against Defendants in this lawsuit. *Id.*, ¶11, Exhibit 9 thereto at ¶2; *see also Dkt* 20 at ¶¶26-29.

Thus, Judge Link's Order establishes that Defendants in this lawsuit—Cooper and CCCI—are third-party beneficiaries to the Agreement, *including its arbitration provision.* This provision requires the parties to arbitrate "any" dispute related "in any way" to past disputes. *See Dkt.* 22 Defs.' Mot. to Stay at p. 8.

## LAW AND ARGUMENT

I. **LEGAL STANDARD FOR A MOTION TO STRIKE.**

Motions to strike are a disfavored remedy to be used sparingly by courts and should only be resorted to "when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953); *Elec. Merch., Sys. LLC v. Searchfinder LLC*, No. 1:23-CV-01012, 2023 WL 6822134, at *1 (N.D. Ohio Oct. 16, 2023). Motions to strike under Fed. R. Civ. P. 12(f) "are addressed to the sound discretion of the trial court, but are generally disfavored." *In re Keithley Instruments, Inc., Derivative Litig.*, 599 F. Supp. 2d 908, 911 (N.D. Ohio 2009); citing *Ameriwood Indus. Int'l Corp. v. Arthur*

5

*Andersen & Co.*, 961 F.Supp. 1078, 1083 (W.D.Mich.1997). "[T]he action of striking a pleading should be sparingly used by the courts," "resorted to only when required for the purposes of justice," and "only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). "Striking a portion of a pleading is a 'drastic remedy.'" *Malibu Media, LLC v. Doe, No.* 1:14CV2293, 2015 WL 5730756, at *2 (N.D. Ohio Sept. 29, 2015); quoting *Dunbar & Sullivan Dredging Co. v. John R. Jurgensen Co.*, 44 F.R.D. 467, 472 (S.D.Ohio 1967), aff'd, 396 F.2d 152 (6th Cir. 1968). Further, the formidable burden of proof is on the movant when bringing a motion to strike. *Malibu Media, LLC*, *supra* at *3; accord Redwood v. Dobson*, 476 F.3d 462, 471 (7th Cir. 2007) (stating that motions to strike "serve no purpose except to aggravate the opponent—and though that may have been the goal here, this goal is not one the judicial system will help any litigant achieve. Motions to strike disserve the interest of judicial economy.").

Plaintiffs fail to meet their required burden of proof for the granting of their motion to strike.

## II. THE ORDER SHOULD NOT BE STRICKEN AS CONFIDENTIAL AS IT WAS ISSUED BY PLAINTIFFS' SELECTED ARBITRATOR AS PART OF AN ARBITRATION PROCEEDING.

The Order and its clarification supporting the conclusion that the claims in this lawsuit should be arbitrated before Judge Link are not confidential and should not be stricken as evidence in support of Defendants' Motion to Stay. *Dkt.* 24 at 7.

As described above and in Defendants' Motion to Stay (*Dkt.* 22 at 6) and as required by the Agreement and October 2022 agreement, the parties agreed to submit their disputes to Judge Link. Plaintiffs and Wheeler submitted numerous disputes to Judge Link since the parties' Agreement. *See Dkt.* 22-1 at 9; *see also* Exhibit A thereto; Wilson Dec., ¶¶3-5, 7, 9, Exhibit 1

thereto at Section 12.[5] Judicate West assigned an *arbitration* number for these proceedings with Judge Link and set an in-person, full-day *arbitration* hearing for August 14, 2023. *Id.,* ¶5, Exhibit 3 thereto.[6] The parties to this arbitration hearing agreed that Judge Link should issue the Order (*id.,* ¶11, Exhibits 7-8) and, after an arbitration case management conference on October 24, 2023, Judge Link issued the Order in his capacity as arbitrator. *Id.*, ¶¶7, 11-12, Exhibits 7-9 thereto. Indeed, the Order *on its face* reveals an arbitration number, A305751.

