# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ZERMATT HOLDINGS, LLC, and WFA of SAN DIEGO, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MARTIN CHRISTOPHER ("CHRIS") COOPER, an individual <br><br> and <br><br> CHRIS COOPER & COMPANY, INC, an Ohio corporation, <br><br> Defendants. | Case No. 3:23-cv-01423-JJH <br><br> Judge Jeffrey J. Helmick <br><br> **DECLARATION OF DEREK WILSON** |

I, Derek Wilson, hereby declare as follows:

1.  I am competent to testify and have personal knowledge of the matters set forth herein.

2.  I am an attorney licensed to practice law in California and Arizona. I am the owner and managing attorney of the Law Office of Derek J. Wilson. I have represented Peter Wheeler ("Wheeler") in his litigation with Zermatt Holdings, LLC ("Zermatt") and WFA of San Diego, LLC ("WFASD")(collectively "Plaintiffs") since January 2022.

3.  I represented Wheeler at a mediation on October 21, 2022, which resulted in a settlement. Part of that agreement included an arbitration provision selecting Judge Link as the arbitrator on any future disputes related to the released claims, similar to the arbitration agreement reached in March 21, 2023 that includes Defendants. Thereafter, Plaintiffs and Wheeler had subsequent disputes that were

addressed by a discovery order signed by Judge Frederick Link (Ret.) as intended by the October 2022 settlement agreement. A true and correct copy of this agreement is attached to this declaration as **Exhibit 1**.

4. After discovery, a second mediation was held on March 21, 2023, which also resulted in a settlement. At this mediation, Cooper was included in the release specifically because of actions taken by Plaintiffs threatening litigation (as alluded to in the SAC ¶¶ 30-31). A true and correct copy of this agreement is attached to this declaration as **Exhibit 2**.

5. A number of subsequent disputes arose, including WFASD and Zermatt's ongoing harassment of Cooper and CCCI. Judge Link acted as an arbitrator for ongoing disputes, by among other things, holding telephonic hearings, and signing another discovery order. Due to the ongoing activity in the case, Judicate West initiated a new case number by July 14, 2023, for the ongoing disputes, assigning it an arbitration number and subsequently holding an in-person hearing on these issues on August 14, 2023. A true and correct copy of the July 10-14, 2023, email thread wherein I requested a hearing from Judge Link regarding the threat of an Ohio lawsuit, and the new arbitration claim being opened by Judicate West, is attached to this declaration as **Exhibit 3**.

6. On July 31, 2023, in advance of the August 14, 2023 hearing, Judicate West sent email communication for the arbitration. This communication references the hearing on August 14, 2023 as an arbitration hearing. A true and correct copy of this email is attached to this declaration as **Exhibit 4**. The parties exchanged briefs in advance of this hearing.

7. At the August 14, 2023, hearing, for which both parties submitted briefing, Judge Link indicated he would issue a ruling clarifying the Agreement in his capacity as an arbitrator based on his ongoing role in the disputes. Both counsel for Plaintiffs and Wheeler (myself) assented to this. Plaintiffs also claimed additional discovery was needed concerning claimed breaches of the Agreement, resulting in a

second discovery order compelling additional discovery reached after this hearing. In the resulting two-plus months, numerous versions of a potential order regarding clarification on the settlement were discussed between the attorneys for the Parties, but no agreement was reached on a mutually agreeable order to submit to Judge Link.

8. Immediately after the August 14, 2023 hearing, Judicate West sent another communication for the arbitration. A true and correct copy of this email is attached to this declaration as **Exhibit 5**.

9. Since the mediation on March 21, 2023, Plaintiffs have persisted in threatening Mr. Cooper. I requested Judge Link set a hearing to rule on these matters, but Plaintiffs went ahead and filed this action before a hearing could take place. I have since been retained by Cooper to file a new claim for breach of contract and other causes of action in the active July 2023 arbitration against Plaintiffs. That claim was filed on or about October 3, 2023, and Judicate West assigned it the very same case number it had been operating hearings under since at least July 14, 2023. These newly filed claims relate to Cooper's disputes against Plaintiffs and is active. There is no reason why Plaintiffs cannot initiate their own counterclaim against Cooper and CCCI should they choose to do so in the proper forum—arbitration at Judicate West in San Diego.

10. A Case Management Conference for the pending arbitration was conducted on October 24, 2023, and Judicate West invoiced Wheeler's counsel and Plaintiffs' counsel for the arbitrator's time on August 14 and October 24, not the mediator's time. A true and correct copy of these invoices and the email that attached them is attached to this declaration as **Exhibit 6**.

11. At Judge Link's October 24, 2023, Case Management Conference the parties again broached the topic of a proposed order they wished to solicit from Judge Link regarding clarification on the March 21, 2023, settlement agreement. There was more than a month gap of communications between counsel for the parties

and Judge Link regarding the issues discussed at the August 14, 2023, hearing and the October 24, 2023, Case Management Conference hearing for the arbitration. At the Case Management Conference, Judge Link asked the parties' attorneys to again meet and confer, and if no agreement was possible, to submit a proposed order for him to review. The attorneys for Plaintiffs and Wheeler (myself) did meet and confer and ultimately could not reach an agreement on some of the language. On October 25, 2023, I submitted a proposed order in word format so Judge Link could alter it in any way he saw fit. A true and correct copy of this email and its word attachment are attached to this declaration as **Exhibit 7**. Similarly, counsel for Plaintiffs sent two proposed versions, a short one and a longer one. A true and correct copy of this email and its word attachments are attached to this declaration as **Exhibit 8**. This email thread's title is "agreement re forensic discovery" because it is a long thread that included an August discovery dispute between Plaintiffs and Wheeler that resulted in an order compelling discovery pursuant to the new July 2023 California arbitration case number.

  12. On or about November 3, 2023, Judge Link signed an order, which aligned with Wheeler's proposed language and not Plaintiffs'. A true and correct copy of the email attaching the order from Judicate West is attached to this declaration as **Exhibit 9**.

  I declare under penalty of perjury that the foregoing statements are true and correct. Further affiant sayeth naught.

Dated: December 20, 2023

*/s/ Derek Wilson*
_____
Derek Wilson