Derek Wilson &lt;djw@djwlawoffice.com&gt;

---

## Regarding Peter R. Wheeler, et al. vs. WFA of San Diego, LLC, et al. A305751

**MaryAnn Campbell** &lt;maryann@judicatewest.com&gt;  Mon, Nov 6, 2023 at 9:35 AM
Reply-To: maryann@judicatewest.com
To: djw@djwlawoffice.com, mholder@sheppardmullin.com, brandon.neuman@nelsonmullins.com, PAS@sspfirm.com
Cc: GNuttall@sheppardmullin.com

Good morning Counsel,

Please see attached for the Order Regarding the March 21, 2023 Settlement Agreement.

Thank you,

**MARYANN CAMPBELL**
**Senior Case Manager**

**402 W. Broadway, Ste 2400 | San Diego, CA 92101**
**Phone: 619.814.1966 | maryann@judicatewest.com**
**Direct: 714.852.5193**

**Celebrating 30 years of providing Results Beyond Dispute**
**Please visit our new website: www.JudicateWest.com**

---

📄 **ORDER REGARDING MARCH 21, 2023 SETTLEMENT AGREEMENT.pdf**
1043K

**EXHIBIT 9**

**Peter Wheeler v. WFA of San Diego, LLC, et al. (A305751)**

*ORDER REGARDING MARCH 21, 2023 SETTLEMENT AGREEMENT*

This matter came before Judge Frederick L. Link in an August 14, 2023 hearing. After discussions with counsel and review of papers submitted, as well as additional discussions on October 24, 2023, Judge Link hereby orders:

1. The settlement agreement the parties reached on March 21, 2023 included a release of Chris Cooper, a.k.a. Martin Christopher Cooper ("Cooper"). A true and correct copy of the agreement is attached hereto as **Exhibit A** (hereinafter the "Agreement").
2. Cooper is identified in Paragraph 4, subsection a of the Agreement, as a releasee. Cooper was alleged to have wrongfully sent letters dated January 1, 2023, to recipients in Ohio. This claim was resolved by means of the Agreement.
3. The Agreement was intended to, and does, also include Mr. Cooper's company, Chris Cooper & Company, Inc. ("CCCI") as a released party.
4. The Agreement includes a dispute resolution provision that requires any dispute (defined as any dispute, including those related to a breach of the agreement but not limited to such) to be resolved by arbitration in the exclusive jurisdiction of Judge Frederick Link (Ret.) at Judicate West in San Diego (the "Venue" and "Arbitration" provisions).
5. Cooper and CCCI are intended third-party beneficiaries to the Agreement.
6. Cooper and CCCI benefit from the Arbitration and Venue provisions of the Agreement.
7. The Agreement contains a provision wherein the Zermatt Releasees (including but not limited to Zermatt Holdings LLC and WFA of San Diego, LLC) released the Wheeler Releasees (including, but not limited to, Peter Wheeler, Cooper, and CCCI) from all known and unknown claims of whatever kind or nature in law, equity, or otherwise, which the Zermatt Parties owned including, but not limited to, all such claims arising out of, or in any way connected with, the disputes resolved in the Agreement.
8. The Agreement also contains a California Civil Code Section 1542 waiver such that the parties released any claims, known or unknown, based on actions or omissions taken before the agreement was entered into on the evening of March 21, 2023.
9. The Agreement does not release any claims against any releasee relating to any acts or conduct engaged in by a releasee after the agreement was entered into on March 21, 2023, so long as this conduct or purported injury does not arise out of, or is not in any way connected to, the disputes settled in the Agreement.
10. This order is intended to clarify the issue for the parties and releasees.

IT IS SO ORDERED.

Dated: November _3_, 2023

*Frederick L. Link*
Hon. Frederick Link

# Exhibit A

## CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Confidential Settlement Agreement and Mutual General Release (the "Agreement") is made by and between PETER R. WHEELER ("Wheeler"), on the one hand, and ZERMATT HOLDINGS LLC, a North Carolina limited liability company ("Zermatt") and WFA of San Diego, LLC, a North Carolina limited liability company ("WFASD") (together, the "Zermatt Parties"), on the other hand. Each of Wheeler, Zermatt, and WFASD shall be referred to as a "Party," and together as "the Parties."

