# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ZERMATT HOLDINGS, LLC, et al., | Case No. **3:23-cv-01423-JJH** |
| Plaintiffs, | |
| | Judge Jeffrey J. Helmick |
| v. | |
| MARTIN CHRISTOPHER COOPER, et al., | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE PORTIONS OF DEFENDANTS' MOTION TO STAY PENDING ARBITRATION AND DECLARATION OF PETER WHEELER** |
| Defendants. | |

Defendants insist on resorting to unethical tactics in order to mislead the Court into considering extrinsic inadmissible evidence when interpreting an unambiguous arbitration provision. The arbitration provision clearly does not apply to the Defendants nor to the claims raised in this litigation, thereby precluding any stay of this litigation pending arbitration[1]. This is why the Defendants continue to present false declarations and misstatements of the applicable law in hopes the court will misread the arbitration provision based upon inadmissible extrinsic evidence from confidential mediation proceedings. Accordingly, Plaintiffs respectfully request that page 5 and thereafter of the Defendants Motion to Stay Pending Arbitration (DOC #22, PAGEID #171-179), and paragraphs 5, 6 and 7 of the Declaration of Peter Wheeler (the "Wheeler Declaration," ¶¶ 5-7, DOC #22-1, PAGEID #181-182) be struck from the record.

> **A. Defendants double down on the inadmissible Declaration of Peter Wheeler with two unethical Declarations from attorney, Derek Wilson[2]. Wilson knowingly attempts to mislead this Court that the August 14, 2023 hearing was an arbitration, when he knew it was a mediation.**

---

[1] The facts and law establishing that there should be no stay of this litigation pending the post hoc arbitration is more fully briefed in Plaintiffs Memorandum in Opposition to Defendants Motion to Stay Pending Arbitration (DOC # 23)

[2] The December 20, 2023 Declaration of Derek Wilson (DOC. #29-1) essentially repeats the misleading and unethical statements from the Declaration of Derek Wilson (DOC. #26) filed in support of Defendants' Reply in Support of Defendants' Motion to Stay.

1

Paragraphs 5-12 of the December 20, 2023 Declaration of Wilson constitute a violation of Wilson's professional ethical obligations by repeatedly making misrepresentations to the Court by describing the August 14, 2023 hearing (the "Hearing") as an arbitration hearing when at all relevant times Wilson knew, understood and intended that the hearing would be a mediation. *See* Declaration of Derek Wilson, DOC. #29-1, PageID # 327-329; and ABA Model Rule of Professional Conduct 8.4 ("It is professional misconduct for a lawyer to: (c) engage in conduct involving dishonesty, fraud, deceit or *misrepresentation*…")(Emphasis added).

As indicated by Wilsons' August 10, 2023 email to Judge Link (sent just four days prior to the hearing), Wilson recognized that Judge Link was continuing to serve as a mediator, and that Wilson was filing a mediation brief for the August 14, 2023 mediation hearing.[3] *See* Exhibit C to the Affidavit of Louis Dworsky, DOC. #23-1, PageID # 217. Additionally, the **redacted** August 10, 2023 mediation brief submitted by Wilson further confirms that Wilson and his client were attending the August 14, 2023 "mediation hearing in good faith with the hopes of resolving all outstanding disputes." *See* Exhibit A to the Second Affidavit of Louis Dworsky, DOC. #28.[4] Wilson made it clear with his email and mediation brief that the August 14, 2023 Hearing was a mediation, not an arbitration. Any attempt to indicate to the contrary is a blatant misrepresentation.[5] The December 20, 2023 Declaration of Wilson only serves to confirm that the

---

[3] Pursuant to California Evidence Code § 1120(b)(3), California Evidence Code sections 1115 et seq. do not limit the admissibility of disclosure of the mere fact that a mediator has served, is serving, will serve, or was contacted about serving as a mediator in a dispute.

[4] For the Court's reference, Plaintiffs hereby incorporate the Second Affidavit of Louis Dworsky, which is being submitted contemporaneous to this motion. Pursuant to California Evidence Code § 1120, California Evidence Code sections 1115 et seq. do not limit the admissibility of the unredacted portions of the mediation brief.

[5] It is well within the Court's discretion to determine whether the actions of Wilson arise to the level of bad faith justifying an award of sanctions and/or if a hearing should be scheduled to make such a finding. "A district court may impose sanctions: (1) under its inherent powers, when no other basis for sanctions exist and a party engaged in particularly egregious, bad faith conduct; or (2) under Federal Rule of Civil Procedure 11, when a party's pleading or other filing conduct is objectively unreasonable." *Sultaana v. Jerman*, No. 1:15-cv-382, 2020 U.S. Dist. LEXIS 272619, at *5 (N.D. Ohio Jan. 28, 2020) (internal cites omitted).

