UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ZERMATT HOLDINGS, LLC, ET AL.,** | ) | CASE NO. 3:23-cv-01423-JJH |
| | ) | |
| | ) | JUDGE JEFFREY J. HELMICK |
| **Plaintiffs,** | ) | |
| | ) | OPPOSITION TO PLAINTIFFS' MOTION |
| v. | ) | TO STRIKE PORTIONS OF DEFENDANTS' |
| | ) | REPLY BRIEF IN SUPPORT OF MOTION |
| **COOPER, ET AL.,** | ) | TO STAY PENDING ARBITRATION |
| | ) | |
| **Defendants.** | ) | |

## I. INTRODUCTION.

Defendant Martin Christopher ("Chris") Cooper ("Cooper") and Chris Cooper & Company, Inc. ("CCCI") (collectively "Defendants") oppose the second motion to strike (*Dkt*. 27) filed by Plaintiffs Zermatt Holdings, LLC ("Zermatt") and WFA of SAN DIEGO, LLC ("WFASD") (collectively "Plaintiffs") (Defendants and Plaintiffs collectively, "Parties"). Plaintiffs filed this second motion to strike on a similar basis as their prior motion to strike (*Dkt*. #24), and Plaintiffs' second motion to strike is equally unwarranted.

This case has experienced a host of motion practice over the course of the last month, all of which shares a common thread: the mandatory arbitration of the Parties' ongoing disputes. And despite the Parties' conspicuous disagreement about whether arbitration is mandatory, an order exists that succinctly clears up the Parties' disagreement. Yet, Plaintiffs repudiate this valid, binding, and highly relevant order from the very arbitrator that they selected and ignore the evidence in Defendants' first opposition to the first motion to strike (*Dkt*. #29), insisting—once again—that this order was from a mediation and thus inadmissible. Plaintiffs are, in a word, wrong. The Parties' hand-picked arbitrator issued this order and Plaintiffs' mentioning of

1

sanctions is both procedurally improper[1] and baseless. Plaintiffs' voluminous motion practice, on top of repeated amended complaints, is the antithesis of Plaintiffs' contractual release of Defendants and of Plaintiffs' agreement to resolve disputes, such as this, through arbitration.

At the heart this action—and more relevantly, both Plaintiffs' first and second motions to strike—is a November 3, 2023 Order (the "Order") from Judge Frederick Link (Ret.), which has now been briefed three times over. *See Dkts.* 22 (Mot. to Stay and Compel Arbitration), 25 (Reply Br. in Support of Mot. to Stay and Compel Arbitration), and 29 (Br. in Opp. to Pls.' First Motion to Strike). The Order is from an arbitration, bears an arbitration number, and came from a hearing that involved discovery and case management scheduling—none of which relates to mediation. The Order also makes clear that Defendants are third party beneficiaries to the Settlement Agreement and its arbitration provision, and thus this litigation should be stayed pending resolution of the dispute in arbitration in California. The Order is not a confidential mediation statement, contrary to Plaintiffs' assertions, and even if it were, it would still be admissible.

Defendants have attempted to expeditiously redirect this action to arbitration—the *appropriate* forum. But Plaintiffs have time-and-time again obfuscated the issues and interfered with the just, expedient, and cost effective resolution their agreement to arbitrate was intended to bring.

For these reasons, as are more thoroughly discussed herein, the Court should deny Plaintiffs' second motion to strike and grant Defendants' motion to stay pending arbitration as required by the Federal Arbitration Act (FAA).

---

[1] Plaintiffs failed to engage in any conversations regarding sanctions prior to now, invoking Fed. R. Civ. P. 11 in passing.

