IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ZERMATT HOLDINGS, LLC, et al.,** | : Case No. **3:23-cv-01423-JJH** |
| Plaintiffs, | : |
| | : Judge Jeffrey J. Helmick |
| v. | : |
| | : |
| **MARTIN CHRISTOPHER COOPER, et al.,** | : **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE PORTIONS OF DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY PENDING ARBITRATION AND DECLARATION OF PETER WHEELER** |
| Defendants. | |

Defendants continue to employ inappropriate tactics in an attempt to mislead this Court into considering inadmissible evidence to interpret the unambiguous arbitration provision in the March 23, 2023 Settlement Agreement. Defendants have repeatedly provided false declarations, misrepresentations, and misstatements of law in an attempt to twist the facts so that this Court will improperly consider evidence from confidential mediation communications.

Accordingly, Plaintiffs respectfully request that this Court strike: (1) Paragraphs 4, 7-11 of the Wilson Declaration, and the July 10, 2023 email from Derek Wilson attached as part of Exhibit 1, as well as Exhibits 3-6 of the Wilson Declaration (Doc # 25-1, PageID # 239-241, 248, 251-275); and (2) the following portions of Defendants' Reply Brief: (i) the first full paragraph on page 3 through the first three lines on page 4 (Do # 25, PageID # 228-229); (ii) the entirety of Section II(B) (Doc # 25, PageID # 230-231); and (iii) the entirety of Section III (Doc # 25, PageID # 231-234), for the reasons stated below.

I.    **LAW AND ARGUMENT**

    a.  **Defendants triple down on the inadmissible Declaration of Peter Wheeler with three unethical Declarations from attorney, Derek Wilson. Wilson continues**

1

**to attempt to mislead this Court that the August 14, 2023 hearing was an arbitration, when all parties knew and understood it to be a mediation.**

For the third time, Defendants are again resorting to improper tactics in an attempt to mislead this Court into considering clearly inadmissible extrinsic evidence when interpreting the unambiguous arbitration provision in the March 23, 2023 Settlement Agreement (the "Settlement Agreement"). This time, Defendants have extended their misrepresentations with a third Declaration of Derek Wilson (the "Wilson Declaration") which contains patently false statements about the nature of the August 14, 2023 mediation hearing. Specifically, the Wilson Declaration states that there was a purported meeting between Judge Link, Wilson, and Matthew Holder, the California counsel for Plaintiffs, in which the parties all agreed that the August 14, 2023 hearing was an arbitration, not a mediation, and that Judge Link was to proceed in his role as an arbitrator, not a mediator. *See* Wilson Declaration, ¶ 3, Doc. # 32-1, PageID # 392-393. Wilson's claim is patently false. This conversation never occurred. Judge Link's role at the August 14, 2023 hearing was as a mediator. The entire hearing was conducted as mediation, with the parties in separate rooms and Judge Link going back and forth having private conversations with each party. *See* Declaration of Matthew Holder[1] ("Holder"), ¶¶ 4. Further, Plaintiffs' California counsel never agreed orally (nor in writing as required by California law) – that the August 14, 2023 mediation hearing was to be converted to an arbitration. *See* Declaration of Holder, ¶¶ 3-5; Affidavit of Louis Dworsky ("Dworsky"), ¶ 9, Doc. # 23-1, PageID # 208; Second Affidavit of Dworsky, ¶ 4, Doc. # 28, PageID # 310; *See also Lindsay v. Lewandowski*, 139 Cal. App. 4th 1618, 1629, 43 Cal. Rprt. 3d 846 (2006) (Sills, P.J., concurring) ("[O]nly a *clearly* written agreement *signed by the parties* can set forth a process whereby an unsuccessful settlement conference (or mediation) morphs into

---

[1] For the Court's reference, Plaintiffs hereby incorporate the Declaration of Matthew Holder, which is being submitted contemporaneous to this memorandum.

2

a de facto arbitration. The key to approval of such agreement is clarity of language and informed consent.")(emphasis in the original). The proceedings in California with Judge Link remained a mediation, and Defendants' attempt to manufacture a conversation out of whole cloth is further confirmation that Defendants are resorting to unethical conduct to impose a stay of proceedings which should not be granted.

Further, at the end of Defendants' Opposition to Plaintiffs' Motion to Strike Portions of Defendants' Reply Brief, Defendants argue that Plaintiffs' mere mention of Defendants' sanctionable behavior is somehow "an additional affront to the speedy and inexpensive arbitration of disputes to which Plaintiffs' agreed." Doc. # 32, PageID # 389. However, this argument is both irrelevant and absurd, because at no time have Plaintiffs ever consented to, or entered into, any agreement to arbitrate with Defendants. *See* Declaration of Holder, ¶ 5; Affidavit of Dworsky, ¶ 5, Doc. # 23-1, PageID # 208.

Notwithstanding that Defendants' *post hoc* filed arbitration does not include the same parties, does not include the same claims, and the arbitration is currently subject to a motion to dismiss for being improper and baseless. *See* Declaration of Holder, ¶ 6.

