# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **ZERMATT HOLDINGS, LLC, ET AL.,** ) ) ) **Plaintiffs,** ) ) **v.** ) ) **COOPER, ET AL.,** ) ) **Defendants.** ) | CASE NO. 3:23-cv-01423-JJH<br><br>JUDGE JEFFREY J. HELMICK<br><br>**DEFENDANTS' MOTION TO SUPPLEMENT RECORD ON PENDING MOTIONS** |

Defendant Martin Christopher ("Chris") Cooper ("Cooper") and Chris Cooper & Company, Inc. ("CCCI") (collectively "Defendants") respectfully move to supplement the evidentiary record on the three motions presently pending before this Court. In particular, Defendants seek to apprise the Court that the parties' arbitrator, Judge Link, on January 5, 2024, issued a declaration confirming that his prior order—holding that Plaintiffs were required to arbitrate their disputes with Defendants—was issued in an arbitration, not in a mediation as Plaintiffs have wrongly contended here. A copy of Judge Link's clarifying declaration is attached as Exhibit B-3 to the Declaration of Derek Wilson, which itself is attached as Exhibit 1 hereto.

Presently pending before this Court are (i) Defendants' motion to stay pending arbitration (ECF No. 22); Plaintiffs' first motion to strike (ECF No. 24); and Plaintiffs' second motion to strike (ECF No. 27). Defendants' motion to stay pending arbitration argues that the resolution of the parties' dispute is required to be resolved in arbitration, as set forth in an Agreement between Plaintiffs and non-party Wheeler, to which Defendants are intended beneficiaries. Defendants further argue that the arbitrator named in the Agreement, Judge Link, during an arbitration and following briefing by Plaintiffs, issued the November 3, 2023 order (ECF No. 26-6, the "Order")

1

holding that Plaintiffs were required, under the Agreement, to arbitrate disputes such as this one against Defendants. In pertinent part, the Order states:

> 4. The Agreement includes a dispute resolution provision that requires any dispute (defined as any dispute, including those related to a breach of the agreement but not limited to such) to be resolved by arbitration in the exclusive jurisdiction of Judge Frederick Link (Ret.) at Judicate West in San Diego (the "Venue" and "Arbitration" provisions).
>
> 5. Cooper and CCCI are intended third-party beneficiaries to the Agreement.
>
> 6. Cooper and CCCI benefit from the Arbitration and Venue provisions of the Agreement.

Plaintiffs' dubious response—in their opposition to the motion to stay pending arbitration and in their motions to strike—is that Judge Link's *Order* was not issued in arbitration, but was instead an "inadmissible, privileged, and confidential mediation communication." (*E.g.*, ECF No. 24 at PageID 221.)

On January 5, 2024, Judge Link issued his declaration clarifying that, as to his prior Order, "I made this decision as an arbitrator as set out in the agreement." (Wilson Dec. Ex. B-3.) This clarifying declaration is consistent with an email from Judge Link to the parties' counsel—*including Plaintiffs' counsel of record in this litigation*—confirming that Judge Link was acting as an arbitrator when he issued the Order. (Wilson Dec. Ex. A.[1])

Plaintiffs had this email and clarifying order prior to filing their Reply in Support of their Second Motion to Strike (ECF No. 33), yet inexplicably did not disclose it to the Court.

---

[1] Judge Link's declaration mistakenly refers to his prior November 3, 2024 Order as having been issued in "October 2023." There can be no doubt, however, that Judge Link was clarifying his November 3, 2023 Order that was requested by counsel for the parties, not only given the plain context of the declaration, but also because his administrator enclosed the November 3, 2023 Order when serving the parties with the January 5, 2024 clarifying declaration. That email and its two attachments are provided, respectively, as Exhibits B-1, B-2, and B-3 to the Wilson Declaration.

2

As alluded to in the clarifying declaration, Plaintiffs requested that an arbitrator other than Judge Link should preside over subsequent arbitration. Plaintiffs' request was granted and the arbitration was transferred to Judge William McCurine (Ret.), who was also served with a copy of the Order and clarifying declaration. (Wilson Dec. ¶ 5; Ex. B-1.). On March 1, 2024, Judge McCurine held a Case Management Conference with Plaintiffs and Defendants, and issued an order stating, *inter alia*, that Judge Link's November 3, 2023 Order "remains in full force and effect." Again, this email was delivered to all counsel of record, including Plaintiffs' counsel. (Wilson Dec. ¶6; Ex. C.) It is not only abundantly clear to the Defendants in this action that the proceedings previously before Judge Link that led to the Order were a part of a formal arbitration, but it also appears abundantly clear to Judge McCurine.

The Court should permit this supplemental evidence to be filed. *E.g.*, *Bormuth v. Cnty. of Jackson*, No. 2:13-cv-13726, 2015 WL 13661713, at *2 (E.D. Mich. July 22, 2015) (granting motion to supplement where new information was "pertinent" to the claim); *Lee v. Captran SC, LLC*, No. 1:10-cv-293, 2011 WL 882756, at *2 (E.D. Tenn. Mar. 11, 2011) (permitting supplemental evidence in support of motion to compel arbitration). And, because it is now clear beyond any doubt that Judge Link issued his Order as an arbitrator, Plaintiffs' motions to strike should be denied, and Defendants' motion to stay pending arbitration should be granted.

DATED: March 11, 2024	Respectfully submitted,

*/s/ Philip R. Bautista*
Philip R. Bautista (0073272)
pbautista@taftlaw.com
Daniel H. Bryan (0095309)
dbryan@taftlaw.com
Charles D. Pfister (0097790)
cpfister@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
Telephone: (216) 241-2838
Facsimile: (216) 241-3707

*Attorneys for Defendants Martin Christopher Cooper and Chris Cooper & Company, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on March 11, 2024, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

                                                         */s/ Philip R. Bautista*
                                                         *Attorney for Defendants*
                                                         *Martin Christopher Cooper and*
                                                         *Chris Cooper & Company, Inc.*