# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| ZERMATT HOLDINGS, LLC, et al., | : | Case No. **3:23-cv-01423-JJH** |
| Plaintiffs, | : | Judge Jeffrey J. Helmick |
| v. | : | |
| MARTIN CHRISTOPHER ("CHRIS") COOPER, et al., | : | **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO SUPPLEMENT RECORD ON PENDING MOTIONS** |
| Defendants. | | |

Despite Defendants' attempt to caption their March 11, 2024 filing as a "Motion to Supplement Record on Pending Motions," the filing is clearly an improper sur-reply to the pending, fully briefed motions before this Court. In addition to the untimeliness of Defendants' brief, Defendants have failed to show good cause for filing a sur-reply brief. Therefore, Plaintiffs' respectfully request that the motion be denied.

A party seeking to file a sur-reply brief must show good cause for such brief, such as "the need to address an issue that was raised for the first time in a reply brief." *See Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*, N.D. Ohio No. 3:16-cv-1106, 2020 U.S. Dist. LEXIS 181466, at *3 (Sep. 30, 2020); *See also Block Communs., Inc. v. Moorgate Capital Partners, LLC*, N.D. Ohio No. 3:18-cv-1315, 2022 U.S. Dist. LEXIS 101809, at *3 (June 7, 2022)("A court may grant leave to file a sur-reply brief if the party seeking to file the sur-reply brief has shown there is good cause to support that additional filing, such as the need to address an issue that was raised for the first time in a reply brief."); *Mustin v. Wainwright*, N.D. Ohio No. 3:21-cv-321, 2023 U.S. Dist. LEXIS 127276, at * (July 24, 2023)(the filing of sur-reply briefs "may be allowed in the appropriate circumstances, especially when new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated."); *Pandora*

1

*Distrib., LLC v. Ottawa OH, LLC*, N.D. Ohio No. 3:12-cv-2858, 2021 U.S. Dist. LEXIS 12817, at *2-3 (Jan. 25, 2021)(holding that a party who fails to identify new evidence or arguments in the reply briefs for which it has not had an opportunity to respond "does not provide good cause to file a sur-reply brief in the absence of new evidence or arguments.").

Here, Defendants' "sur-reply" motion, does not provide good cause to allow them to file the brief. Plaintiffs did not raise any new issues in their most recent reply briefs nor do Defendants allege as much. In fact, Defendants explicitly state that Plaintiffs did not raise any argument or introduce any evidence regarding Judge Link's January 5, 2024 Order in Plaintiffs' Reply in Support for its Second Motion to Strike. *See* Defendants' Motion to Supplement, at 2. Thus, it is Defendants who are attempting to interject a new issue after the pending motions have been fully briefed. Moreover, by referring to their filing as a motion to supplement (rather than as what it is – a sur-reply), Defendants are attempting to impermissibly introduce into the record Judge Link's January 5, 2021 email and subsequent order, which are a by-product of an improper *ex parte* communication/ collaboration between Derek Wilson and Judge Link, via which Derek Wilson unilaterally requested that Judge Link provide the email and order without the knowledge or prior notification of the Zermatt parties. Accordingly, Judge Link has subsequently been removed from the *post hoc* filed California arbitration, which arbitration is also currently subject to a motion to dismiss.

Additionally, Defendants' incorrect contention that the additional information and evidence contained in its March 11, 2024 motion make it "clear beyond any doubt" how the pending motions should be decided does not establish good cause justifying the filing of a sur-reply. *See White v. Honda of Am. Mfg., Inc.*, 191 F. Supp.2d 933, 944 (S.D. Ohio 2002)(holding

2

that a party does not establish good cause for filing a sur-reply simply by offering new arguments which "will be helpful" in resolving the motion at issue).

Notwithstanding there were no new arguments in the prior reply briefs justifying a sur-reply, Defendants' "sur-reply" motion request, must also be denied due to Defendants' unexplained delay of over two months in filing. Although neither the Federal Rules of Civil Procedure nor the Northern District of Ohio's local rules set forth a specific time limitation for the filing of sur-replies, the Sixth Circuit has held that district courts need only accord the party with "an adequate opportunity to respond to the new evidence presented with [the moving party's] reply briefs." *Seay v. TVA*, 339 F.3d 454, 481 (6th Cir. 2003); *See also Key v. Shelby Cty.*, 551 F. App'x 262, 265 (6th Cir. 2014). *Seay* only requires courts to provide an "adequate opportunity to respond," not an indefinite opportunity. Considering the amount of time that passed between Plaintiffs January 11, 2024 filing of its last reply brief and Defendants March 11, 2024 filing, Defendants motion should also be denied as untimely.

In light of the foregoing, Plaintiffs respectfully request that this Court deny Defendants' motion to supplement record as an improper sur-reply brief.

                                                Respectfully submitted,

                                                /s/ Peter A. Saba
Peter A. Saba (0055535)
Jeffrey M. Nye (0082247)
Joshua M. Smith (0092360)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2701
(513) 533-2711 (fax)
pas@sspfirm.com
**Attorneys for Plaintiffs**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 25, 2024, the undersigned filed the foregoing using the Court's CM/ECF system, which will send notice of such filing to all parties of record.

/s/ Peter A. Saba
Peter A. Saba (0055535)
