# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ZERMATT HOLDINGS, LLC, ET AL., | ) CASE NO. 3:23-cv-01423-JJH |
| | ) |
| | ) JUDGE JEFFREY J. HELMICK |
| Plaintiffs, | ) |
| | ) DEFENDANTS' REPLY MEMORANDUM IN |
| v. | ) SUPPORT OF THEIR MOTION TO |
| | ) SUPPLEMENT RECORD ON PENDING |
| COOPER, ET AL., | ) MOTIONS |
| | ) |
| Defendants. | ) |

Defendants Martin Christopher Cooper's ("Cooper") and Chris Cooper & Company, Inc.'s ("CCCI") (Cooper and CCCI collectively, "Defendants") Motion to Supplement the Record ("Defendants' Motion to Supplement") (*Dkt.* 35) is not a sur-reply brief. Contrary to Plaintiff Zermatt Holdings, LLC et al.'s (collectively, "Plaintiffs") assertion in their Brief in Opposition to Defendants' Motion to Supplement (*Dkt.* 36), Defendants are not attempting "to have the last word on a matter," as can sometimes be the case with an erroneously-filed sur-reply brief. *Rose v. Liberty Life Assurance Co. of Boston*, No. 3:15-cv-28-dJH-CHL, 2015 WL 10002923, at *1 (W.D. Ky. Oct. 19, 2015) (internal quotation omitted). Rather, Defendants' Motion to Supplement provides the Court with *new* information relevant to Defendants' Motion to Stay Pending Arbitration (*Dkt.* 22), a widely-permitted practice by district courts of the United States Court of Appeals for the Sixth Circuit, including in connection with motions to stay pending arbitration. See, *e.g.*, *Spikener v. Olive Garden Holdings,* LLC, No. 5:18-188-DCR, 2018 WL 3318876, at *9 (E.D. Ky. July 5, 2018) (granting motion to supplement the record with evidence that "tends to shed some light" on relevant facts concerning whether to compel arbitration); *see also, Bormuth v. Cnty. of Jackson*, No. 2:13-cv-13726, 2015 WL 13661713, at *2 (E.D. Mich. July 22, 2015)

1

(granting motion to supplement where new information was pertinent to the claim); *Lee v. Captran SC, LLC*, No. 1:10-cv-293, 2011 WL 882756, at *2 (E.D. Tenn. Mar. 11, 2011) (permitting supplemental evidence in support of motion to compel arbitration).

As previously described in Defendants' various filings (*e.g.*, Motion to Stay Pending Arbitration (*Dkt.* 22); Opposition to Plaintiffs' Motion to Strike (*Dkts.* 29, 32); Motion to Supplement (*Dkt.* 35)), Plaintiffs' claims in this lawsuit should be arbitrated, which Judge Link's *arbitration* Orders make clear. *See Dkt.* 29 at 4-5; *Dkt.* 29-6; *Dkt.* 29-10. As also described in the Orders of Judge Link (*Dkt.* 35-2; *Dkt.* 35-5) and, now, as made further clear from the newly-submitted Order of Judge McCurine (*Dkt.* 35-6), the Parties are currently engaging in an arbitration, in which they can litigate Plaintiffs' claim in this lawsuit. Plaintiffs' assertions that these Orders somehow came from a mediation, are confidential, and cannot be considered by this Court are simply incorrect. *Dkt.* 36 at 2. In fact, Plaintiffs do not even respond to the fact that Judge McCurine's Order is from an arbitration, let alone address the substance of the Order—because they cannot, in all likelihood. *See generally, id.*

Instead, Plaintiffs attempt to prevent this Court from considering Judge McCurine's Order, arguing that it is somehow untimely. *Id.* at 3. Plaintiffs' assertion is wrong. First, Defendants' Motion to Supplement was filed on March 11, 2024, just ten days after Judge McCurine issued his arbitration Order on March 1, 2024. *Dkt.* 35-6. In any event, Plaintiffs still have had a full and fair opportunity to respond to Defendants' Motion to Supplement, which they did through their Brief in Opposition. *Dkt.* 36. Plaintiffs sustained no prejudice or harm over the course of the ten days between the issuance of Judge McCurine's Order and the filing of Defendants' Motion to Supplement—other than the fact that the Court's consideration of Judge

McCurine's Order further refutes Plaintiffs' assertion that Defendants' Motion to Stay should be denied.

## CONCLUSION

Defendants' Motion to Supplement and Judge McCurine's Order leaves no doubt that Judge Link's Orders are from an arbitration, not a mediation. The Court can consider these Orders and Judge Link has made clear that Plaintiffs' claims in this lawsuit are subject to the Parties' binding arbitration clause. *Dkt.* 26-6. Defendant's Motion to Stay Pending Arbitration should be granted.

DATED: April 1, 2024

Respectfully submitted,

*/s/ Philip R. Bautista*
Philip R. Bautista (0073272)
pbautista@taftlaw.com
Daniel H. Bryan (0095309)
dbryan@taftlaw.com
Charles D. Pfister (0097790)
cpfister@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
Telephone: (216) 241-2838
Facsimile: (216) 241-3707

*Attorneys for Defendants Martin Christopher Cooper and Chris Cooper & Company, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on April 1, 2024, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

*/s/ Philip R. Bautista*
*Attorney for Defendants*
*Martin Christopher Cooper and*
*Chris Cooper & Company, Inc.*