UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ZERMATT HOLDINGS, LLC, ET AL.,** | ) | CASE NO. 3:23-cv-01423-JJH |
| | ) | |
| | ) | JUDGE JEFFREY J. HELMICK |
| **Plaintiffs,** | ) | |
| | ) | **DEFENDANTS' SECOND MOTION TO** |
| v. | ) | **SUPPLEMENT RECORD ON PENDING** |
| | ) | **MOTIONS** |
| **COOPER, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Defendant Martin Christopher ("Chris") Cooper ("Cooper") and Chris Cooper & Company, Inc. ("CCCI") (collectively "Defendants") respectfully move to supplement the evidentiary record on three motions presently pending before this Court: (i) Defendants' motion to stay pending arbitration (ECF No. 22); Plaintiffs' first motion to strike (ECF No. 24); and Plaintiffs' second motion to strike (ECF No. 27). In particular, Defendants seek to apprise the Court of a June 5, 2024 order (the "Order") issued by Judge McCurine, Ret., the parties' arbitrator, which supports Defendants' positions on these motions. The Order denied a motion to dismiss filed by Zermatt Holdings, LLC and WFA of San Diego, LLC (Plaintiffs in this action, Respondents in the arbitration, and collectively "Zermatt"). In denying Zermatt's motion, the arbitrator held that the parties' arbitration agreement from prior settlements allows Cooper to rightfully compel Zermatt to arbitrate, in San Diego, the claims asserted in this lawsuit. A copy of Judge McCurine's order is attached as Exhibit A to the Wilson Declaration, filed herewith.

The crux of the Order is that "The parties' use of the broad language in the two [settlement and arbitration] agreements covers the matters raised in the Ohio lawsuit. The provisions in question in the two settlement agreements were made to benefit Wheeler, Zermatt, and third party

beneficiary Cooper. Wheeler and Cooper can rightfully compel Zermatt to arbitrate in San Diego the matters that arise under the two settlement agreements. Therefore, *Wheeler and Cooper can compel arbitration* of the matters alleged in the Ohio lawsuit." (Order at 5, emphasis added.)

The Order also confirmed that Defendants were third-party beneficiaries to the settlement and arbitration agreements,[1] and held that disputes related to the parties' settlement were required to be arbitrated even if the dispute arose after March 21, 2023, rejecting Zermatt's arguments to the contrary. In pertinent part, the Order states:

- "Judge Link [the parties' prior arbitrator] has already determined (and the parties concede) that *Cooper* is a third party beneficiary to the two settlement agreements [containing the arbitration provision]." (Order at 3, emphasis added.)

- The arbitration agreement's use of "'any dispute between them' is very broad and evidences the parties' strong desire to be bound by the arbitration provisions of the two agreements. Given the parties' mutual distrust and litigious history *inter se,* such a provision is reasonable and appropriate." (Order at 4.)

- "The two subject settlement agreements look backward in time but they also look forward in time. Indeed, the term 'enforcement' envisions *future conduct, ( that is post March, 2023 conduct)* that might be subject to injunctive relief. So, if there is a breach of either agreement or rights thereunder that must be specifically enforced, they must be prosecuted in an arbitration or court in San Diego. Further, the First Agreement specifically reaches future conduct: 'Although this Agreement provides a full release as to past behavior, as defined above, the Parties expressly

---

[1] The Order specifically addresses Cooper. Further, Judge Link's prior arbitration order, which is itself referenced in Judge McCurine's Order, determined that Cooper's company, CCCI, is also an intended third-party beneficiary. (ECF No. 22-1, PageID 192.)

do not intend to waive any claims based on any future behavior of the Parties.'" (Order at 4-5, emphasis in original.)

- "The parties have agreed to arbitrate 'related to' the two settlement agreements and 'arising from' therefrom, indicating a strong desire to broadly cover disputes between them." (Order at 5.)

This supplemental evidence—just issued on June 5, 2024—should be considered on Defendants' motion to stay this case pending arbitration. *See, e.g., Bormuth v. Cnty. of Jackson*, No. 2:13-cv-13726, 2015 WL 13661713, at *2 (E.D. Mich. July 22, 2015) (granting motion to supplement where new information was "pertinent" to the claim); *Lee v. Captran SC, LLC*, No. 1:10-cv-293, 2011 WL 882756, at *2 (E.D. Tenn. Mar. 11, 2011) (permitting supplemental evidence in support of motion to compel arbitration).

Based on this additional evidence and that submitted with Defendants' prior submissions, this case should be stayed pending arbitration, pursuant to 9 U.S.C. § 3. The Supreme Court has recently confirmed that this is the proper and required course. *Smith v. Spizzirri*, 144 S.Ct. 1173, 1179 (May 16, 2024) ("When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding."). As the Supreme Court explained, Section 3 "overrides any discretion" and requires that a stay be entered if a valid agreement to arbitrate the dispute exists. *Id.* at 1177-78 ("Just as 'shall' means 'shall,' 'stay' means 'stay.'").

Based upon the foregoing, Defendants respectfully request that the Court grant this motion to supplement the record; grant their motion to stay pending arbitration (ECF No. 22); and deny Plaintiffs' motions to strike (ECF Nos. 24, 27).

DATED: June 13, 2024            Respectfully submitted,

*/s/ Philip R. Bautista*
Philip R. Bautista (0073272)
pbautista@taftlaw.com
Daniel H. Bryan (0095309)
dbryan@taftlaw.com
Charles D. Pfister (0097790)
cpfister@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
Telephone: (216) 241-2838
Facsimile: (216) 241-3707

*Attorneys for Defendants Martin Christopher Cooper and Chris Cooper & Company, Inc.*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 13, 2024, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

*/s/ Philip R. Bautista*
*Attorney for Defendants*
*Martin Christopher Cooper and*
*Chris Cooper & Company, Inc.*
