# EXHIBIT A

Hon. William McCurine, Ret.
Judicate West
402 West Broadway, Suite 2400
San Diego, CA 92101
Telephone (619) 814-1966

# JUDICATE WEST— SAN DIEGO

| | |
|---|---|
| PETER WHEELER and CHRISTOPHER COOPER<br><br>Claimants,<br>v.<br><br>WFA OF SAN DIEGO, LLC.; ZERMATT HOLDINGS, LLC; and DOES 1 through 20,<br><br>Respondents. | CASE NO.: A310089<br><br>RULING ON RESPONDENTS' MOTION TO DISMISS CLAIMANTS' CLAIM IN ARBITRATION |

Respondents have brought a motion to dismiss Claimants' most recent demand for arbitration.

## LEGAL STANDARDS

*A. Demurrer*

Respondents have demurred to Claimants' Statement of Claim ("SOC") in the current arbitration. "Neither trial nor appellate courts should be distracted from the main issue, or rather, the only issue involved in a demurrer hearing, namely, whether the complaint, as it stands, unconnected with extraneous matters, states a cause of action" *Citizens for Parental Rights v. San Mateo County Bd. of Education*, (1975) Cal.App.3d 1, 36 (citing *Griffith v. Department of Public*

1

*Works* (1956) 141 Cal.App.2d 376, 381.). "In ruling upon a general demurrer (or a motion to dismiss) the allegations of the complaint must be regarded as true. It is assumed that plaintiffs can prove all facts as alleged; defects in the complaint which do not affect the substantial rights of the parties are disregarded." *Id*. It "is well settled that a general demurrer admits the truth of all material factual allegations in the complaint…; that the question of plaintiff's ability to prove these allegations, or the possible difficulty in making such proof does not concern the reviewing court …and that plaintiff need only plead facts showing that he may be entitled to some relief ." *Alcorn v. Anbro Engineering, Inc.,* (1970) 2 Cal.3d 493, 496. The parties all acknowledge that a demurrer at this stage in an arbitration is rare.

B.  *Statement Of Claim in Arbitration*

The part agreed to arbitrate their dispute under Judicate West Commercial Arbitration Rules. Rule 5.3.1 reads as follows:

> When one party unilaterally commences arbitration ("Claimant"), that party shall serve a written Notice of Intent to Arbitrate ("NIA") on the other party(ies) ("Respondent(s)") with the following information:
>
> 1. The full names and addresses of all parties and, to the extent known, their attorneys;
>
> 2. A statement describing the general nature of the claim or dispute, including its factual basis, and a list of the full names, addresses, and brief descriptions of all known potential witnesses;
>
> 3. A demand that the dispute be arbitrated;
>
> 4. An attached copy of the arbitration agreement;
>
> 5. The relief or remedy(ies) sought; and
>
> 6. Proof of service/receipt of the NIA.

## DISCUSSION

A. *The Adequacy of the SOC*

Zermatt has challenged the adequacy of the SOC. However, there is no significant difference in the adequacy or thoroughness of the facts pleaded in the SOC and the Ohio complaint. Both pleadings adequately inform the opposing party of the charges and the remedies being sought. The SOC satisfies Judicate West Commercial Arbitration Rules. Rule 5.3.1.

B. *The Two Settlement Agreements*

Two settlement agreements are at the heart of the current dispute. Peter Wheeler, his company and Zermatt entered into the two settlement agreements: the October 2022 settlement agreement ("the First Agreement") and the March 2023 settlement agreement ("the Second Agreement"). They share a certain key provision which bear on the motion to dismiss.

Judge Link has already determined (and the parties concede) that Cooper is a third party beneficiary to the two settlement agreements. Respondent acknowledges that a third-party beneficiary like Cooper "can enforce a contract's dispute resolution provision as to claims "arising under the contract," he cannot do so as to "other claims" which do not arise under the contract."[1] Respondents correctly cite *Fuentes v. TMCSF, Inc.* (2018) 26 Cal.App.5th 541, 551. It is equally true that a "third party beneficiary may enforce a contract expressly made for his benefit. (Civ. Code, § 1559) And although the contract may not have been made to benefit him alone, he may enforce those promises directly made for him. " *Murphy v. Allstate Insurance Co* (1976) *17* Cal.3d 937, 943.

C. *The Handling of Future Disputes*

---

[1] Respondent's Motion To Dismiss, Pg. 8, ll.15-25

3

RULING ON RESPONDENTS' MOTION TO DISMISS CLAIMANTS' CLAIM IN ARBITRATION

The recitals of the First Agreement specifically cover the Asset Purchase Agreement "(APA)", Peter Wheeler and his companies, and the employment contract that Peter Wheeler entered with Zermatt. Both agreements contain nondisclosure non-competition covenants for the benefit of the Zermatt entities. The recitals in the Second Agreement are very similar but also encompass disputes between the parties that arose after the First Agreement. Paragraph 12 of the First Agreement is identical to paragraph 8 of the Second Agreement with one exception. The Second Agreement specifically includes the First Agreement.

The First Agreement and Second Agreement contain the following provision: "***In the event of any dispute*** between them, including related to a breach of this Agreement, or the October 2022 Settlement, the Parties agree that they will submit such dispute to the exclusive jurisdiction of Judge Frederick Link (Ret.) for resolution, with venue in San Diego, California, without prejudice to the right to seek preliminary injunctive relief." ¶¶12 and 8, respectively.  The Second Agreement also covers any breach of the First Agreement. Further, the Second Agreement provides: "Except where explicitly stated in this Agreement, the terms and conditions of the October 2022 Settlement remains in full force and effect and is not intended to be superseded by this Agreement." ¶6.

