IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ZERMATT HOLDINGS, LLC, et al.,** | : | Case No. **3:23-cv-01423-JJH** |
| | : | |
| Plaintiffs, | : | Judge Jeffrey J. Helmick |
| | : | |
| v. | : | |
| | : | **PLAINTIFFS' MEMORANDUM IN** |
| **MARTIN CHRISTOPHER ("CHRIS")** | : | **OPPOSITION TO DEFENDANTS'** |
| **COOPER, et al.,** | : | **SECOND MOTION TO SUPPLEMENT** |
| | : | **RECORD ON PENDING MOTIONS** |
| Defendants. | | |

Defendants' Second Motion to Supplement is merely a second sur-reply, which, as Plaintiffs have previously established, is completely improper.[1] Defendants are again seeking to improperly introduce irrelevant evidence. Specifically, Defendants are seeking to introduce the dicta, comments and findings from an arbitrator's decision regarding a motion to dismiss, derived purely from underlying pleadings without any evidentiary support or evidentiary hearing. As such, Plaintiffs respectfully request that Defendants' Second Motion to Supplement be denied.

**I.  Defendants' Motion Asks the Court to Consider Irrelevant Evidence.**

The evidence Defendants are asking the Court to consider – Judge McCurine's June 5, 2024 Ruling on Respondents' Motion to Dismiss (the "Order") – is not only irrelevant as to the pending motions, but is non-binding, holds no preclusive effect, and should be disregarded by this Court. The law is clear that federal courts are not required to give arbitration decisions any preclusive effect because arbitration is not a judicial proceeding. *Pritchard v. Dent Wizard Int'l Corp.*, 275 F. Supp. 2d 903, 914 (S.D. Ohio 2003). *See also* 28 U.S.C. § 1738 (federal courts are

---

[1] For the Court's reference, Plaintiffs hereby incorporate its arguments contained in Plaintiffs' Memorandum in Opposition to Defendants Motion to Supplement. *See* Doc # 36 PAGEID # 429-432.

1

not required to give arbitration decisions full faith and credit because arbitration is not a judicial proceeding).

This is especially true for arbitration decisions rendered where the parties have "not yet had an opportunity to litigate the matter before the arbitrator on the merits." *Pritchard*, at 914. It is well-established that "[a]rbitration does not carry with it the right to a trial by jury, arbitrators are not generally required to give the reasons for their decisions, the record of arbitral proceedings generally is not as complete as a trial record, judicial review of arbitration decisions is more limited than review of district court proceedings, the Federal Rules of Evidence and of Civil Procedure do not apply, and other rights such as testimony under oath, cross-examination, discovery, and compulsory process are restricted." *Nance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539, 549 (6th Cir. 2008).

Here, the Order is a non-binding, non-substantive, state-court arbitration ruling deciding a motion to dismiss. The decision was based upon the pleadings, and decided without any additional evidentiary hearings. Thus, the decision itself is not substantive. A fact the Order itself explicitly recognizes, stating that "[n]othing in this ruling should be regarded as ruling on the merits of the various causes of action." Thus, the form of the Order alone makes it irrelevant and there is no reason why this Court should even consider the Order, let alone permit Defendants to supplement the record with it.

Although Defendants attempt to correlate dicta from the Order with the arguments made by Defendants in the fully briefed motions, the non-binding, non-substantive nature of the Order make it completely irrelevant to the motions currently pending before this Court. Additionally, the issues and arguments that Defendants seek to supplement are fully briefed and it is unnecessary for the Court to consider this irrelevant additional evidence.

## II. Defendants' Motion Lacks Legal Support.

By labeling the pleading as Defendants' Second Motion to Supplement, Defendants attempt to obscure the fact that the submission is either an impermissible second sur-reply or an equally improper supplement to their first sur-reply. In either case, the ruse of the label "supplemental" does not change the indisputable conclusion that Defendants pleading is an improper sur-reply. As the Court is well aware, sur-replies are highly disfavored. *See Abraitis v. United States*, No. 1:11-cv-2077, 2012 U.S. Dist. LEXIS 97350, at *3, 110 A.F.T.R.2d (RIA) 2012-5240 (N.D. Ohio July 13, 2012); *Smith v. Celanese Int'l Corp.*, No. 3:23-cv-1573, 2024 U.S. Dist. LEXIS 58813, at *19 (N.D. Ohio Mar. 31, 2024). Defendants make no citation justifying the filing of a sur-reply. Instead, Defendants cite only to a pair of non-binding, factually incongruent cases to support their argument for supplementation. *See* Defendants' Second Motion to Supplement, Doc # 38 PAGEID # 439 (citing to *Bormuth v. Cnty. of Jackson*, No. 2:13-cv-13726, 2015 WL 13661713 (E.D. Mich. July 22, 2015)[2] and *Lee v. Captran SC, LLC*, E.D.Tenn. No. 1:10-CV-293, 2011 U.S. Dist. LEXIS 24944 (Mar. 11, 2011)). Neither case supports Defendants' request to supplement nor provides the Court with legitimate grounds to grant Defendants' motion.

## III. Conclusion.

Based upon the foregoing, Plaintiffs respectfully request that this Court deny Defendants' Second Motion to Supplement Record on Pending Motions.

Respectfully submitted,

/s/ Peter A. Saba
Peter A. Saba (0055535)
Jeffrey M. Nye (0082247)
Joshua M. Smith (0092360)

---

[2] Defendants cite to this case, asserting in the parenthetical that the Court granted a "motion to supplement where new information was "pertinent" to the claim." *See* Doc # 38 PAGEID # 439. However, there is nothing in this case that has anything to do with granting a motion to supplement.

3

STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2701
(513) 533-2711 (fax)
pas@sspfirm.com
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 25, 2024, the undersigned filed the foregoing using the Court's CM/ECF system, which will send notice of such filing to all parties of record.

/s/ Peter A. Saba
Peter A. Saba (0055535)

4