# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ZERMATT HOLDINGS, LLC, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> COOPER, ET AL., <br><br> Defendants. | CASE NO. 3:23-cv-01423-JJH <br><br> JUDGE JEFFREY J. HELMICK <br><br> DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR SECOND MOTION TO SUPPLEMENT RECORD ON PENDING MOTIONS |

As set forth in Martin Christopher Cooper's ("Cooper") and Chris Cooper & Company, Inc.'s ("CCCI") (Cooper and CCCI collectively, "Defendants") second motion to supplement the record:

- Plaintiffs are actively participating in the arbitration that is required under the parties' arbitration agreements;

- Plaintiffs moved the arbitrator to find that this Ohio litigation was not covered by the arbitration agreements; and

- The arbitrator squarely rejected Plaintiffs' motion, finding that the matters at issue in this Ohio lawsuit are subject to binding arbitration.

Further, the arbitrator again recognized that Judge Link's prior order (which also determined that arbitration was required) was valid and issued in arbitration (as opposed to mediation which Plaintiffs have wrongly contended in prior briefing).

Plaintiffs did not inform this Court that they are participating in arbitration and have lost their challenge to the arbitrability of the issues in this Ohio litigation. Had Plaintiffs won their recent motion (instead of losing), undoubtedly they would have presented the arbitration order to this Court: instead, Plaintiffs argue that the arbitration decision resolving *their motion* is somehow

non-binding and that Plaintiffs should get a second bite at this apple in litigation in this Court. That is not just, nor in accordance with the parties' arbitration agreement, and Plaintiffs' argument should be rejected.

Initially, Plaintiffs' res judicata cases miss the mark. Defendants here are only asking for a stay pending arbitration as required under the parties' agreement, pursuant to FAA Section 3, not a final judgment against Plaintiffs. In any event, Plaintiffs' primary citation to *Pritchard* recognizes that, even if an arbitration order is not res judicata under 28 U.S.C. 1738, "where the parties have had full opportunity to be heard in arbitration, federal courts may give arbitration judgments preclusive effect *as a matter of public policy*." *Pritchard v. Dent Wizard Int'l Corp.*, 275 F. Supp. 2d 903, 914 (S.D. Ohio 2003) (emphasis added). Plaintiffs are actively engaged in arbitration and have the full opportunity to be heard there.

Plaintiffs' citation to *Pritchard* is also inapposite because it is tethered to *McDonald v. City of W. Branch, Mich.*, 466 U.S. 284, 289 (1984), which concerned whether an arbitration award in a *collective-bargaining agreement arbitration* should be preclusive against subsequent federal litigation of statutory claims, holding it was not under 28 U.S.C. 1738, or as a matter of public policy *under those circumstances*. Indeed, the Supreme Court has subsequently required that even federal statutory claims should be arbitrated if they are agreed to outside of the collective-bargaining context. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 35 (1991) (distinguishing *Alexander v. Gardner–Denver Co.*, 415 U.S. 36 (1974) and its progeny, including *McDonald*). As the Supreme Court explained:

> An important concern therefore [in *McDonald*, etc.] was the tension between collective representation and individual statutory rights, a concern not applicable to the present case. Finally, those cases were not decided under the FAA, which, as discussed above, reflects a "*liberal federal policy favoring arbitration agreements*."

*Id.* at 35 (emphasis added).

2

Defendants' opening brief established that a motion to supplement should be granted when it presents new evidence "pertinent" to the issues being decided. (*E.g.*, ECF No. 38, at PageID 439, citing, *e.g.*, *Bormuth v. Cnty. of Jackson*, No. 2:13-CV-13726, 2015 WL 13661713, at *2 (E.D. Mich. July 22, 2015).)  Bizarrely, Plaintiffs' opposition argues that "there is nothing in [*Bormuth*] that has anything to do with granting a motion to supplement."  (ECF No. 452, PageID 454 n.2.)  That argument is as wrong as Plaintiffs' position on arbitration.  The *Bormuth* court concluded, in the final line of its analysis, that "Because the Commissioners' conduct during the Board meetings is *pertinent* to the matter of coercion, the Court GRANTS Plaintiff's motion to supplement", and thus plaintiff was permitted to supplement the record with his affidavit. 2015 WL 13661713, at *2 (emphasis added).

In conclusion, Defendants respectfully request that their second motion to supplement be granted and that this litigation should be stayed pending an adjudication in arbitration, as required by the parties' agreement and 28 U.S.C. § 3.

Respectfully submitted,

*/s/ Philip R. Bautista*
Philip R. Bautista (0073272)
pbautista@taftlaw.com
Daniel H. Bryan (0095309)
dbryan@taftlaw.com
Charles D. Pfister (0097790)
cpfister@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
Telephone: (216) 241-2838
Facsimile: (216) 241-3707

*Attorneys for Defendants Martin Christopher Cooper and Chris Cooper & Company, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on July 2, 2024, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

          */s/ Philip R. Bautista*
          *Attorney for Defendants*
          *Martin Christopher Cooper and*
          *Chris Cooper & Company, Inc.*