The Order issued from an arbitration, not a mediation. As a result, Plaintiffs' attempt to obscure this evidence should be rejected and their relied-upon authority on the confidentiality of communications for *mediation proceedings*[7] is inapplicable. Wilson Dec., ¶¶5-8. 10-12. In fact, Plaintiffs' efforts at characterizing the Order as statements or comments of a mediator is also belied by the evidence rules in California, the venue for disputes between the parties. *Dkt.* 22-1 at 9; *see also* Exhibit A thereto; Wilson Dec., ¶¶3-5, 7, 9, Exhibit 1 thereto at Section 12. For instance, Cal. Evid. Code § 1125 provides, in pertinent part, "(a) For purposes of confidentiality under this chapter, a mediation ends when any one of the following conditions is satisfied: . . . (1) The parties execute a written settlement agreement that fully resolves the dispute." *Id.* The plain terms of § 1125 refute the notion that Judge Link's Order was issued in a mediation. The October 2022 and

---

[5] These disputes include: (i) a discovery order regarding the hard drive search of Wheeler; (ii) disputes regarding Plaintiffs' ongoing harassment of Defendants; (iii) and others. *Id.*

[6] As discussed above in the Facts section, Judicate West, on behalf of Judge Link, referred to the August 14, 2023, hearing as a binding arbitration hearing. *Id.*, ¶¶ 6, 8, 10 Exhibits 4-6. Counsel for Plaintiffs and Wheeler submitted briefs in advance of this arbitration hearing. *Id*. ¶ 6.

[7] Plaintiffs reference the following inapplicable authority:

- 28 U.S.C. § 652(d) which vests the confidentiality of alternative dispute resolution proceedings with the District Courts. This rule is inapplicable to Judge Link's proceedings;
- N.D. Ohio Local Rule 16.6(h) which incorporates Ohio Rev. Code Ch. 2710 in its description of confidential *mediation* evidence; and
- Ohio Rev. Code Ch. 2710.06, which *only* prohibits disclosure of a "report, assessment, evaluation, recommendation, finding, or other communication regarding a mediation" to a court "that may make a ruling on the dispute that is the subject of the mediation."

7

March 2023 mediations from which Plaintiffs claim the Order issued *had already concluded,* as a result of the signed settlement agreements between Plaintiffs and Wheeler. Those mediations had ended long before Judge Link issued the Order.

Therefore, as the Order is part of an arbitration proceeding, it is not confidential. Likewise, paragraphs 5, 6, and 7 of Wheeler's declaration[8] are not confidential. The statements Plaintiffs seek to strike from Wheeler's declaration are part of Judge Link's arbitration proceedings and relate to the findings in his Order.

The evidence and common sense point to the fact Judge Link issued the Order as an arbitrator selected by Plaintiffs, not as a mediator. The Order is not a confidential mediation communication and is highly relevant and admissible to the Court's analysis of Defendants' Motion to Stay and Defendants' opposition. For this first reason, Plaintiffs' motion to strike should be denied.

**III.    THE ORDER IS ADMISSIBLE EVEN IF IT WERE ISSUED FROM MEDIATION.**

While communications in mediation are generally confidential, when a disagreement exists about the application of a settlement, a mediator's clarification on the settlement is admissible *when the parties request that clarification. Radford v. Shehorn,* 187 Cal. App. 4th 852, 853 (Ca. Ct. App. 2010) (*citing Cal. Evid Code* § 1121). "Some mediation communications and writings are admissible, if the statutory requirements are met…" *Wimsatt v. Superior Ct.*, 152 Cal. App. 4th 137, 151, 61 Cal. Rptr. 3d 200, 209 (2007).[9] Plaintiffs omit this exception to the

---

[8] Plaintiffs' complaints regarding paragraphs 5 and 6 of Wheeler's declaration as to Cooper's inclusion as a releasee to the Agreement are without merit. Cooper is a releasee under the plain terms of the Agreement. Confirmation of this fact and the fact that Cooper is a third-party beneficiary is part of the arbitration proceedings before Judge Link and Judge Link concluded that Cooper is a third-party beneficiary under the Agreement in the Order. Plaintiffs' complaint as to paragraph 7 relates specifically to the contents of the Order.

[9] Defendants are third-party beneficiaries to the Agreement, per the Order, as Plaintiffs must concede. The Agreement contains a California choice of law provision. Wilson Dec., ¶4, Exhibit 2 thereto.

California evidence statutes in their motion to strike.

As stated repeatedly above, Plaintiffs were *not* operating under the impression that Judge Link was acting as a mediator when they solicited his Order regarding the Agreement—Plaintiffs have manufactured this argument to avoid the staying of this lawsuit and to prevent the Court from learning about their arbitration obligations.[10] But, even assuming the Order were issued by Judge Link as a *mediator,* Plaintiffs' suggestion that the Order is confidential still lacks merit. *Cooper and Plaintiffs, through their counsel, had specifically requested this clarification from Judge Link* (Wilson Dec., ¶11), making the Order an exception to the general confidentiality of mediation communications, pursuant to Cal Evid. R. § 1121, as recognized in *Radford* and *Wimsatt,* and as discussed above. For this second reason, the Order is not confidential and Plaintiffs' motion to strike should be denied.