1. Recitals.

   a. On October 21, 2022, the Parties settled their underlying arbitration and civil litigation, and otherwise entered into a mutual general release (the "October 2022 Settlement"). As part of the October 2022 Settlement, the Zermatt Parties paid $[REDACTED] to Wheeler on or about December 31, 2022. In addition, through December 31, 2022, Wheeler continued to owe certain non-solicitation and non-competition obligations to the Zermatt Parties pursuant to the underlying Asset Purchase Agreement ("APA") between the Parties.

   b. Disputes have arisen since the October 2022 Settlement regarding the Parties' respective compliance with their obligations under that contract, as well as the ongoing obligations under the APA. Among other things, the Zermatt Parties accuse Wheeler of breaching the non-solicitation and non-competition covenants in the APA via his conduct between the October 2022 Settlement and December 31, 2022, of disparaging the Zermatt Parties in violation of the October 2022 Settlement, and of breaching the confidentiality of the October 2022 Settlement. Among other things, Wheeler accuses the Zermatt Parties of disparaging him in violation of the October 2022 Settlement. Both sides have claimed damages against the other, and have also claimed a right to prevailing party attorney's fees pursuant to the October 2022 Settlement and/or APA.

   c. The Parties have vigorously contested their competing claims and defenses, including in connection with the October 2022 Settlement and APA. These competing claims and defenses are referred collectively as the "Disputes." Except as otherwise set forth herein, the Parties desire to resolve the Disputes, and all issues raised by or related to the Disputes, along with all known and unknown claims as set forth in the releases below, without the further expenditure of time or the expense of contested litigation, notwithstanding the fact that they might learn new facts and develop new arguments were they to pursue contested litigation and the discovery process related thereto. For these reasons, they have entered into this Agreement.

2. No Admission of Liability. The Parties expressly deny any violation of any federal, state or local statute, ordinance, rule, regulation, policy, order or other law, or any contract or other duty owed to each other, and further deny any liability to each other. This Agreement is the compromise of disputed claims and nothing contained herein is to be construed as an admission of liability on the part of the Parties, by whom liability is expressly denied. Accordingly, while this Agreement resolves all issues referenced herein, it does not constitute an adjudication or finding on the merits of the allegations in the Disputes and it is not, and shall not be construed as, an admission by the Parties, or any of them, of any wrongdoing or any liability.

3. <u>Consideration by Wheeler</u>. Except as otherwise set forth herein, in consideration of and in return for the promises and covenants undertaken herein by the Zermatt Parties, and for other good and valuable consideration, receipt of which is hereby acknowledged:

    a. Wheeler shall pay to the Zermatt Parties the total gross sum of ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ (the "Settlement Payment"). The Settlement Payment shall be made by way of two checks made out to Zermatt Holdings LLC in the amount of ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. The first check for ▌▌▌▌▌▌ shall be delivered via overnight to ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

    b. Except as otherwise set forth herein, Wheeler, on behalf of himself, his predecessors, successors, parents, owners, subsidiaries, and other affiliates, hereby acknowledges full and complete satisfaction of and does hereby releases, absolves and discharges the Zermatt Parties, including their predecessors, successors, owners, shareholders, parent entities, subsidiaries, affiliates, trustees, insurers, officers, directors, employees, attorneys and agents, whether current or former (the "Zermatt Party Releasees"), from any and all claims, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, grievances, wages, vacation payments, severance payments, obligations, commissions, overtime payments, debts, profit sharing claims, expenses, damages, judgments, orders and liabilities of whatever kind or nature in law, equity or otherwise, whether known or unknown to Wheeler which Wheeler now owns or holds or has at any time owned or held as against the Zermatt Party Releasees, or any of them, including specifically but not exclusively and without limiting the generality of the foregoing, any and all claims, demands, grievances, agreements, obligations and causes of action, known or unknown, suspected or unsuspected: (1) arising out of or in any way connected with the Disputes; or (2) arising out of or in any way connected with any claim, loss, damage or injury whatever, known or unknown, suspected or unsuspected, resulting from any act or omission by or on the part of the Zermatt Party Releasees, or any of them, committed or omitted on or before the date that Wheeler signs this Agreement. WHEELER AGREES AND ACKNOWLEDGES HE IS WAIVING ANY RIGHT TO RECOVERY BASED ON STATE OR FEDERAL AGE, SEX, PREGNANCY, RACE, COLOR, NATIONAL ORIGIN, MARITAL STATUS, RELIGION, VETERAN STATUS, DISABILITY, SEXUAL ORIENTATION, MEDICAL CONDITION OR OTHER ANTI-DISCRIMINATION LAWS, INCLUDING, WITHOUT LIMITATION, TITLE VII, THE AGE DISCRIMINATION IN EMPLOYMENT ACT, THE OLDER WORKERS BENEFIT PROTECTION ACT, THE AMERICANS WITH DISABILITIES ACT AND THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, ALL AS AMENDED, WHETHER SUCH CLAIM BE BASED UPON AN ACTION FILED BY EMPLOYEE OR BY A GOVERNMENTAL AGENCY. This release does not, however, release claims that cannot be released as a matter of law, nor does it release any claims based on any failure by the Zermatt Parties to perform under the terms of this Agreement.