Wheeler Declaration and both Wilson Declarations should be stricken as requested by Plaintiffs to the extent said declarations seek to have the Court consider confidential and inadmissible statements from a mediation.

>    **B. The case law cited by Defendants confirms the opposite of Defendants' contentions. A mediator's reports, assessments, evaluations, recommendations, or findings remain confidential and inadmissible unless all parties to the mediation expressly consent to admissibility.**

Defendants further misstate the law set forth in *Radford v. Shehorn*, 187 Cal. App. 4th 852, 114 Cal. Rptr. 3d 499 (2010) and *Wimsatt v. Superior Ct.*, Cal. App. 4th 137, 61 Cal Rptr. 3d 200, (2007) when incorrectly claiming that a mediation order becomes admissible if the parties to the mediation agree to have the mediator issue some clarification without agreeing to admissibility. *See* Defendants' Memorandum in Opposition to Plaintiff's Motion to Strike, Doc # 29, PageID # 321-322, citing *Radford*, at p. 853 and *Wimsatt* at p.151. Rather, the cases cited by Defendants hold that even if a mediator steps away from their role as a scribe and offers a report or findings regarding a settlement, the report or findings remain inadmissible unless the parties expressly agree to admissibility. "The mediation confidentiality statutes prohibit a mediator from testifying to anything about the agreement, including the number of pages it contains. The trial court erred in admitting [the Mediator's] declaration into evidence…"[6] *Radford* at p.857. The Court in *Wimsatt* further determined:

> …[M]ediators are expressly prohibited from testifying in civil proceedings about mediations over which they presided, except as to conduct that would give rise to civil or criminal contempt, constitute a crime, be the subject of investigation by the State Bar or Commission on Judicial performance, or give rise to disqualification proceedings. (*Evid. Code, § 703.5*.) [5]

---

[6] The *Radford* Court determined that the trial court's admission of the Mediator's declaration was harmless error due to other evidence establishing that the settlement agreement consisted of two pages. *Id*. at p. 857.

[5] *Evidence Code section 703.5* reads: "No person presiding at any judicial or quasi-judicial proceeding, and no arbitrator or mediator, shall be competent to testify, in any subsequent civil proceeding, as to any statement, conduct, decision, or ruling, occurring at or in conjunction with the prior proceeding, except as to a statement or conduct that could (a) give rise to civil or criminal contempt, (b) constitute a crime, (c) be the subject of investigation by the State Bar or Commission on Judicial Performance, or (d) give rise to disqualification proceedings under paragraph (1) or (6) of subdivision (a) of Section 170.1 of the

> *Evidence Code section 1121* also places restrictions on the use of a mediator's reports, assessments, evaluations, recommendations, or findings by the mediator. These items may not be submitted to a court or other adjudicative body absent consent of the parties to the mediation, or unless disclosure is mandated by court rules or other laws. [6]
>
> Even after mediation ends, communications and writings protected by the statutes are to remain confidential. (*Evid. Code, § 1126*; cf. *id., § 1128* [reference to mediation in subsequent trial is grounds for new trial].) [7] *Wimsatt* at pp. 151-152.

Both the facts (i.e. Wilson's email and Mediation Brief, not his false affidavit) and the law cited by Defendants confirm that Defendants are attempting to improperly introduce inadmissible and confidential information from a mediation, which should be struck from the record.

### C. A plain reading of the arbitration provision not only confirms that Defendants are not a party to the arbitration provision in the Settlement Agreement, but also that the claims brought by Plaintiffs in the Ohio litigation do not fall within the scope of the arbitration provision.

Based upon the plain and unambiguous language of the arbitration provision in the March 21, 2023 Settlement Agreement, the Defendants are not a party to the arbitration provision nor are the claims brought by Plaintiffs in the Ohio litigation subject to the arbitration provision. Defendants' interpretation of the scope of the arbitration provision is contrary to state and federal law, and otherwise relies upon inadmissible confidential mediation communications.

---

Code of Civil Procedure. However, this section does not apply to a mediator with regard to any mediation under Chapter 11 (commencing with Section 3160) **[\*\*\*21]** of Part 2 of Division 8 of the Family Code."

[6] *Evidence Code section 1121* reads: "Neither a mediator nor anyone else may submit to a court or other adjudicative body, and a court or other adjudicative body may not consider, any report, assessment, evaluation, recommendation, or finding of any kind by the mediator concerning a mediation conducted by the mediator, other than a report that is mandated by court rule or other law and that states only whether an agreement was reached, unless all parties to the mediation expressly agree otherwise in writing, or orally in accordance with Section 1118."