## II. FACTUAL SUMMARY.

Defendants incorporate the factual summary made in their Opposition to Plaintiffs' First Motion to Strike. *Dkt*. 29. Much of the same factual background exists for each of the motions and Defendants' briefs in opposition. Key to the parties dispute is Plaintiffs' incorrect insistence that an August 14, 2023 hearing was a mediation and not an arbitration. As set forth in Defendants' first brief in opposition to Plaintiffs' motion to strike (*Dkt.* 29), two prior mediations previously occurred with Plaintiffs and Mr. Peter Wheeler ("Wheeler")—the first on October 21, 2022, and the second on March 21, 2023. These mediations resulted in settlements but each required future disputes to be submitted to *arbitration* in San Diego with Judge Link to oversee. *Dkt*. 29-1 (Declaration of Derek Wilson in Opposition to Motion to Strike, ¶¶3-4, Exhibit 1 (Section 12) and Exhibit 2 (Section 8) thereto).[2]

Following the first settlement, disputes arose between Wheeler and Plaintiffs, which led to the second mediation and a second settlement agreement on March 21, 2023 (the "Agreement"). The Agreement included Defendants as releasees (*Dkt*. 29-1 at ¶4), as well as the arbitration provision at issue (which requires arbitration of this dispute as explained in Defendants' motion to stay). After this Agreement, additional disputes arose between Wheeler, Plaintiffs, and Defendants, of which Judge Link was made aware on July 14, 2023. Judicate West opened a new arbitration claim with a new arbitration case number. *Dkt*. 29-1 at ¶5. At that time, Defendants' California counsel incorrectly believed the parties would again mediate their disputes but Judge Link dispelled that notion at the August 14, 2023 hearing. With all parties' participation, Judge Link proceeded as an arbitrator at this hearing by: (i) overseeing additional discovery

---

[2] Each settlement agreement states: "In the event of any dispute between them…the Parties agree that they will submit such dispute to the exclusive jurisdiction of Judge Frederick Link (Ret.) for resolution, with venue in San Diego, California…If for any reason Judge Link is not able to serve as the arbitrator, the Parties agree to appoint an arbitrator using Judicate West, and hereby waive any right to a jury trial."

3

between the parties; (ii) conducting a Case Management Conference; and (iii) issuing the Order—a version of the very Order that Plaintiffs, in fact, requested and now wish to ignore. *Dkt*. 29-1 at ¶¶6-8, 10-12. Mediators do not supervise discovery, conduct Case Management Conferences, or issue orders on matters which have been assigned under an arbitration case number—these actions are the roles of an arbitrator.

### III. LEGAL STANDARD.

The legal standard remains as it was briefed in Defendants' opposition to Plaintiffs' first motion to strike and is incorporated by reference. *Dkt*. 29. The FAA manifests "a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) See 9 U.S.C. §§ 1-16; *see also Shearson/Am. Exp., Inc. v. McMahon, 482 U.S. 220, 226* (1987); *Stachurski v. DirecTV, Inc.*, 642 F. Supp. 2d 758, 764 (N.D. Ohio 2009). Moreover, this Court has repeatedly recognized that motions brought pursuant to the FAA enable Courts to consider *extrinsic* evidence. *See Jean v. Stanley Works*, 2006 U.S. Dist. LEXIS 64872, *7 (N.D. Ohio, Aug. 28, 2006); *see also Beavers v. UHG, LLC*, 2020 U.S. Dist. LEXIS 186894, *3-4 (N.D. Ohio, Oct. 8, 2020). Thus, even if "extrinsic," the Order is highly relevant regarding the scope of the arbitration agreement to which Plaintiffs signed and agreed, and should not be stricken. And, because Defendants moved to stay this action pending arbitration pursuant to the FAA (*Dkt*. 22), the Court may look at all documents submitted by the Parties. *See Jean v. Stanley*, 2006 U.S. Dist. LEXIS 64872 at *7; *see also Beavers v. UHG, LLC*, 2020 U.S. Dist. LEXIS 186894, at *3-4.

4

### a. THE ORDER WAS ISSUED BY PLAINTIFFS' SELECTED ARBITRATOR.

Defendants' arguments regarding the Order's status as an order issued by an arbitrator remains the same as it was briefed in Defendants' opposition to Plaintiffs' first motion to strike, and is hereby incorporated by reference. *Dkt*. 29.