Therefore, all parties considered the August 14, 2023 hearing to be a mediation and proceeded accordingly. *See* Declaration of Holder, ¶ 4. Any attempt to describe it as an arbitration is a blatant misrepresentation. The January 3, 2024 Wilson Declaration only further serves to confirm the Defendants' continued attempts to mislead this Court, and that any all such references to the inadmissible, confidential mediation communications in the above designated portions of Defendants' Reply Brief must be stricken from the record.

> **b. Defendants again miscite and misapply California law, which actually requires this Court to view the arbitration provision and all *admissible* evidence in a light most favorable to Plaintiffs, confirming that no valid arbitration agreement exists between Plaintiffs and Defendants.**

Again, Defendants continue to incorrectly argue that Judge Link's Order is admissible despite the fact that it is a mediation communication. In fact, Defendants continue to completely misunderstand California Evidence Code § 1121's exception to confidentiality of a mediator's report, assessment, evaluation, recommendation, or finding of any kind. *See* Cal. Evid. Code § 1121. Defendants want this Court to believe that the fact that the August 14, 2023 mediation parties requested Judge Link to prepare an order somehow translates into an express agreement by all parties that the mediator's order would be admissible in future court proceedings. Not only is this argument contrary to the language of Cal. Evid. Code § 1121[2], but no such agreement ever occurred – in writing or orally. Further, Defendants' discussion on the applicability of Ohio law is wholly irrelevant. *See* Doc. # 32, PageID # 386. It is undisputed that California law applies, and under California law, Judge Link's Order constitutes inadmissible, confidential mediation material.

The case law cited by Defendants further supports Plaintiffs' motions. Defendants cite *Anderson v. Delta Funding Corp.* for the proposition that courts may exercise "wide discretion to look beyond the complaint at pleadings and documents submitted by either party" when reviewing a motion to compel arbitration. 316 F. Supp.2d 554, 558 (N.D. Ohio 2004). However, contrary to Defendants' implication, the case law **<u>does not</u>** stand for the proposition that courts may consider **<u>inadmissible</u>** evidence. Further, the court in *Anderson* held that when considering a motion to compel arbitration, the "Court should…consider facts in the light most favorable to the Plaintiff when determining whether a valid and enforceable arbitration exists." *Id.* Thus, the Court may

---

[2] Cal. Evid. Code § 1121 reads: "Neither a mediator nor anyone else may submit to a court or other adjudicative body, and a court or other adjudicative body may not consider, any report, assessment, evaluation, recommendation, or finding of any kind by the mediator concerning a mediation conducted by the mediator, other than a report that is mandated by court rule or other law and that states only whether an agreement was reached, unless all parties to the mediation expressly agree otherwise in writing, or orally in accordance with Section 1118."

4

consider all **admissible** external evidence in considering Defendants' Motion to Stay and Compel Arbitration, while viewing all facts in the light most favorable to Plaintiffs. Viewing the arbitration provision and any admissible external evidence in a light most favorable to Plaintiffs further confirms that no valid arbitration agreement exists between Plaintiffs and Defendants.

Therefore, notwithstanding Defendants' baseless and irrelevant argument that Judge Link's Order is admissible because they feel it is "highly relevant," both the facts of this case (*i.e.*, Wilson's email and redacted Mediation Brief referring to the August 14, 2023 hearing as a mediation and the lack of express agreement between the mediation parties as to admissibility) confirm that Defendants continue to introduce inadmissible and confidential mediation information, all of which must be struck from the record. *See* Doc. # 32, PageID # 384; *See also* Exhibit C to Affidavit of Dworsky, Doc. # 23-1, PageID # 217; Exhibit A to Second Affidavit of Dworsky, Doc. 28-1, PageID # 312-313; Declaration of Holder, ¶ 5; Affidavit of Dworsky, ¶ 5, Doc. # 23-1, PageID # 208.

## II.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court strike the following: (1) Paragraphs 4, 7-11 of the Wilson Declaration, and the July 10, 2023 email from Derek Wilson attached as part of Exhibit 1, as well as Exhibits 3-6 of the Wilson Declaration (Doc # 25-1, PageID # 239-241, 248, 251-275); and (2) the following portions of Defendants' Reply Brief: (i) the first full paragraph on page 3 through the first three lines on page 4 (Do # 25, PageID # 228-229); (ii) the entirety of Section II(B) (Doc # 25, PageID # 230-231); and (iii) the entirety of Section III (Doc # 25, PageID # 231-234).

    Respectfully submitted,

    /s/ Peter A. Saba
    Peter A. Saba (0055535)

Jeffrey M. Nye (0082247)  
Joshua M. Smith (0092360)  
STAGNARO, SABA  
& PATTERSON CO., L.P.A.  
2623 Erie Avenue  
Cincinnati, Ohio 45208  
(513) 533-2701  
(513) 533-2711 (fax)  
pas@sspfirm.com  
**Attorneys for Plaintiffs**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 10, 2024, the undersigned filed the foregoing using the Court's CM/ECF system, which will send notice of such filing to all parties of record.

/s/ Peter A. Saba  
Peter A. Saba (0055535)

6