The phrase "***any dispute*** between them" is very broad and evidences the parties' strong desire to be bound by the arbitration provisions of the two agreements. Given the parties' mutual distrust and litigious history *inter se*, such a provision is reasonable and appropriate. The repeated phrase "arising under or related to" is intentionally broad and the courts construe the terms to be broad. The two subject settlement agreements look backward in time but they also look forward in time. Indeed, the term "enforcement" envisions *future conduct, ( that is post March, 2023 conduct)* that might be subject to injunctive relief. So, if there is a breach of either agreement or rights thereunder that must be specifically enforced, they must be prosecuted in an arbitration or court in

RULING ON RESPONDENTS' MOTION TO DISMISS CLAIMANTS' CLAIM IN ARBITRATION

San Diego. Further, the First Agreement specifically reaches future conduct: "Although this Agreement provides a full release as to past behavior, as defined above, the Parties expressly do not intend to waive any claims based on any future behavior of the Parties." ¶10. The parties have agreed to arbitrate "related to" the two settlement agreements and "arising from" therefrom, indicating a strong desire to broadly cover disputes between them. *See Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 922 (9th Cir. 2011)

On November 3, 2023, Judge Link ruled that "[t]he Agreement does not release any claims against any releasee relating to any acts or conduct engaged in by a releasee after the agreement was entered into on March 21, 2023, so long as this conduct or purported injury does not arise out of, or is not in any way connected to, the disputes settled in the Agreement." This language further comports with the broad language in the two agreements involving jurisdiction over future disputes between the parties.

The parties' use of the broad language in the two agreements covers the matters raised in the Ohio lawsuit. The provisions in question in the two settlement agreements were made to benefit Wheeler, Zermatt, and third party beneficiary Cooper.

Wheeler and Cooper can rightfully compel Zermatt to arbitrate in San Diego the matters that arise under the two settlement agreements. Therefore, Wheeler and Cooper can compel arbitration of the matters alleged in the Ohio lawsuit.

D. *First, Second, Fourth and Fifth Causes of Action*

The first, second, fourth and fifth causes of action shall proceed by way of arbitration in San Diego.

E. *Third Cause of Action (Malicious Prosecution)*

The third cause of action is dismissed without prejudice as premature.

///

///

## CONCLUSION

Nothing in this ruling should be regarded as ruling on the merits of the various causes of action.

Date:

*William McCurine, Jr.* (signature)
Hon. William McCurine, Ret.
Arbitrator

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO:

      I am employed in the County of San Diego, State of California.  I am over the age of 18 and am not a party to the within action. My business address is 402 West Broadway, Suite 2400, San Diego, CA 92101.

      On June 5, 2024 I served the following document(s), described as:

      **RULLING ON RESPONDENTS' MOTION TO DISMISS CLAIMANTS' CLAIM IN ARBITRATION**

**SEE ATTACHED MAILING LIST**

(X)  BY E-MAIL I caused the above-referenced document to be transmitted via electronic mail (e-mail) to the parties as listed on this Proof of Service

(  )  BY ELECTRONIC FILING I caused such document to be sent via electronic service by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com.

(  )  BY FASCIMILE I caused the above-referenced document to be transmitted via facsimile to the parties as listed on this Proof of Service. The document was transmitted by facsimile transmission and the transmission was reported as complete and without error.

(  )  BY PERSONAL SERVICE I personally delivered the documents to the persons at the address (es): by leaving the documents at the person (s) office, in an envelope or package clearly labeled to identify the person(s) being served, with a receptionist or an individual in charge of the office.

(  )  BY UNITED STATES PARCEL SERVICE I am readily familiar with the business' practice for collection and processing of correspondence and mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business

(X)  STATE I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

(  )  FEDERAL I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 5, 2024 at San Diego, California.

                                                              *MaryAnn Campbell*
                                                              MaryAnn Campbell
                                                              Judicate West

**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344
**www.judicatewest.com**

# Case Contact List

as of Wednesday, June 5, 2024

**JW Case #: A310089**

*Case Caption: Peter R. Wheeler, et al. vs. WFA of San Diego, LLC, et al.*

Derek J. Wilson, Esq.
Law Offices of Derek J. Wilson
2251 San Diego Ave.
Suite B-105
San Diego, CA 92110
Phone: (858) 775-9679   Fax: (858) 357-8383
Email: djw@djwlawoffice.com
Representing Peter R. Wheeler

Brandon S. Neuman, Esq.
Nelson Mullins Riley & Scarborough, LLP
4140 Parklake Avenue
Suite 200
Raleigh, NC 27612
Phone: (919) 329-3800   Fax:
Email: brandon.neuman@nelsonmullins.com
Representing Zermatt Holdings, LLC; WFA of San Diego, LLC

Matthew W. Holder, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
12275 El Camino Real
Suite 100
San Diego, CA 92130
Phone: (858) 720-8900   Fax: (858) 509-3691
Email: mholder@sheppardmullin.com
Representing Zermatt Holdings, LLC; WFA of San Diego, LLC

Peter A. Saba, Esq.
Stagnaro, Saba & Patterson
2623 Erie Avenue
Cincinnati, OH 45208
Phone: (513) 533-2700   Fax:
Email: PAS@sspfirm.com
Representing Zermatt Holdings, LLC; WFA of San Diego, LLC