**IV.    IF GRANTED, PLAINTIFFS' MOTION TO STRIKE THE ORDER PLAINTIFFS THEMSELVES HAD SOUGHT WILL DEFEAT THE ENTIRE PURPOSE OF THE ARBITRATION PROVISION.**

To the extent Plaintiffs assert that the Order and the declarations and briefing discussing it should be stricken because "extrinsic" evidence should not be considered as to the Agreement's arbitration provision, that argument misses the mark. First, Defendants are not utilizing the Order as extrinsic evidence to improperly create an ambiguity where none exists. The Order is a binding decision issued by Judge Link, whom Plaintiffs agreed would resolve disputes about the Agreement. Plaintiffs' assertion in their motion to strike—that the Court should now disregard and strike the very Order that Plaintiffs had previously sought as to the scope of the Agreement and its arbitration provision—would defeat the entire purpose of having arbitration agreement, leading to

---

[10] The email chain reflecting Plaintiffs' request for the Order through counsel also discusses forensic discovery that Judge Link had previously ordered in his role as arbitrator for the post-Agreement disputes between Plaintiffs and Wheeler. *See* Wilson Dec., ¶11, Exhibit 9 thereto. Plaintiffs have submitted numerous ongoing disputes to Judge Link and the attorneys for the signatories to the Agreement requested him to issue the Order clarifying the Agreement. Wilson Dec., ¶¶5, 7, 11.

an absurd result. *See, e.g., Goodyear Tire & Rubber Co. v. Loc. Union No. 200, United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 42 Ohio St. 2d 516, 520, 330 N.E.2d 703, 706 (1975) ("Were the arbitrator's decision to be subject to reversal because a reviewing court disagreed with findings of fact or with an interpretation of the contract, arbitration would become only an added proceeding and expense prior to final judicial determination. This would defeat the bargain made by the parties and would defeat as well the strong public policy favoring private settlement of grievance disputes arising from collective bargaining agreements.").

Second, even when considering the Agreement's plain terms and as also explained in Defendants' Motion to Stay, the Agreement requires the arbitration of Plaintiffs' claims. The Agreement expressly names Cooper as a releasee, *i.e.*, as a third-party beneficiary, and Plaintiffs' own complaint—a judicial admission—concedes that both Cooper and CCCI are encompassed by the Agreement's release provision. *Dkt.* 20, ¶32; *see also Ferguson v. Neighborhood Hous. Servs. of Cleveland, Inc.*, 780 F.2d 549, 551 (6th Cir. 1986) ("[U]nder federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court."). Defendants are able to enforce the Agreement's arbitration provision as to Plaintiffs' claims as third-party beneficiaries to the Agreement—which the Order of Plaintiffs' handpicked arbitrator also confirms.

Third, while Defendants assert that the Agreement unambiguously requires that disputes about its meaning and scope be resolved in arbitration, it bears noting that if the Court disagrees, the Agreement would be ambiguous, at best. In such case, the Court could, in fact, properly consider the Order, even if characterized as "extrinsic evidence" as Plaintiffs asserts. *Schmidt v. Macco Const. Co.*, 119 Cal. App. 2d 717, 730, 260 P.2d 230, 237 (1953) (holding that if a contract is uncertain or ambiguous, evidence is admissible to show what the parties meant by the uncertain

or ambiguous word or phrase used in the written contract).

For these additional reasons, Plaintiffs' motion to strike should be denied.

## CONCLUSION

For the reasons stated herein, Defendants request that the Court deny Plaintiffs' motion to strike and consider the Order when ruling on Defendants' Motion to Stay.

Dated: December 20, 2023

                                      Respectfully submitted,

                                      */s/ Philip R. Bautista*
                                      Philip R. Bautista (0073272)
                                      pbautista@taftlaw.com
                                      Daniel H. Bryan (0095309)
                                      dbryan@taftlaw.com
                                      TAFT STETTINIUS & HOLLISTER LLP
                                      200 Public Square, Suite 3500
                                      Cleveland, Ohio 44114-2302
                                      Telephone: (216) 241-2838
                                      Facsimile: (216) 241-3707

                                      *Attorneys for Defendants Martin Christopher Cooper and Chris Cooper & Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2023, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Philip R. Bautista*
Philip R. Bautista (0073272)

*Attorney for Defendants Martin Christopher Cooper and Chris Cooper & Company, Inc.*

130378772