    4. <u>Consideration by the Zermatt Parties</u>. Except as otherwise set forth herein, in consideration of and in return for the promises and covenants undertaken herein by Wheeler, and for other good and valuable consideration, receipt of which is hereby acknowledged:

a. Except as otherwise set forth herein, the Zermatt Parties, on behalf of themselves, their predecessors, successors, owners, subsidiaries, and other affiliates, hereby acknowledge full and complete satisfaction of and do hereby release, absolve and discharge Wheeler, including his predecessors, successors, owners, shareholders, parent entities, subsidiaries, affiliates, trustees, insurers, officers, directors, employees, attorneys and agents, whether current or former, as well as Chris Cooper (the "Wheeler Releasees"), from any and all claims, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, grievances, damages, judgments, orders and liabilities of whatever kind or nature in law, equity or otherwise, in each case whether known or unknown to the Zermatt Parties, which the Zermatt Parties now own or hold or have at any time owned or held as against the Wheeler Releasees, including but not limited to all such claims (1) arising out of or in any way connected with the Disputes, or (2) arising out of or in any way connected with any claim, loss, damage or injury whatever, known or unknown, suspected or unsuspected, resulting from any act or omission by or on the part of the Wheeler Parties, committed or omitted on or before the date that the Zermatt Parties sign this Agreement. This release does not, however, release claims that cannot be released as a matter of law, nor does it release any claims based on any failure by Wheeler to perform under the terms of this Agreement.

5. General Release of All Claims. Except as otherwise set forth herein or for purposes of enforcing this Agreement, it is the intention of the Parties in executing this instrument that it shall be effective as a bar to each and every claim, demand, grievance and cause of action hereinabove specified. In furtherance of this intention, the Parties hereby expressly waive any and all rights and benefits conferred upon each other by the provisions of Section 1542 of the California Civil Code and expressly consent that this Agreement shall be given full force and effect according to each and all of its express terms and provisions, including those relating to unknown and unsuspected claims, demands and causes of action, if any, as well as those relating to any other claims, demands and causes of action hereinabove specified. Section 1542 provides:

> **"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."**

Having been so apprised, the Parties nevertheless hereby voluntarily elect to and do waive the rights described in Civil Code Section 1542 and elect to assume all risks for claims herein specified that now exist in their favor, *known or unknown.*

6. October 2022 Settlement. Except where explicitly stated in this Agreement, the terms and conditions of the October 2022 Settlement remains in full force and effect, and is not intended to be superseded by this Agreement.

7. Entire Agreement. Except as otherwise set forth herein, the undersigned each acknowledge and represent that no promise or representation not contained in this Agreement has been made to them and acknowledge and represent that this Agreement contains the entire understanding between the Parties and contains all terms and conditions pertaining to the

compromise and settlement of the subjects referenced herein. The undersigned further acknowledge that the terms of this Agreement are contractual and not a mere recital. Any modification to this Agreement must be in writing and signed by the Parties.

8. <u>Governing Law and Dispute Resolution</u>. This Agreement shall be construed in accordance with, and be deemed governed by, the laws of the State of California. In the event of any dispute between them, including related to a breach of this Agreement, or the October 2022 Settlement, the Parties agree that they will submit such dispute to the exclusive jurisdiction of Judge Frederick Link (Ret.) for resolution, with venue in San Diego, California, without prejudice to the right to seek preliminary injunctive relief in court as may be necessary and appropriate. If for any reason Judge Link is not able to serve as the arbitrator, the Parties agree to appoint an arbitrator using Judicate West, and hereby waive any right to a jury trial. In any action arising out of or related to this Agreement, or to otherwise enforce any provision in this Agreement, the prevailing party shall be entitled to its reasonable attorney's fees and costs.