[7] *Evidence Code section 1126* reads: **[\*\*\*22]** "Anything said, any admission made, or any writing that is inadmissible, protected from disclosure, and confidential under this chapter before a mediation ends, shall remain inadmissible, protected from disclosure, and confidential to the same extent after the mediation ends."

Defendants incorrectly assert that both Cooper and CCCI are parties to the Agreement and are covered by the arbitration provision by relying on inadmissible, non-binding, and irrelevant evidence.[7]

The Federal Arbitration Act "requires courts to enforce arbitration agreements according to their terms," *Lamps Plus, Inc. v. Varela*, 139 S.Ct. 1407, 1415, 203 L.Ed.2d 636 (2019), courts will generally "apply general state-law principles of contract interpretation to the interpretation of an arbitration agreement," *Samaan v. Gen. Dynamics Land Sys.*, 835 F.3d 593, 601 (6th Cir.2016) (internal quotations omitted). The state-law principles "instruct courts to 'enforce contract language in accordance with its plain and commonly used meaning, being careful to enforce specific and well-recognized terms.' But '[a] contract should be read as a whole instrument and with the goal of enforcing the intent of the parties.'" *Id.*, quoting *Whitehouse Condo. Grp., LLC v. Cincinnati Ins. Co.*, 569 F. App'x 413, 416 (6th Cir. 2014).

Further, the Federal Arbitration Act "makes arbitration a matter of consent, not coercion, meaning that a party must have voluntarily accepted arbitration before the opposing side can compel it." *Atricure, Inc. v. Meng*, 12 F.4th 516, 523 (6th Cir.2021) (internal quotations omitted). That means parties may "generally shape [arbitration] agreements to their liking by specifying with whom they will arbitrate, the issues subject to arbitration, the rules by which they will arbitrate, and the arbitrators who will resolve their disputes. Whatever they settle on, the task for courts and arbitrators at bottom remains the same: to give effect to the intent of the parties." *Lamps Plus, Inc.*, at 1416 (internal quotations omitted).

The Agreement contains the following arbitration provision:

> 5. Governing Law and Dispute Resolution. This Agreement shall be construed in accordance with, and be deemed governed by, the laws of the State of California.

---

[7] For the Court's reference, Plaintiffs hereby incorporate the Affidavit of Louis Dworsky, which is being submitted contemporaneous to this memorandum.

> **In the event of any dispute between them**, including related to a breach of this Agreement, or the October 2022 Settlement, **the Parties agree** that they will submit such dispute to the exclusive jurisdiction of Judge Frederick Link (Ret.) for resolution, with venue in San Diego, California, without prejudice to the right to seek preliminary injunctive relief in court as may be necessary and appropriate. If for any reason Judge Link is not able to serve as the arbitrator, the Parties agree to appoint an arbitrator using Judicate West, and hereby waive any right to a jury trial. In any action arising out of or related to this Agreement, or to otherwise enforce any provision in this Agreement, the prevailing party shall be entitled to its reasonable attorney's fees and costs.

(*See* Settlement Agreement ¶ 8, attached as Exhibit B to the Affidavit of Louis Dworsky DOC. #23-1). The Agreement defines "Parties" to mean Wheeler, Zermatt, and WFASD. Neither Cooper nor CCCI are considered "Parties" under the Agreement. The arbitration provision is expressly limited to "any dispute between" Wheeler, Zermatt, and WFASD. The arbitration provision does not extend to or apply to any claims between Zermatt and/or WFASD, and Cooper and or CCCI. Additionally, Plaintiffs never agreed, nor did they ever enter into an agreement to arbitrate claims between Plaintiffs and Defendants with either Defendant. (Affidavit of Louis Dworsky, DOC. #23-1, PageID # 208). Defendants cannot add language, reinterpret the plain language, or blue pencil the arbitration provision to extend coverage to themselves or coerce an arbitration provision between Plaintiffs and Defendants which simply does not exist.

### I.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Plaintiffs respectfully request that page 5 and thereafter of the Defendants Motion to Stay Pending Arbitration (DOC #22, PAGEID #171-179), and paragraphs 5, 6 and 7 of the Declaration of Peter Wheeler (the "Wheeler Declaration," ¶¶ 5-7, DOC #22-1, PAGEID #181-182) be struck from the record.

Respectfully submitted,

/s/ Peter A. Saba
Peter A. Saba (0055535)
Jeffrey M. Nye (0082247)
Joshua M. Smith (0092360)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2701
(513) 533-2711 (fax)
pas@sspfirm.com
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 27, 2023, the undersigned filed the foregoing using the Court's CM/ECF system, which will send notice of such filing to all parties of record.

/s/ Peter A. Saba
Peter A. Saba (0055535)