To address the different or additional arguments made by Plaintiffs in their second motion to strike, it is important to highlight that California law provides substantial deference to the arbitrator's own assessment of his or her authority to resolve an issue. *Advanced Micro Devices, Inc. v. Intel Corp*. 9 Cal. 4th 362, 371–72, 885 P.2d 994, 999-1001 (1994). The Parties sought an order from Judge Link specifically to clarify the application of the March 21, 2023 Agreement and its arbitration provision, in order to move forward on issues between Plaintiffs, Defendants, and Wheeler. As set forth in Defendants' Brief in Opposition to Plaintiffs' first Motion to Strike (*Dkt.* 29), counsel for both parties submitted proposed orders for Judge Link to consider as to the applicability of the Settlement Agreement and its arbitration provisions after an August 14, 2023 arbitration hearing, at which the parties also discussed discovery and case scheduling issues. *Dkt.* 29 at 4. After considering the Parties' respective submissions, Judge Link issued the Order in his capacity as the arbitrator, properly addressing arbitrable issues pending before him pursuant to California law. *Id.* at 4-5. Accordingly, Plaintiffs' argument that the proceedings before Judge Link were *exclusively* mediation proceedings is wrong.

### b. EVEN IF THE ORDER IS CONSIDERED JUST A "COMMUNICATION" MADE BY A MEDIATOR, IT REMAINS ADMISSIBLE.

In the event that the Order is somehow deemed a mediation communication and not an arbitrator's order, Defendants previously briefed its continued admissibility in Defendants' opposition to Plaintiffs' first motion to strike, which is incorporated by reference. *Dkt*. 29.

5

To highlight the new arguments made by Plaintiffs in their second motion to strike, it is important to note that, even under California's mediation confidentiality statutes, exceptions to confidentiality exist when the mediating parties ask for such a determination from a mediator—a point Plaintiffs fail to address in each of their filings. The Parties, including Plaintiffs, asked Judge Link to issue an *order* clarifying their rights and obligations under the Settlement Agreement, which includes its arbitration provision. As a result, Plaintiffs' solicitation of the Order establishes its admissibility under California law pursuant to *Cal. Evid. Code* § 1121 ("Neither a mediator nor anyone else may submit to a court…, and a court …may not consider, any…finding of any kind by the mediator concerning a mediation conducted by the mediator, other than a report that is mandated by court rule or other law and that states only whether an agreement was reached, *unless all parties to the mediation expressly agree otherwise…*") (*emphasis added*). Counsel for the Parties—each having proposed a version of the March 21, 2023 Order to Judge Link—expressly invited Judge Link's Order (a "finding" as defined in the statute) to be used in the future to bind the parties. That was, in a nutshell, the entire point of asking Judge Link to rule on the issue by way of an "order."

The admissibility of the Order is consistent with the Ohio Revised Code, which permits the admissibility of statements in a mediation that do not disclose offers or terms. Disclosure of the Order cannot be viewed as an unethical or improper disclosure of "confidential mediation" statements because there is nothing in the statement which exposes either party's position or offer. *See Dkt.* 29, n. 7 ("Ohio Rev. Code Ch. 2710.06 … *only* prohibits disclosure of a "report, assessment, evaluation, recommendation, finding, or other communication regarding a mediation" to a court "that may make a ruling on the dispute that is the *subject of* the mediation."). Such is not the case here.

6

The settlement Agreement also only partially integrates all previous documents "except as otherwise set forth herein." *See Dkt.* 23-1 at 3. Thus, the partial integration of the Settlement Agreement and its arbitration provision at issue here must permit for the consideration of extrinsic evidence in order to properly determine whether Cooper and CCCI may invoke the mandatory arbitration provisions therein. *See Sroka Advance Vehicles, Inc. v. Material Handling, Inc.*, 2011 U.S. Dist. LEXIS 80588, *9 (N.D. Ohio, Jul. 25, 2011) (*See* RESTATEMENT (SECOND) OF CONTRACTS § 209 comment c (1981) (in determining whether an agreement is partially- or fully-integrated, a court may consider admissible extrinsic evidence); *Monroe Excavating, Inc. v. DJD&C Dev., Inc.*, No. 10 MA 12, 2011 WL 2552720, *4 (Ohio Ct. App. June 17, 2011); *Healthmart USA, LLC v. Directory Assistants, Inc.*, No. M2010-00880-COA-R3-CV, 2011 Tenn. App. LEXIS 166, 2011 WL 1314662, *2 (Tenn. Ct. App. April 6, 2011)).