9. <u>No Prior Assignments</u>. Except as provided herein, the Parties hereby represent and warrant that they are the sole and exclusive owners of the rights, claims and causes of action herein released, which are free of any pledges, charges, equities, claims, covenants, liens or encumbrances in favor of any other person, firm or institution, and the Parties have not heretofore assigned or transferred, or purported to assign or transfer, to any other third person or entity any claim, right, liability, demand, obligation, expense, action or causes of action being waived or released pursuant to this Agreement.

10. <u>Full Authority</u>. Each Party hereby represents and warrants to the other Party that it has the full right, power and authority to enter into this Agreement, to grant the releases contained herein, and to perform its obligations hereunder. The execution of this Agreement by the individual whose signature is provided at the end of this Agreement on behalf of such Party, and the delivery of this Agreement by such Party, have been duly authorized by all necessary action on the part of such Party. This Agreement has been executed and delivered by such Party and (assuming due authorization, execution and delivery by the other Party hereto) constitutes the legal, valid and binding obligation of such Party, enforceable against such Party in accordance with its terms.

11. <u>Benefit of Successors</u>. This Agreement and all covenants and releases set forth herein shall be binding upon and shall inure to the benefit of the respective Parties hereto, their legal successors, heirs, assigns, partners, representatives, parent companies, subsidiary companies, agents, attorneys, officers, employees, directors and shareholders.

12. <u>Not Construed Against Drafting Party</u>. This Agreement and the provisions contained herein shall not be construed or interpreted for or against either Party hereto because that Party drafted or caused that Party's legal representative to draft any of its provisions.

13. <u>Representation by Counsel and Informed Consent</u>. The Parties expressly acknowledge and represent that they have been represented by counsel in the negotiations culminating in this Agreement and that each of them has read this Agreement, reviewed the same, and fully understand the meaning and effect of each and every provision of this Agreement, in particular the meaning and effect of California Civil Code section 1542. The

Parties further agree and acknowledge they have been given reasonable and adequate time to review and consider this Agreement, and decide whether to enter into this Agreement.

14. <u>Severability</u>. If any provision of this Agreement or application thereof is held invalid, the invalidity shall not affect other provisions or applications of the Agreement that can be given effect without the invalid provision or application. To this end, the provisions of this Agreement are severable.

15. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed to be an original and such counterparts shall together constitute one and the same Agreement. Facsimile, PDF and electronic signatures on this Agreement shall be as legally binding as an original signature.

16. <u>Circular 230 Disclaimer</u>. Each Party to this Agreement (for purposes of this section, the "Acknowledging Party"; and each Party to this Agreement other than the Acknowledging Party, an "Other Party") acknowledges and agrees that (1) no provision of this Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 C.F.R. part 10, as amended); (2) the Acknowledging Party (a) has relied exclusively upon his/her or its own, independent legal and tax advisers for advice (including tax advice) in connection with this Agreement, (b) has not entered into this Agreement based upon the recommendation of any other Party or any attorney or advisor to any other Party, and (c) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any other Party to avoid any tax penalty that may be imposed on the Acknowledging Party; and (3) no attorney or adviser to any other Party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the Acknowledging Party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Agreement.

I have read the foregoing Confidential Settlement Agreement and Mutual General Release and I accept and agree to the provisions contained therein and hereby execute it voluntarily and with full understanding of its consequences.

        PLEASE READ CAREFULLY. THIS AGREEMENT
        CONTAINS A MUTUAL GENERAL RELEASE OF ALL
        KNOWN AND UNKNOWN CLAIMS.

Dated: March 21, 2023

                                                  */s/ Peter W. Wheeler*
                                      Peter W. Wheeler, individually and as
                                      controlling shareholder of Wheeler Frost
                                      Associates, Inc.

Dated: March 21, 2023

Dated: March 21, 2023

Zermatt Holdings LLC

By: Louis Dworsky

Its: Managing Member

WFA of San Diego, LLC

By: Louis Dworsky

Its: Managing Member