Because counsel for Plaintiffs, Defendants, and Wheeler solicited the Order clarifying the settlement from Judge Link, the Order is admissible, and Plaintiffs' motion to strike should be denied even if considered a communication from a mediator and not an order from an arbitrator.

### IV. SANCTIONS ARE INAPPROPRIATE.

In their second motion to strike, Plaintiffs allude to the Court's discretion to "determine whether the actions of Wilson [in submitting declarations that reference the Order] arise to the level of bad faith justifying an award of sanctions…." *Dkt.* 27 at 5. Any notion that Plaintiffs may be making in regards to sanctions against Defendants is misplaced.

In truth, Plaintiffs' assertion that Defendants' counsel made "a blatant misrepresentation" is unfair and erroneous. *Id.* at 4. The overwhelming evidence of record establishes that the ongoing proceedings were an arbitration, which resulted in an Order. But rather than

7

acknowledging this, Plaintiffs focus on a contextual misassumption, in an email from Defendants' counsel, regarding a brief submitted in advance of the arbitration hearing. *Id.* Judge Link's actions, as well as his staff's actions, clarified to all counsel that the August 2023 hearing was to be an arbitration hearing and not a mediation. *See Exhibit* 1, hereto ("January 3, 2024 Declaration of Derek Wilson), ¶3. Judge Link specifically told counsel for the parties that if he were going to be requested to issue discovery orders and clarifying orders, the matter would be better suited for his presiding as an arbitrator and not a mediator. *Id*. Judge Link's role as an arbitrator is further evidenced by Judge Link's ongoing oversight of discovery issues, case management, and his issuing the Order, which materialized because *each* party requested such a binding resolution.

The Order specifically addresses the application of the settlement Agreement's arbitration provision to ongoing disputes between Plaintiffs, Defendants, and Wheeler. *Id.*, ¶4. Defendants' counsel in the pending California arbitration has declared the truth of these facts under oath, and Plaintiffs' passing references to sanctions serve only to distract from the ample evidence the Order was issued by the arbitrator each party selected to oversee disputes. *Id.*, ¶¶ 3-4; *see also Dkt*. 29-1 at ¶¶6-8, 10-12.

The question of sanctions is a red herring, intended to distract from the straight-forward issue before the Court, *i.e.*, that this action *must* be compelled to arbitration. In hopes of clarifying that issue, Defendants submitted the Order, a relevant document that demonstrates exactly *why* this case should be stayed and compelled to arbitration. And the Court's consideration of the Order is in no way inappropriate. Indeed, this Court's consideration of external evidence such as the Order is permissible pursuant to the FAA. *Jean v. Stanley Works*, 2006 U.S. Dist. LEXIS 64872, *7 (N.D. Ohio, Aug. 28, 2006); *Anderson v. Delta Funding Corp*., 316 F. Supp.2d 554, 558 (N.D. Ohio 2004) *citing State Auto Fin. Acquisition Corp. v. State Auto. Mut. Ins. Co*., 289

F. Supp. 2d 906, 2003 WL 22502355, at *2 (S.D.Ohio 2003). Plaintiffs' suggestion that consideration of the Order—Judge Link's pointed directive to the Parties regarding the scope and application of the settlement Agreement, which Plaintiffs' themselves requested—is somehow sanctionable is an unjust accusation, and an additional affront to the speedy and inexpensive arbitration of disputes to which Plaintiffs' agreed.

### V. CONCLUSION.

For the reasons stated herein, Defendants request the Court deny Plaintiffs' second motion to strike and consider the Order when ruling on Defendants' Motion to Stay.

DATED: January 3, 2024                    Respectfully submitted,

*/s/ Philip R. Bautista*
Philip R. Bautista (0073272)
pbautista@taftlaw.com
Daniel H. Bryan (0095309)
dbryan@taftlaw.com
Charles D. Pfister (0097790)
cpfister@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
Telephone: (216) 241-2838
Facsimile: (216) 241-3707

*Attorneys for Defendants Martin Christopher Cooper and Chris Cooper & Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2024, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

*/s/ Philip R. Bautista*
*Attorney for Defendants*
*Martin Christopher Cooper and*
*Chris Cooper & Company, Inc.*